ADMITTED IN:
NEW YORK
CONNECTICUT

CAMERON
STRACHER
MEDIA AND ENTERTAINMENT LAW

51 ASTOR PLACE
NEW YORK, NY 10003

(646) 992-3850
CAM@STRACHERLAW.COM

WWW.STRACHERLAW.COM

May 19, 2022

**By ECF and Fed Ex**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

    Re:    ***The Satanic Temple, Inc. v. Newsweek Magazine LLC et. al. (1:22-cv-01343)***

Dear Judge Vyskocil:

    Defendants Newsweek Magazine LLC ("Newsweek") and Julia Duin (collectively, "Defendants") respectfully request a pre-motion conference in connection with their proposed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (for both Defendants) and Rule 12(b)(2) (for Ms. Duin). The parties have met and conferred, and Plaintiff does not consent to the relief sought by Defendants' motions.

## Background

    This case arises out of an article written by Ms. Duin and published by Newsweek on its website, www.newsweek.com, titled "Orgies, Harassment, Fraud: Satanic Temple Rocked by Accusations, Lawsuit" (the "Article"). *See* Compl. Ex. 1. The Article focuses on an ongoing lawsuit in the United States District Court for the Western District of Washington brought by The Satanic Temple ("TST") against several former TST members (the "Washington Lawsuit").[1] The Article also outlines other recent legal disputes involving TST, reports on complaints other former members have made about TST practices, and includes responses from Lucien Greaves, TST's co-founder, and Matthew Kezhaya, TST's general counsel.

    Ms. Duin is an independent contractor who writes for Newsweek. She resides in Washington State and does not own property in New York, or travel to New York in connection with her work. She did not rely on any New York sources in writing the Article, and the Article makes no references to any events in New York. Plaintiff TST is Massachusetts religious corporation headquartered in Salem, Massachusetts. Compl. ¶ 6.

---

[1] As the Article reports, TST sued the former Washington members for defamation and other claims arising from the alleged "hijacking" of TST webpages. *See United Federation of Churches v. Johnson*, 522 F.Supp.3d 842 (W.D. Wash. 2021), *recons. denied*, 2022 WL 1093025 (W.D. Wa. 2022). The district court dismissed TST's complaint, and held that its defamation claim was barred by the doctrine of ecclesiastical abstention. *See* 522 F. Supp. 3d at 855-56.

Plaintiff brings this lawsuit for defamation against Defendants based on allegedly defamatory statements in the Article. Newsweek now seeks to file a motion to dismiss Plaintiff's Complaint for failure to state a claim. Ms. Duin seeks to move to dismiss Plaintiff's Complaint for lack of personal jurisdiction or, in the alternative, to join Newsweek's motion to dismiss.

## Argument

As this Court is aware, defamation requires a provably false statement of fact about the plaintiff, published with the requisite degree of fault, that causes damage to plaintiff's reputation. *Chau v. Lewis*, 771 F.3d 118, 126–27 (2d Cir. 2014). On a motion to dismiss, a court must determine whether the statements at issue are reasonably susceptible to the defamatory meaning plaintiff alleges. *BYD Company Ltd. v. VICE Media LLC*, 531 F.Supp.3d 810, 818 (S.D.N.Y. 2021). Here, Plaintiff fails to state a claim for defamation because the statements in the Article cannot reasonably be construed as it alleges, are not defamatory, are protected by the fair report privilege, and/or were not made with knowledge of falsity or reckless disregard for the truth.[2]

Plaintiff claims, for example, that the Article "falsely charges TST with financial corruption." Compl. § 1.1. The Article, however, says no such thing. Instead, it reports that "[i]n 2018, TST sued Twitter for temporarily suspending the account of co-founder Lucien Greaves." *Id.* ¶ 23. Plaintiff's strained interpretation of the actual statements in the Article fail to "'make a rigorous showing that the language of the communication as a whole can be reasonably read both to both to impart a defamatory inference and to suggest that the author intended or endorsed that inference,'" as required to state a defamation by implication claim. *Kesner v. Dow Jones & Co.*, 515 F.Supp.3d 149, 170 (S.D.N.Y. 2021) (quoting *Stepanov v. Dow Jones & Co.*, 120 A.D.2d 28, 37-38 (4th Dep't 2014)). Moreover, even if false, there is nothing defamatory in reporting that TST sued Twitter for suspending Mr. Greaves's account. *See Yohe v. Nugent*, 321 F.3d 35, 41 (1st Cir. 2003) (even if false, statements that do not hold plaintiff "up to contempt, hatred, scorn, or ridicule, or tend to impair his standing in the community" are not defamatory).[3]

In addition, the Article's reporting on TST's legal action against Twitter and other legal proceedings involving TST is protected by the fair report privilege. *See* N.Y. Civ. Rights Law § 74. Under the privilege "'minor inaccuracies' do not render an otherwise substantially true article defamatory." *Zappin v. NYP Holdings Inc.*, 769 F. App'x 5, 9 (2d Cir. 2019). Here, Plaintiff contends, for example, that it did not "sue" Twitter but, rather "invited an administrative mediation process through the Massachusetts Commission Against Discrimination." Compl. ¶ 24. This is the type of technical parsing of words that the fair report privilege precludes. *See Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.*, 49 N.Y.2d 63, 68 (N.Y. 1979). Elsewhere, Plaintiff claims that the Article falsely reports that the Washington Lawsuit was dismissed because the court found "other claims made by TST were 'implausible.'" Compl. ¶ 59. In fact, the court dismissed Plaintiff's claims in the Washington Lawsuit because Plaintiff failed to "'state a claim to

---

[2] Because of page limitations, this letter only addresses several of the numerous statements Plaintiff claims are actionable. Nevertheless, the arguments raised herein apply to all the allegedly actionable statements.

[3] The Article's headline is also not defamatory because it accurately summarizes the content of the Article. *See Test Masters Educational Services, Inc. v. NYP Holdings, Inc.*, 603 F.Supp.2d 584, 589 (S.D.N.Y. 2009) ("An article's headline need only be a 'fair index' of the 'substantially accurate' material included in the article.").

relief that is plausible on its face.'" *Johnson*, 522 F.Supp.3d at 847 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007)). Again, Defendant's reporting is substantially accurate and protected by the fair report privilege.

Finally, the Complaint fails to plausibly plead that the allegedly defamatory statements in the Article were published with "actual malice" as required by the First Amendment. *See Contemporary Mission, Inc. v. New York Times Co.*, 842 F.2d 612, 620–21 (2d Cir. 1988) (individual members of Church who sought media attention and had been involved in several other lawsuits were public figures required to establish that defendants published defamatory statements with knowledge of falsity or reckless disregard for falsity). TST's allegations that Defendants should have "checked the facts" and conducted further research before publishing the Article, *see, e.g.,* Compl. ¶ 101, fails to satisfy Plaintiff's burden of pleading actual malice. *See McDougal v. Fox News Network, LLC*, 489 F. Supp. 3d 174, 185 (S.D.N.Y. 2020) ("Actual malice is a high bar. A plaintiff cannot, for example, allege merely that the speaker was negligent in failing to uncover falsity or that [she] should have investigated [the] claims further before speaking.").[4]

As for Ms. Duin, Plaintiff's claims against her should be dismissed for the independent reason that this Court lacks jurisdiction over her. Plaintiff has not pleaded, nor could it establish general jurisdiction because Ms. Duin is a resident of Washington, not New York. *See Reich v. Lopez*, 38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017) (citation omitted) ("It is well established in [the Second] Circuit that for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.").

The Court also lacks specific jurisdiction over Ms. Duin because Plaintiff has not satisfied the requirements of the applicable New York long-arm statute, C.P.L.R. § 302(a)(1). Plaintiff has not alleged, and cannot demonstrate, that Ms. Duin (i) "transacted business within the state," and (ii) its cause of action arises from that transaction of business. *See Johnson v. Ward*, 4 N.Y.3d 516, 519 (N.Y. 2005). First, Newsweek's presence within New York does not equate to "transact[ing] business within the state" by Ms. Duin—an independent contractor who does not travel to New York as part of her work. *See Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 (1984) ("[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs [her] . . . . Each defendant's contacts with the forum State must be assessed individually."). Second, the "allegedly defamatory statements [in the Article]. . . [do not] refer to the jurisdiction-conferring transaction." *Trachtenberg v. Failedmessiah.com*, 43 F.Supp.3d 198, 204 (E.D.N.Y. 2014) (citing *Talbot v. Johnson Newspaper Corp*, 71 NY2d 827 (N.Y. 1988)).

---

[4] Even if Plaintiff were a private figure, which it is not, these allegations fail to satisfy its burden of pleading under New York law that Defendants acted in a "grossly irresponsible manner." *See Isaly v. Boston Globe Media Partners LLC*, 2020 WL 5659430, at *5–8 (S.D.N.Y., 2020) (granting motion to dismiss defamation claim where private figure plaintiff failed to plead that defendant acted in a grossly irresponsible manner).

Defendants look forward to addressing these issues at a pre-motion conference before your Honor.

Respectfully,

Cameron Stracher

cc:  Matthew A. Kezhaya, Esq. (by email)
     Matthew Sheppe, Esq. (by ECF and email)