UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
THE SATANIC TEMPLE, INC.,

                      Plaintiff,

v.

NEWSWEEK MAGAZINE LLC and
JULIA DUIN

                      Defendants.
------------------------------------------------------------------------ x

Case No. 1:22-cv-01343-MKV

**MEMORANDUM OF LAW IN SUPPORT**
**OF JULIA DUIN'S MOTION TO DISMISS**

Cameron Stracher
Sara C. Tesoriero
CAMERON STRACHER, PLLC
51 Astor Place, 9th Floor
New York, NY 10003
Tel: 646.992.3850
Fax: 646.992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for Julia Duin*

Defendant Julia Duin ("Defendant" or "Duin") respectfully submits this memorandum of law in support of her motion to dismiss plaintiff's complaint against her pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1]

## BACKGROUND

Plaintiff The Satanic Temple, Inc. ("Plaintiff" or "TST") is an "atheistic religious corporation" headquartered in Massachusetts with chapters throughout the United States. *See* Compl. ¶¶ 6, 43, 89, 90 (noting TST chapters in Washington, West-Florida, and Arizona); *see also United Federation of Churches, LLC v. Johnson*, 522 F.Supp.3d 842, 845 (W.D. Wash. 2021), *recons. denied*, 2022 WL 1093025 (W.D. Wash. Apr. 12, 2022).

Defendant Newsweek Magazine LLC ("Newsweek") (together with Duin, "Defendants") is a New York limited liability company that publishes the online news magazine *Newsweek* through its website at www.newsweek.com (the "Website"). Compl. ¶ 7. *Newsweek* is an online publication of general circulation available to readers nationwide. *Id.*

Defendant Julia Duin is a journalist who writes for Newsweek as an independent contractor. Compl. ¶ 8; Declaration of J. Duin, dated July 14, 2022, filed contemporaneously herewith ("Duin Decl."), ¶ 3. Duin is not a Newsweek employee. Duin Decl. ¶ 4. Duin does not own property in New York, does not have a bank account in New York, and does not pay New York taxes. *Id.* at ¶ 9. She has not been to New York since on or about 2011. *Id.* at ¶ 10.

---

[1] Duin has also joined Defendant Newsweek Magazine LLC's motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defendants' Motion to Dismiss, filed contemporaneously herewith. The Court should determine whether it has jurisdiction over Duin, however, before ruling on the merits of the claims against her. *See Mones v. Com. Bank of Kuwait, S.A.K.*, 204 F. App'x 988, 989 (2d Cir. 2006). However, if the Court finds that it has jurisdiction over Duin, it should dismiss Plaintiff's Complaint for the reasons set forth in Defendants' Motion to Dismiss.

In 2020, TST filed a lawsuit against several former members of its Washington Chapter in the United States District Court for the Western District of Washington (the "Washington Lawsuit"). *See Johnson*, 522 F.Supp.3d at 845–47; Compl. ¶ 19. TST sued the defendants in *Johnson* for defamation, violation of the Computer Fraud and Abuse Act, violation of the Anti-Cybersquatting Consumer Protection Act, and other claims arising from the alleged "hijacking" of TST webpages. *Johnson*, 522 F. Supp. 3d at 850; *see also* Compl. ¶ 19. Specifically, TST claimed that the *Johnson* defendants defamed TST by making public social media posts that "falsely ascribed extremist ideologies and affiliations to [TST]," including false affiliations with the "alt-right." *Johnson*, 522 F. Supp. 3d at 855 (internal quotations omitted). The *Johnson* defendants moved to dismiss TST's complaint for failure to state a claim and the district court granted the motion. *Id.* at 856.

On October 29, 2021 Newsweek published an article on the Website written by Duin titled "Orgies, Harassment, Fraud: Satanic Temple Rocked by Accusations, Lawsuit" (the "Article"). Compl. Ex. 1. The Article focuses on the Washington Lawsuit and summarizes the parties' arguments and the court's order dismissing the original complaint. *Id.* The Article also outlines other recent legal disputes involving TST, reports on complaints other former members have made about TST practices, and includes responses from Lucien Greaves, TST's co-founder, and Matthew Kezhaya, TST's general counsel. *Id.* The Article contains no references to New York, or to any activity conducted by TST in New York. *Id.* Duin did not travel to New York in connection with the Article, did not interview any sources for the Article that, to her knowledge, resided in New York, and played no role in when or where the Article would be published. Duin Decl. ¶¶ 6–8.

2

TST brought the instant lawsuit against Defendants for one count of libel based on six defamatory summations TST divines from the Article. Duin now files this Motion to Dismiss Plaintiff's Complaint.

## ARGUMENT

### I.
### THE PERSONAL JURISDICTION STANDARD

Plaintiff bears the burden of establishing personal jurisdiction. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir.), *certified question accepted*, 15 N.Y.3d 744, 933 N.E.2d 205 (2010), *and certified question answered*, 16 N.Y.3d 295, 946 N.E.2d 159 (2011). In determining whether to exercise personal jurisdiction over a defendant, the court is not bound to accept as true plaintiff's legal conclusions couched as factual allegations. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998). In addition, in resolving a motion to dismiss for lack of personal jurisdiction, "the district court may consider materials outside the pleadings, including affidavits and other written materials." *Jonas v. Est. of Leven*, 116 F.Supp.3d 314, 323 (S.D.N.Y. 2015) (citation omitted).

A federal court may exercise personal jurisdiction over a non-resident defendant to the extent permitted by state law subject to due process limitations. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). Under New York law, a plaintiff must show "either that the defendant was 'present' and 'doing business' in New York within the meaning of CPLR § 301, general jurisdiction, or that the defendant committed acts within the scope of New York's long-arm statute, CPLR § 302, specific jurisdiction." *Reich v. Lopez*, 38 F.Supp.3d 436, 454 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017) (quoting *Schultz v. Safra Nat. Bank of New York*, 377 Fed.Appx. 101, 102 (2d Cir.2010)). Due process requires that a defendant have certain "minimum contacts" with the forum state and "that the maintenance of the suit does not

3

offend "traditional notions of fair play and substantial justice." *Chaiken v. VV Pub. Corp.*, 119 F.3d 1018, 1027 (2d Cir. 1997) (internal quotations omitted); *see also Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) ("[A] State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") (internal quotations omitted).

Here, Duin lacks the requisite ties to New York for this court to exercise either general or specific jurisdiction.

## II.
## PLAINTIFF'S COMPLAINT AGAINST DUIN SHOULD BE DISMISSED BECAUSE SHE IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK

### A.   Plaintiff Cannot Establish General Jurisdiction Because Duin Does Not Have Continuous or Systematic Contacts with New York.

General jurisdiction exists over a non-resident only when the defendant's "affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum State.'" *Daimler AG*, 571 U.S. at 122 (citation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* at 137; *see also Reich*, 38 F. Supp. 3d at 455 ("[T]he Supreme Court made clear in *Daimler* that, as a rule, it is not constitutionally permissible to sue an individual . . . in a state where that individual is not 'at home' and that an individual is 'at home' in the state of his domicile.") (internal quotations omitted).

Duin is not "at home" in New York. As pleaded in the Complaint, Duin resides in Washington, not New York. Compl. ¶ 8; *see also* Duin. Decl. ¶ 2. She does not have a bank account in New York, does not own any property in New York, and does not pay New York taxes. Duin Decl. ¶ 9. Indeed, she has not been to New York since on or about 2011. *Id.* at ¶

4

10. The mere fact that Plaintiff alleges she works for a New York company is insufficient to establish general jurisdiction over Duin in New York. *See Giannetta v. Johnson*, 2021 WL 2593305, at *7 (S.D.N.Y. June 24, 2021) (holding that plaintiff failed to establish general jurisdiction where all "factual claims about [defendant's] contacts with persons in New York all [arose] from work in [defendant's employment] capacity"); *see also Daimler AG*, 571 U.S. at 138 (an individual's "engage[ment] in a substantial, continuous, and systematic course of business" is alone insufficient to render it at home in a forum).

### B.   Plaintiff Cannot Establish Specific Jurisdiction Because Duin Has Not Purposefully Availed Herself of the Forum.

TST also cannot establish specific jurisdiction over Duin because she does not have the requisite minimum contacts with New York. To establish specific jurisdiction over an out-of-state defendant in a defamation case, a plaintiff must satisfy CPLR § 302(a)(1). *See Best Van Lines*, 490 F.3d at 245–46. Under CPLR 302(a)(1), a plaintiff must establish that the defendant transacts business in New York, and that the cause of action arises from that transaction of business. *Id.* at 246. For an individual to "transact business" within the meaning of CPLR 302(a)(1), "there must have been some 'purposeful activities' within the State that would justify bringing the nondomiciliary defendant before the New York courts." *SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 404 (N.Y. 2012) (citation omitted); *see also Best Van Lines*, 490 F.3d at 246 (same). In defamation cases, "transacting business" is construed narrowly, and does not include "mere defamatory utterances sent into the state." *Best Van Lines*, 490 F.3d at 248; *see also Giannetta*, 2021 WL 2593305 at *7 (defamation claims are subject to a higher jurisdictional bar in New York "[i]n light of the First Amendment interests implicated by [such] claims").

5

Here, TST has not established jurisdiction over Duin under the first prong of CPLR 302(a)(1). Duin's act of writing an article that was published on a website accessible in New York is not a transaction of business in New York. *See SPCA*, 18 N.Y.3d at 405 (holding that publishing articles "on a medium that was accessible in this state . . . [that was] equally accessible in any other jurisdiction" does not satisfy the transacting business requirement for jurisdiction in defamation cases); *Best Van Lines*, 490 F.3d at 253 (making defamatory statements outside of New York "does not, without more, provide a basis for jurisdiction, even when those statements are published in media accessible to New York readers."); *Trachtenberg v. Failedmessiah.com*, 43 F.Supp.3d 198, 203 (E.D.N.Y. 2014) (rejecting plaintiff's argument that "defendant transacted [business] in New York when he 'projected his statements into New York and targeted New Yorkers'" through an online news article); *Realuyo v. Villa Abrille*, 2003 WL 21537754, at *67(S.D.N.Y. July 8, 2003) (writing and posting allegedly defamatory material on a website accessible to readers in New York is insufficient to show that a defendant has transacted business within New York).

Instead, TST must show "something more" than the mere publishing of the Article on the Website to satisfy the "transacting business" requirement, which it cannot do. *See Best Van Lines*, 490 F. 3d at 249 (where defendants' out-of-state conduct involved defamatory statements projected into New York, courts have required "something more" to exercise specific jurisdiction). Duin is a Washington journalist who writes for a nationally-available online news publication that happens to have offices in New York. Compl. ¶ 7; Duin Decl. ¶¶ 2–3. Duin is not a Newsweek employee, does not travel to or otherwise conduct activity in New York in relation to her work with Newsweek, and does not pay New York taxes on any income derived from Newsweek. Duin Decl. ¶¶ 4, 9. Accordingly, Duin does not "transact business" in New

York under CPLR 302(a)(1). *See SPCA*, 18 N.Y.3d at 405 (holding that limited phone calls and short visits to New York, donations to a New York organization, and comments about New York organization on a website did not amount to transacting business under CPLR 302(a)(1)); *Kurzon LLP v. Thomas M. Cooley L. Sch.*, 2014 WL 2862609, at *5 (S.D.N.Y. June 24, 2014) (holding that annual or semi-annual alumni receptions, law school student recruitment forums, and some student externship placements did not amount to transacting business in New York); *c.f. Hansen Realty Dev. Corp. v. Sapphire Realty Grp., LLC*, 104 N.Y.S.3d 59, 60 (1st Dep't 2019) (finding defendant "subject to [the] court's jurisdiction pursuant to [the] long arm statute [N.Y. C.P.L.R. 302(a)(1)]" as the defendant's "attendance at and participation in multiple business meetings in New York . . . is sufficient to establish that he was transacting business in New York").

Even if Duin's attenuated connection to New York could amount to "transacting business" in the state, which it does not, there must be "a 'substantial relationship' between [her] purposeful activities [in New York] and the transaction out of which the cause of action arose" for specific jurisdiction to lie. *SPCA*, 18 N.Y.3d at 404; *see also Reich*, 38 F.Supp.3d at 458 (for specific jurisdiction, "'an articulable nexus' or a 'substantial relationship' between the asserted claim and the transacted business is required"). TST cannot plausibly allege a substantial relationship between Duin's activities and its defamation claim here. The Article reports on ongoing litigation in Washington between Washington residents and TST, a Massachusetts corporation. Compl. ¶ 6, Ex. 1. It does not mention New York, or refer to any TST activity in New York. *Id.* at Ex. 1. Duin did not conduct any research or other activity in New York in preparing the Article, did not interview any New York residents or travel to New York for the Article, and played no role in determining when or where the Article would be published. Duin Decl. ¶¶ 6–8. Thus, there is no substantial relationship between Duin's activities and the alleged

7

defamatory statements such that specific jurisdiction would be statutorily permissible. *See SPCA*, 18 N.Y.3d at 405 (finding no substantial relationship between allegedly defamatory statements and defendants' New York activities where defendant "did not visit New York in order to conduct research, gather information or otherwise generate material"); *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F.Supp.3d 219, 234 (S.D.N.Y. 2015), *aff'd sub nom.* 864 F.3d 236 (2d Cir. 2017) (plaintiff failed to make a threshold showing of jurisdiction under CPLR 302(a)(1) where defendant did not conduct research in New York or interview any sources in New York for allegedly defamatory report and did not target New York viewers); *Trachtenberg*, 43 F.Supp.3d at 205 ("[P]laintiff does not allege a connection between the content of the [article] and the fact that [the ad agency that runs ads on the same website has] offices [that] happen to be located in New York. This sort of 'merely coincidental' nexus does not suffice to confer jurisdiction.").

C.  **The Exercise of Jurisdiction Over Duin Would Violate Due Process.**

Even if Duin's contacts with New York satisfied CPLR 302(a)(1), which they do not, the exercise of jurisdiction over Duin would violate due process. Due process requires that the exercise of jurisdiction "not offend 'traditional notions of fair play and substantial justice.'" *Best Van Lines*, 490 F.3d at 242 (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)). Whether the exercise of jurisdiction is 'reasonable' depends on:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Chaiken v. VV Pub. Corp.*, 119 F.3d 1018, 1028 (2d Cir. 1997) (internal quotations omitted).

Here, subjecting Duin to jurisdiction in New York would be unreasonable because it would impose a significant burden on Duin, a Washington resident who has not traveled to New York for eleven years, owns no property or assets in the State, wrote the Article in Washington about a dispute between Washington residents and a Massachusetts corporation, and did not interview any sources in New York or travel to New York for the Article. *Id.* at ¶¶ 2, 5–7, 9, 10; Compl. ¶ 6, Ex. 1. Therefore, compelling Duin to litigate in this forum would offend traditional notions of fair play and substantial justice. *See Chaiken*, 119 F. 3d at 1029–30 (exercise of jurisdiction over Israeli newspaper where newspaper had no meaningful presence in the forum and the parties, witnesses, and evidence were located in Israel would violate due process); *Copp v. Ramirez*, 62 A.D.3d 23, 31 (1st Dep't 2009) ("Even if defendants had 'minimum contacts' with New York State, subjecting them to jurisdiction here would be unreasonable since they are all residents of New Mexico, they made the allegedly defamatory statements in New Mexico three years after their brief contacts with New York, and plaintiffs are not residents of New York.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against Duin should be dismissed in its entirety with prejudice.

July 15, 2022

Respectfully submitted,

/s/ *Cameron Stracher*
Cameron Stracher
Sara C. Tesoriero
CAMERON STRACHER, PLLC
51 Astor Place, 9th Floor
New York, NY 10003
Tel: 646.992.3850
Fax: 646.992.4241
cam@stracherlaw.com
sara@stracherlaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 15, 2022, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

      /s/ *Sara C. Tesoriero*
      Sara C. Tesoriero, Esq.