UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**The Satanic Temple, Inc.** ("**TST**"),

               Plaintiff,

    *v.*

**Newsweek Magazine LLC** and **Julia Duin**,

               Defendants.

Case no. 1:22-cv-1343-MKV

### TST'S RESPONSE IN OPPOSITION TO DUIN'S MOTION TO DISMISS

**REISS SHEPPE LLP**

By:    Matthew Sheppe

425 Madison Avenue, 19th Floor
New York, New York 10017
Tel: (212) 753-2424
Fax: (347) 348-0731
Email: msheppe@reisssheppe.com

*Attorneys for Plaintiffs*

Of counsel:

Matthew Kezhaya
Kezhaya Law PLC
333 N. Washington Ave, #300
Minneapolis, Minnesota 55401
Tel: (479) 431-6112
Email: matt@kezhaya.law

TABLE OF CONTENTS

Preliminary statement ..................................................................................................................1

Factual Background ......................................................................................................................1

Argument .......................................................................................................................................1

    Standards on a motion to dismiss..................................................................................2

    Ms. Duin transacted business within New York for purposes of jurisdiction pursuant to CPLR § 302(a)(1).........................................................................................................................3

    Plaintiff's claim arises out of Ms. Duin's conduct in New York ...............................................5

    The Court's exercise of jurisdiction over Ms. Duin would not offend due process ...................7

    Plaintiff has made a sufficient showing to allow for jurisdictional discovery ...........................8

    In the event the Court declines to assert jurisdiction or allow jurisdictional discovery, it should transfer venue to plaintiff's domicile state, Massachusetts, which does have jurisdiction over the defendants .....................................................................................................................................9

    Conclusion....................................................................................................................10

## TABLE OF AUTHORITIES

Cases

*Best Van Lines v. Walker*,
  490 F.3d 239 (2d Cir. 2007)..................................................................................................3, 4

*Chaiken v. VV Pub. Corp.*,
  119 F.3d 1018 (2d Cir. 1997)...................................................................................................7

*Energy Brands Inc. v. Spiritual Brands, Inc.*,
  571 F. Supp. 2d 458 (S.D.N.Y. 2008).....................................................................................7

*Goldfarb v. Channel One Russia*,
  442 F.Supp.3d 649 (S.D.N.Y. 2020)................................................................................3, 4, 8

*Herod's Stone Design v. Mediterranean Shipping Co. S.A.*,
  434 F.Supp.3d 142, 152 (S.D.N.Y. 2020)...............................................................................2

*Knight v. Standard Chartered Bank*,
  531 F.Supp.3d 755 (S.D.N.Y. 2021)........................................................................................7

*Lavazza Premium Coffees Corp. v. Prime Line Distributors Inc.*,
  575 F.Supp.3d 445 (S.D.N.Y. 2021)........................................................................................2

*Legros v. Irving*,
  38 A.D.2d 53 (1st Dep't 1971) .................................................................................................6

*Marine Midland Bank, N.A. v. Miller*,
  664 F.2d 899, 904 (2d Cir. 1981).............................................................................................8

*Paul v. I.N.S.*,
  348 F.3d 43 (2d Cir. 2003)......................................................................................................10

*Realuyo v. Villa Abrille*,
  2003 WL 21537754 (S.D.N.Y. 2003).......................................................................................5

*Sovik v. Healing Network*,
  244 A.D.2d 985, 987 (4th Dep't 1997) ..................................................................................4, 5

*SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*,
  18 N.Y.3d 400 (N.Y. 2012) ......................................................................................................4

*Tannerite Sports, LLC v. NBCUniversal Media LLC*,
  135 F.Supp.3d 219, 234 (S.D.N.Y. 2015), *aff'd sub nom.*, 864 F.3d 236 (2d Cir. 2017).........6

*Trachtenberg v. Failedmssiah.com*,
  43 F.Supp.3d 198 (E.D.N.Y. 2014) ..........................................................................................5

*Unique Industries, Inc. v. Sui & Sons Intern. Trading Corp.*
  2007 WL 3378256, *6-7 (S.D.N.Y. 2007)...............................................................................................8

*Walker v. Adams*,
  2016 Mass.App.Div. 143 ........................................................................................................10

## Statutes

28 U.S.C. § 1631.................................................................................................................................10
CPLR § 302 ....................................................................................................................................3, 6
M.G.L.A. 223A, § 3........................................................................................................................10

## PLAINTIFF'S MEMORANDUM OF LAW IN
## OPPOSITION TO DEFENDANT JULIA DUIN'S MOTION TO DISMISS

Plaintiff The Satanic Temple, Inc. ("Plaintiff" or "TST"), by its attorneys, Kezhaya Law PLC and Reiss Sheppe LLP, submits the following memorandum of law in opposition to Defendant Julia Duin's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2).

### PRELIMINARY STATEMENT

Ms. Duin is subject to the jurisdiction of this Court as she has transacted business in New York through her acting in concert with Defendant Newsweek Magazine LLC ("Newsweek") in publishing the defamatory article at issue here, the defamatory article arises out of her transaction of business in New York and because the exercise of jurisdiction over Ms. Duin does not violate the due process clause. Ms. Duin wrote a hit-piece on TST and acted in concert with Newsweek, a New York company, in publishing that hit-piece such that she should have been well aware that litigation might ensue in New York with respect thereto.

In the event the Court does not find it has jurisdiction over Ms. Duin, Plaintiff respectfully requests jurisdictional discovery on the issue as it has made a threshold showing of, and good faith basis for, the assertion of jurisdiction. And, if the Court declines jurisdiction and does not allow for jurisdictional discovery, Plaintiff respectfully submits that in the interests of justice, the Court should transfer this case to the District of Massachusetts.

### FACTUAL BACKGROUND

Plaintiff respectfully refers the Court to its Complaint and the exhibits thereto for the allegations relevant to the instant motion (ECF Docket No. 1 through 1-10). Among other things, the Complaint alleges Ms. Duin is an "employee of Newsweek and [has] acted in concert with Newsweek in writing the article and utlizi[ing] publication resources in New York to publish the article from New York." *Complaint at* ⁋ 10. Additionally, as noted in the

accompanying affirmation of Matthew Sheppe, Ms. Duin has published no fewer than 22 articles

in Newsweek since September 2021, roughly two per month.   Although Ms. Duin claims to be

an independent contractor and not a Newsweek employee, this disputed issue should be decided

in Plaintiff's favor at this stage of this case.

## ARGUMENT

### I.   STANDARDS ON A MOTION TO DISMISS

Although Plaintiff bears the burden of establishing jurisdiction, at this early stage in the

litigation, Plaintiff need only make a *prima facie* showing of personal jurisdiction.  *Lavazza*

*Premium Coffees Corp. v. Prime Line Distributors Inc.*, 575 F.Supp.3d 445, 458 (S.D.N.Y.

2021)(citations omitted).  "When evaluating whether Plaintiffs have met their burden at this

stage, 'the Court may look beyond the four corners of the complaint and consider materials

outside of the pleadings, including accompanying affidavits, declarations, and other written

materials.'"  *Id.* (citations omitted). "The Court will 'construe all pleadings and affidavits in the

light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.'" *Id.* (citations

omitted).

Plaintiff agrees that the Court should address the issue of its jurisdiction over Ms. Duin

prior to reaching the merits of Ms. Duin's arguments for dismissal.  *Herod's Stone Design v.*

*Mediterranean Shipping Co. S.A.*, 434 F.Supp.3d 142 (S.D.N.Y. 2020)(federal court may

generally not rule on merits of case without first determining whether it has personal jurisdiction

over the defendant).

In order to establish personal jurisdiction over Ms. Duin, the Court must find that it has

jurisdiction over Ms. Duin under New York law and that its exercise of jurisdiction comports

with the Fourteenth Amendment's due process clause such that the maintenance of the lawsuit

does not "offend traditional notions of fair play and substantial justice." *Goldfarb v. Channel One Russia*, 442 F.Supp.3d 649, 662 (S.D.N.Y. 2020) (*citing Daimler A.G v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014)).

## II.   MS. DUIN TRANSACTED BUSINESS WITHIN NEW YORK FOR PURPOSES OF JURISDICTION PURSUANT TO CPLR § 302(a)(1)

Here, as set forth more fully below, the Court does have personal jurisdiction over Ms. Duin and so the instant motion should be denied.

In order to exercise personal jurisdiction over Ms. Duin pursuant to CPLR § 302(a)(1), the Court must determine if Plaintiff "transacts any business" in New York, and if so, whether the defamation cause of action arises from the transaction of such business. *Best Van Lines v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). To determine whether a defendant has transacted business in New York, "Courts look to the totality of the defendant's activities within the forum" in determining whether the defendant "purposefully availed itself of the privilege of conducting activities in" New York, "thus invoking the benefit and protections of its laws." *Id.* (citations omitted). And, a lawsuit will be found to have "arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* (citations omitted).

Although New York courts do interpret "transacting business" more narrowly in defamation cases such that there must be more than just the defamatory statement uttered in New York to establish the defendant transacted business in New York, Ms. Duin has taken those additional steps. *Id. at 248*. Indeed, the requirement to find that a defendant did something more than just make a defamatory statement in New York to have transacted business in New York is satisfied "when at least part of the defamatory content was created, researched, written, developed or produced in New York." *Goldfarb*, 442 F.Supp.3d at 662 (*citing Biro v. Conde Nast*, 2012 WL

3262770, * 10 (S.D.N.Y. 2012))("courts have typically found long-arm jurisdiction over defamation claims where the defendant engaged in some purposeful activity within New York that was directly related to the creation of the allegedly defamatory statement").

Here, Ms. Duin's interaction with Newsweek, a New York company, in connection with the preparation and publication of the defamatory article, is sufficient to find that she has "transacted business" within New York State.  *See Sovik v. Healing Network*, 244 A.D.2d 985, 987 (4th Dep't 1997)(defendant's dissemination or authorization of dissemination of defamatory letter in New York sufficient to establish defendant transacted business in New York pursuant to CPLR 302(a)(1)); *Goldfarb*, 442 F.Supp.3d at 662-63 (finding defendant transacted business in New York where prior to publication of defamatory broadcast, defendant's employee obtained information in New York that might establish falsity of allegedly defamatory statements).

As noted, Ms. Duin is alleged to be an employee of Newsweek and is also alleged to have utilized Newsweek's resources in New York and worked with Newsweek, a New York company, in publishing the defamatory article about Plaintiff.  Moreover, Ms. Duin has published 22 articles through Newsweek since September 2021, publishing roughly two articles per month during that time period.  These are exactly the kind of "additional steps" needed to establish the transaction of business under CPLR § 302(a)(1) in a defamation action.  *See Sovik*, 244 A.D.2d at 987, *Goldfarb*, 442 F.Supp.3d at 662-63.

The cases cited by Defendant in support of her motion are inapposite.  *See SPCA of Upstate New York, inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 404 (N.Y. 2012) (court declined to assert jurisdiction over individual defendant who only made three phone calls to New York and only went to New York to deliver dog collars and leashes, noting the importance of the articles not being written in or directed to New York); *Best Van Lines*, 490 F.3d at 253 (court

4

declined to assert jurisdiction over defendant where defendant made defamatory statements outside of New York and although defendant solicited funds through its website, the solicitation of funds bore no relationship to the allegedly defamatory statements); *Trachtenberg v. Failedmssiah.com*, 43 F.Supp.3d 198, 203 (E.D.N.Y. 2014)(court declined to assert jurisdiction where allegations of jurisdiction were based merely upon publication of defamatory statements outside of New York and that such statements were targeted to New York audience); *Realuyo v. Villa Abrille*, 2003 WL 21537754, at 6-7 (S.D.N.Y. 2003)(court declined to exercise jurisdiction in defamation case where defendants were not located in New York and only connection to New York was one defendant had website for which 5% of its registered users were from New York).

The key distinction in all of these cases is that none of the defendants nor the defamatory statements themselves were published in New York.  In *SPCA* they were an Ohio corporation and a Vermont resident, in *Best Van Lines*, it was an Iowa resident who made the statements from Iowa, in *Trachtenberg*, it was a Minnesota resident, and in *Realuyo*, the defendants were in the Philippines and published outside of the United States.  Here, of course, Newsweek is in New York and published the defamatory article in New York and did so in concert with Ms. Duin.

## III.    PLAINTIFF'S CLAIM ARISES OUT OF MS. DUIN'S CONDUCT IN NEW YORK

Here, there can be no doubt that Plaintiff's defamation claim arises out of Ms. Duin's transaction of business with New York.  Ms. Duin's connections and contacts with News week in New York, as it relates to the defamatory article and her use of Newsweek in New York to publish the defamatory article, are sufficient to establish Plaintiff's defamation claim arises out of Ms. Duin's transaction of business in New York.  *Sovik*, 244 A.D.3d at 987 (involvement with distribution of defamatory statement in New York provided sufficient nexus between defamatory statement and transaction of business in New York to exercise jurisdiction under CPLR §

302(a)(1)); Goldfarb, 442 F.Supp.3d at 663 (defendant was active in distribution of defamatory statements in New York and obtained knowledge of statement's falsity from plaintiff in New York which provided sufficient nexus to establish jurisdiction under CPLR § 302(a)(1)).  And, Ms. Duin's argument that the defamation claim bears no nexus to her transaction of business in New York is misleading, as while the article in question may refer to conduct that took place outside of New York, it is indisputable that Ms. Duin's work with Newsweek in connection with the publication of the defamatory article has an articulable nexus to New York.  *See Legros v. Irving*, 38 A.D.2d 53, 56 (1st Dep't 1971)(defamation claim found to arise out of transaction of business in New York where such business was work related to publishing the defamatory article).  Here, of course, the defamation claim arises directly out of Ms. Duin's work with Newsweek in publishing the article.

The cases cited by Ms. Duin are inapposite.  As noted, in both *SPCA* and *Trachtenberg*, none of the defendants had any connection to New York and so the defamatory statements could not have arisen out of such transaction of business in New York, as there was no transaction of business.  Similarly, in *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F.Supp.3d 219, 234 (S.D.N.Y. 2015), *aff'd sub nom.*, 864 F.3d 236 (2d Cir. 2017), the court elected not to exercise jurisdiction over defendant WLEX, where WLEX's only connection to New York was an affiliate agreement with NBCUniversal through which it republished NBCUniversal's allegedly defamatory report on plaintiff, as the court noted that WLEX only aired in Kentucky, Indiana, and Ohio (*i.e.*, not New York) and the only other distribution of defamatory material was through WLEX's website which had been accessed by only eight people in New York.  Again, as noted, here, Plaintiff's defamation claim arises out of Ms. Duin's work with Newsweek, a New York company, in the publication of the defamatory article in New York.

6

**IV.    THE COURT'S EXERCISE OF JURISDICTION OVER MS. DUIN WOULD NOT OFFEND DUE PROCESS**

Because the requirements to assert jurisdiction under CPLR § 302(a)(1) are narrower than is required by the due process clause, once a court is satisfied that it has jurisdiction over the defendant pursuant to New York law, it necessarily means that the due process requirements have also been satisfied.  That is, once Plaintiff has established this Court has jurisdiction over Ms. Duin pursuant to CPLR § 302(a)(1), the Court must also find that its exercise of that jurisdiction would not violate the due process clause.  *Knight v. Standard Chartered Bank*, 531 F.Supp.3d 755, 763 (S.D.N.Y. 2021)("However, § 302(a)(1) permits personal jurisdiction under narrower conditions than does the Due Process Clause under the U.S. Constitution. Thus, because "the Due Process Clause permits the exercise of jurisdiction in a broader range of circumstances [than] N.Y. C.P.L.R. § 302, ... a foreign defendant meeting the standards of § 302 will satisfy the due process standard.") *citing Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 469 (S.D.N.Y. 2008).

Ms. Duin's citation to *Chaiken v. VV Pub. Corp.*, 119 F.3d 1018, 1028 (2d Cir. 1997) and *Copp v. Ramirez* are inapposite.  In *Chaiken*, the Second Circuit was applying Massachusetts, not New York law, in finding due process was not satisfied and noted that the defendant had no connections to Massachusetts, unlike here, where Ms. Duin has taken actions in New York. And, in *Copp*, no party was from New York and no party had any contact with New York but for brief stints three years prior to the allegedly defamatory statements.  Here, of course, Ms. Duin does have recent and current connections to New York.

At the end of the day, Ms. Duin wrote a hit-piece and worked in concert with Defendant Newsweek, a New York company, in New York to publish her hit-piece such that she should have reasonably anticipated litigation might ensue in New York.

7

**V.      PLAINTIFF HAS MADE A SUFFICIENT SHOWING TO ALLOW FOR JURISDICTIONAL DISCOVERY**

"In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir. 1981) (citations omitted).

> If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a *prima facie* showing of jurisdiction through its own affidavits and supporting materials. Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. But until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." *Id.*
> The Court has discretion to order further discovery on the jurisdictional issue if Plaintiff

makes a "threshold showing and establishes that its position is not frivolous." *See Unique Industries, Inc. v. Sui & Sons Intern. Trading Corp*.  2007 WL 3378256 (S.D.N.Y. 2007).

If the Court does not find that it has jurisdiction over Ms. Duin, Plaintiff respectfully requests that the Court allow for jurisdictional discovery on this issue.  Although Ms. Duin's affidavit claims she is an independent contractor and has limited contact with Defendant Newsweek, given Plaintiff has established Ms. Duin's connection with New York, to the tune of 22 of Ms. Duin's articles published by Defendant Newsweek in the past year including the defamatory one, Plaintiff has made a threshold showing and has established its position is not frivolous such that jurisdictional discovery is warranted.  *See Goldfarb*, 442 F.Supp.3d at 664-65 (jurisdictional discovery allowed where complaint alleged defendant had distribution contracts in New York and possibly a studio and employee in New York even though court noted such allegations were "barely a sufficient start").

8

Particularly, the jurisdictional discovery to be sought will inspect the nature of Newsweek's editorial control over the article. Under what circumstances, if any, was Newsweek's New York personnel entitled to accept or reject the article for publishing out of Newsweek's New York offices? How did the article get from Duin's personal computer in Washington to Newsweek's New York offices? Did Duin email it personally, or have it delivered by some other means, or did Newsweek come into possession of the article by some means other than Duin's intentional delivery into the State for publishing? What, exactly, are the adjudicative facts on which Defendants claim that Duin is an "independent contractor?" Is there a contract? If Newsweek does not pay Duin, did she agree that any litigation must be heard by a New York court? If there is an arbitration agreement among them, where must that dispute be resolved? If Duin paid? If so, how? What happens if Newsweek doesn't pay pursuant to the terms of the agreement? These questions, all unanswered by Duin's sworn statement, address what business she has in New York. There being no answer or affirmative pleading, the doubt must inure to TST's benefit. If not, TST should be granted an opportunity to investigate and present the Court with a fact record.

Because Ms. Duin transacted business in New York and that transaction of business relates directly to Plaintiff's defamation claim, this Court should assert jurisdiction over Ms. Duin pursuant to CPLR § 302(a)(1).  In the event the Court does not find that Plaintiff has made a sufficient showing for jurisdiction, Plaintiff respectfully requests that the Court allow Plaintiff to take jurisdictional discovery of Ms. Duin's relationship with Newsweek.

**VI.    IN THE EVENT THE COURT DECLINES TO ASSERT JURISDICTION OR ALLOW JURISDICTIONAL DISCOVERY, IT SHOULD TRANSFER VENUE TO PLAINTIFF'S DOMICILE STATE, MASSACHUSETTS, WHICH DOES HAVE JURISDICTION OVER THE DEFENDANTS.**

28 U.S.C. § 1631 provides that in the event a court decides it does not have jurisdiction, it shall transfer the case to a court that does have such jurisdiction if in the interests of justice. The Second Circuit has held that § 1631 requires the transfer of cases unless not in the interest of justice to do so. *Paul v. I.N.S.*, 348 F.3d 43, 46 (2d Cir. 2003). Here, in the event the Court declines to exercise jurisdiction over Ms. Duin, and declines to allow for jurisdictional discovery, Plaintiff respectfully requests that it transfer the case to the District of Massachusetts, which would have jurisdiction over both defendants. *Walker v. Adams*, 2016 Mass.App.Div. 143, *2 (Massachusetts has jurisdiction over non-domiciliaries who are alleged to have defamed someone they knew to be Massachusetts resident); M.G.L.A. 223A, § 3(c).

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully submits that the Court should deny Defendant Julia Duin's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) in its entirety, or in the alternative allow for jurisdictional discovery of Ms. Duin's relationship with Defendant Newsweek, or, in the alternative transfer venue of this case to the District of Massachusetts, along with any additional relief it deems just and proper.

Dated: New York, New York
   August 15, 2022

         REISS SHEPPE LLP

         By:  Matthew Sheppe

         425 Madison Avenue, 19th Floor
         New York, New York 10017
         Tel: (212) 753-2424
         Fax: (347) 348-0731
         Email: msheppe@reisssheppe.com

         *Attorneys for Plaintiffs*

Of counsel:

Matthew Kezhaya
Kezhaya Law PLC
333 N. Washington Ave, #300
Minneapolis, Minnesota 55401
Tel: (479) 431-6112
Email: matt@kezhaya.law

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew Sheppe, efiled the foregoing document by uploading it to the

Court's CM/ECF system on August 15, 2022, which sends service to registered users, including

all other counsel of record in this cause. s/ Matthew Sheppe