UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                :
THE SATANIC TEMPLE, INC.,                :
                :
                Plaintiff,    :  Case No. 1:22-cv-01343-MKV
v.                :
                :
NEWSWEEK MAGAZINE LLC and                :
JULIA DUIN                :
                :
                Defendants.    :
                :
------------------------------------------------------------------------ x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF JULIA DUIN'S MOTION TO DISMISS

In its Memorandum of Law in Opposition to Defendant Julia Duin's Motion to Dismiss ("Opp."), Plaintiff The Satanic Temple, Inc. ("Plaintiff" or "TST") admits that the Article at issue does not refer to conduct that took place in New York, and does not identify a single New York source interviewed or consulted by Defendant Julia Duin ("Defendant" or "Duin") for the Article. Rather, TST asserts that this Court has personal jurisdiction over Duin based solely on her association with the Article's publisher, Defendant Newsweek Magazine LLC ("Newsweek"), and contends that it is entitled to jurisdictional discovery to establish the extent of that relationship.[1] TST's argument, however, falls woefully short of satisfying its burden of demonstrating that there is a substantial relationship between Duin's activities in New York and the publication of the Article. For these reasons, set forth more fully below and in Duin's

---

[1] Plaintiff does not address Duin's argument that she is not subject to general jurisdiction in New York. Accordingly, it has waived any argument in opposition. *Corrado v. New York Unified Ct. Sys.*, 163 F. Supp. 3d 1, 18 n. 11 (E.D.N.Y. 2016), *aff'd sub nom. Corrado v. New York State Unified Ct. Sys.*, 698 F. App'x 36 (2d Cir. 2017).

1

opening Memorandum of Law ("Mem."), TST's Complaint should be dismissed, and its request for jurisdictional discovery should be denied.

I. **PLAINTIFF FAILS TO SATISFY ITS BURDEN OF DEMONSTRATING SPECIFIC JURIDICTION.**

TST acknowledges that a plaintiff must show "something more" than the publication of a defamatory statement in the State of New York to demonstrate that a defendant "transacts business" as required to establish jurisdiction under CPLR § 302(a)(1).  *See* Opp. at 3; *see also Best Van Lines, Inc. v. Walker*, 490 F. 3d 239, 249 (2d Cir. 2007) (where defendants' out-of-state conduct involved defamatory statements projected into New York, courts have required "something more" to exercise specific jurisdiction).  But TST's conclusory assertion that Duin is an employee of Newsweek and "worked with Newsweek, a New York company," to publish the Article, fails to satisfy the transacting business prong of CPLR § 302(a)(1).  Opp. at 4; *see also id.* at 5 ("Newsweek is in New York and published the defamatory article in New York and did so in concert with Ms. Duin.").

First, TST's contention that Duin is a Newsweek employee is directly contradicted by Duin's sworn declaration and should be disregarded.  *See* Declaration of J. Duin, dated July 14, 2022, Dkt. No. 18, ¶ 4; *see also Brownstone Inv. Grp. LLC v. Bonner & Partners, LLC*, 2021 WL 3423253, at *2 (S.D.N.Y. Aug. 5, 2021) (plaintiff's allegations in support of a prima facie showing of jurisdiction are only "taken as true to the extent they are uncontroverted by the defendant's affidavits") (citation omitted).  Moreover, even if Duin – a resident of Washington – were employed by Newsweek, the residence of an employer is not sufficient to establish personal jurisdiction over an employee.  *See Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781, 104 S. Ct. 1473, 1482, 79 L. Ed. 2d 790 (1984) ("jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs [her] . . .  Each defendant's contacts

2

with the forum State must be assessed individually."); *Dep't of Econ. Dev. v. Arthur Andersen & Co. (U.S.A.)*, 747 F. Supp. 922, 929 (S.D.N.Y. 1990) (recognizing that jurisdiction over an employee under § 302(a)(1) may not be premised merely on jurisdiction over the corporation).[2]

Second, Duin's relationship with Newsweek is not relevant to the jurisdictional analysis under CPLR § 302(a)(1). Instead, to establish personal jurisdiction over a non-resident defendant, a plaintiff must demonstrate that there is a "substantial relationship" between the defendant's activities in New York and "the transaction out of which the cause of action arose." *SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 405 (N.Y. 2012) (citation omitted). In evaluating whether a substantial relationship exists, a court looks to the content of the publication in question and whether the defendant relied on sources or engaged in newsgathering activities in New York in order to generate that content. *See id.* (finding no substantial relationship between allegedly defamatory statements and defendants' New York activities where defendant "did not visit New York in order to conduct research, gather information or otherwise generate material"); *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F.Supp.3d 219, 234 (S.D.N.Y. 2015), *aff'd sub nom.* 864 F.3d 236 (2d Cir. 2017) (plaintiff failed to make a threshold showing of jurisdiction under CPLR 302(a)(1) where defendant did not conduct research in New York or interview any sources in New York for allegedly defamatory report and did not target New York viewers); *Trachtenberg v. Failedmessiah.com*, 43 F. Supp. 3d 198, 205 (E.D.N.Y. 2014) ("[P]laintiff does not allege a

---

[2] Contrary to Plaintiff's representation, in *Sovik v. Healing Network*, 244 A.D.2d 985, 987 (4th Dep't 1997), the court did not find that defendants transacted business in New York pursuant to CPLR § 302(a)(1). *See* Opp. at 4. Moreover, in *Sovik,* defendants drafted and personally controlled the distribution of a letter in New York that accused a New York resident of sexual misconduct. 244 A.D.2d at 987. TST has not, and cannot, allege such significant New York contacts here.

connection between the content of the [article] and the fact that [the ad agency that runs ads on the same website has] offices [that] happen to be located in New York. This sort of 'merely coincidental' nexus does not suffice to confer jurisdiction.").

Thus, TST's contention that Duin "published twenty-two articles through Newsweek since September 2021," Opp. at 4, has no bearing on the jurisdictional analysis. Nor does Plaintiff's generalized allegation that Duin "utilized Newsweek's resources in New York and worked with Newsweek, a New York company, in publishing the defamatory article about Plaintiff." *Id.* Instead, as the cases cited by TST make clear, a substantial relationship exists only where a defendant's activities in the forum state specifically relate to the gathering and publication of the allegedly defamatory statements. *See Goldfarb v. Channel One Russia*, 442 F. Supp. 3d 649, 663 (S.D.N.Y. 2020), *recons. den.*, 2021 WL 1392850 (S.D.N.Y. Apr. 13, 2021) (finding a substantial relationship between the defamation claim and defendant's conduct where defendant obtained knowledge of the falsity of the statements in New York by interviewing plaintiff there); *Legros v. Irving*, 38 A.D.2d 53, 56, 327 N.Y.S.2d 371 (1st Dep't 1971) (finding a substantial relationship between the defamation claim and defendant's conduct where "virtually all the work attendant upon the publication of the book occurred in New York" including defendant's research).

Here, Plaintiff admits that the Article "refer[s] to conduct that took place outside of New York," and does not contend that Duin conducted any research in New York, interviewed any sources in New York, or otherwise engaged in any newsgathering for the Article in New York. *See* Opp. at 6; Duin. Decl. ¶¶ 5–7. Thus, TST has failed to demonstrate that there is a substantial relationship between Duin's activities in New York and the research, writing, and publishing of the Article so as to support the exercise of personal jurisdiction over Duin in New York.

II. **PLAINTIFF FAILS TO MAKE THE THRESHOLD SHOWING REQUIRED FOR JURISDICTIONAL DISCOVERY.**

Plaintiff's request for jurisdictional discovery should be denied because it has not made a prime facie case for personal jurisdiction. *See Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 231 (S.D.N.Y. 2015), *aff'd sub nom.* 864 F.3d 236 (2d Cir. 2017). As argued above, discovery as to the other articles Duin has written for Newsweek would have no bearing on jurisdiction because Plaintiff has failed to show how those articles demonstrate a nexus between the Article at issue and Duin's activities in New York in connection with the publication of the Article. *See Tannerite*, 135 F. Supp. 3d at 234–35 (denying jurisdictional discovery where plaintiff failed to come forward with "specific information showing that jurisdictional discovery is likely to yield evidence supporting its allegations regarding discovery"). Similarly, as also noted above, the hypothetical questions posed by TST about Duin's employment status are irrelevant to the jurisdictional analysis, which turns on Duin's activities as they relate to the reporting and publication of the Article, and not to her general relationship with Newsweek. In other words, TST would need "new jurisdictional theories, not more evidence substantiating the theories [it] has already advanced." *Trachtenberg*, 43 F. Supp. 3d at 205. Accordingly, TST's request for jurisdictional discovery should be denied.

III. **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED, NOT TRANSFERRED, BECAUSE THE PROPOSED TRANSFEREE COURT WOULD ALSO LACK JURISDICTION OVER DUIN.**

TST asserts that, if the Court determines it lacks jurisdiction of Duin, it should transfer the case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1631 because that court "would have jurisdiction over both [D]efendants." Opp. at 10 (citing *Walker v. Evans,* 2016 Mass. App. Div. 143 (Dist. Ct. 2016). Plaintiff's contention is incorrect and without support.

Duin does not have sufficient minimum contacts with Massachusetts to justify the exercise of jurisdiction by a court in that State. Under the test articulated by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 788–89 (1984), to establish personal jurisdiction in a defamation case, a plaintiff must show that the defendant "expressly aimed its conduct at the forum [state], thereby making the forum state the focal point of the tortious activity." *Mullane v. Breaking Media, Inc.*, 2019 WL 5588961, at *10 (D. Mass. Aug. 13, 2019), *aff'd*, 2021 WL 3027150 (1st Cir. Feb. 26, 2021) (internal citation omitted). In *Calder*, the Supreme Court held that the exercise of personal jurisdiction over non-resident defendants did not violate due process because "[t]he allegedly libelous story concerned the California activities of a California resident[, and] [i]t impugned the professionalism of an entertainer whose television career was centered in California." 465 U.S. at 788. Here, in contrast, the focus of the Article is about a lawsuit filed by TST in Washington State. *See gen.* Compl. Ex. 1. *Walker,* the only case cited by Plaintiff, is not to the contrary. In *Walker,* the appellate court vacated the trial court's *sua sponte* dismissal of non-resident defendants because, it held, the lower court improperly applied the *Zippo* "sliding scale" test for jurisdiction. 2016 Mass. App. Div. 143, 2016 WL 7496412, *1. The appellate court held that *Calder* was the more suitable test for determining personal jurisdiction when a defamatory communication originated outside of Massachusetts, and remanded the case for further proceedings consistent with that holding. *Id.* at *3.

Accordingly, because the District Court for Massachusetts would not have personal jurisdiction over Duin, this case should be dismissed, not transferred. *See In re Ski Train Fire*, 257 F. Supp. 2d 648, 651 (S.D.N.Y. 2003) (holding that the interests of justice favored dismissal rather than transfer where plaintiffs had "at best, a questionable basis for personal jurisdiction in each of their proposed jurisdictions for refiling" and, therefore, a transfer would be "grossly

6

inefficient"); *Beck v. Fradette*, 2022 WL 3108814, at *6 (D. Mass. Aug. 3, 2022) (Massachusetts resident failed to establish jurisdiction based on allegedly defamatory statement by out-of-state defendants regarding litigation in New Hampshire posted to website available in Massachusetts); *Mullane*, 2019 WL 5588961 at *10 (finding no jurisdiction in Massachusetts over out-of-state defendants based on article about an incident in Florida).

## CONCLUSION

For the foregoing reasons, as well as those set forth in Duin's opening Memorandum of Law, Plaintiff's Complaint against Duin should be dismissed in its entirety with prejudice.

Dated:   August 29, 2022          Respectfully submitted,


/s/*Cameron Stracher*
Cameron Stracher
Sara C. Tesoriero
CAMERON STRACHER, PLLC
51 Astor Place, 9th Floor
New York, NY 10003
Tel: 646.992.3850
Fax: 646.992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for Defendant Julia Duin*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2022, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

/s/ *Cameron Stracher*
Cameron Stracher