UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                    :

THE SATANIC TEMPLE, INC.,                   :
                                                    :

                             Plaintiff,     :  Case No. 1:22-cv-01343-MKV
v.                                          :
                                                    :

NEWSWEEK MAGAZINE LLC and         :
JULIA DUIN                         :
                                                    :

                             Defendants.    :
                                                      :
------------------------------------------------------------------- x

### DEFENDANT NEWSWEEEK MAGAZINE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

      Defendant Newsweek Magazine LLC ("Defendant" or "Newsweek"), by and through

undersigned counsel, hereby responds to the Complaint filed by Plaintiff The Satanic Temple,

Inc. ("Plaintiff" or "TST") as follows:

### INTRODUCTION

      1.      Defendant admits that an article written by Julia Duin titled "Orgies, Harassment,

Fraud: Satanic Temple Rocked by Accusations, Lawsuit" (the "Article") was published on

Newsweek's website, www.newsweek.com (the "Website") on October 29, 2021, that a copy of

the Article is available at https:/ /www.newsweek.com/orgies-harassmentfraud-satanic-temple-

rocked-accusations-lawsuit-1644042, and that Plaintiff asserts its claims in this lawsuit arise

from the Article, and otherwise denies the allegations in Paragraph 1.

      2.      Defendant lacks sufficient knowledge or information to admit or deny the

allegations regarding the contents of the article from the *Journal of Communication* referenced in

Paragraph 2, and otherwise denies the allegations in Paragraph 2.

3.      Defendant refers the Court to the Article for the true and accurate contents therein, lacks sufficient knowledge or information to admit or deny the allegation regarding private communications between Dr. Joe Laycock and Plaintiff, and otherwise denies the allegations in Paragraph 3.

4.      Defendant denies the allegations in Paragraph 4.

5.      Defendant admits that counsel for Plaintiff sent Defendant a letter on October 30, 2021, which demanded that Defendant retract the Article (the "Demand Letter").  Defendant further admits that Defendant declined to remove the Article from the Website, and otherwise denies the allegations in Paragraph 5.

**THE PARTIES**

6.       Defendant admits, upon information and belief, that Plaintiff is an atheistic religious corporation and maintains a headquarters in Salem, Massachusetts, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.

7.      Defendant admits that Plaintiff has named Newsweek as a defendant in this lawsuit, that Defendant is a New York limited liability company whose members reside in New York, and that Defendant publishes the online magazine *Newsweek* via the Website.  Defendant further admits that Exhibit 2 to the Complaint contains a copy of Newsweek's 2021 Media Kit, and refers the Court to Exhibit 2 for the true and accurate contents therein.  Additionally, Defendant admits that Exhibit 3 to the Complaint contains a copy from 2021 of Newsweek's Editorial Guidelines at that time and refers the Court to Exhibit 3 for the true and accurate contents therein.  Defendant otherwise denies the allegation in Paragraph 7.

8.      Defendant admits that Plaintiff named Julia Duin as a defendant in this lawsuit, but states that this Court has dismissed Duin from this lawsuit for lack of personal jurisdiction. *See* Dkt. No. 27.  Defendant admits that Duin is an individual who resides in the State of Washington and that she wrote the Article and otherwise denies the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9.      Defendant admits that this Court has subject matter jurisdiction over this action because the parties are diverse in citizenship and the amount of damages claimed by Plaintiff exceeds $75,000, and otherwise denies the allegations in Paragraph 9.

10.      Defendant admits that this Court has personal jurisdiction over Newsweek, states that this Court has dismissed Duin from this lawsuit for lack of personal jurisdiction, *see* Dkt. No. 27, and otherwise denies the allegations in Paragraph 10.

11.      Defendant admits that venue is proper in this Court, and otherwise denies the allegations in Paragraph 11.

## FACTUAL BACKGROUND

12.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12.

13.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, including all subparts of that Paragraph.

14.      Defendant admits that Plaintiff engages in various public activities, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14.

15.      Defendant admits that Plaintiff engages in legal action and initiates litigation on behalf of its members.  Defendant also admits, upon information and belief that Plaintiff has

brought legal claims arising from its members' alleged exclusion from government displays of religion and religious exemptions laws.  Defendant otherwise denies the allegations in Paragraph 15.

16.     Defendant admits the allegations in Paragraph 16.

17.     Defendant admits that the Article was made available to the public via the Website and otherwise denies the allegations in Paragraph 17.

18.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18.

19.     Defendant refers the Court to the Article for the true and accurate contents therein, and otherwise denies the allegations in Paragraph 19.

20.     No response is required to Paragraph 20 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

21.     No response is required to Paragraph 21 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

22.     No response is required to Paragraph 22 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

23.     No response is required to Paragraph 23 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

24.     No response is required to Paragraph 24 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

25.     No response is required to Paragraph 25 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

26.     No response is required to Paragraph 26 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

27.     No response is required to Paragraph 27 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

28.     No response is required to Paragraph 28 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

29.     Defendant refers the Court to the Article for the true and accurate contents therein, and otherwise denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

31.     No response is required to Paragraph 31 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

32.     No response is required to Paragraph 32 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

33.     No response is required to Paragraph 33 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

34.     No response is required to Paragraph 34 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

35.     No response is required to Paragraph 35 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

36.     No response is required to Paragraph 36 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

37.     No response is required to Paragraph 37 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

38.     No response is required to Paragraph 38 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

39.     No response is required to Paragraph 39 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

40.     No response is required to Paragraph 40 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

41.     No response is required to Paragraph 41 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

42.     No response is required to Paragraph 42 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

43.     No response is required to Paragraph 43 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

44.     No response is required to Paragraph 44 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

45.     No response is required to Paragraph 45 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

46.     No response is required to Paragraph 46 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

47.     No response is required to Paragraph 47 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

48.     No response is required to Paragraph 48 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

49.     No response is required to Paragraph 49 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

50.     No response is required to Paragraph 50 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

51.     No response is required to Paragraph 51 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

52.     No response is required to Paragraph 52 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

53.     No response is required to Paragraph 53 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

54.     No response is required to Paragraph 54 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

55.     No response is required to Paragraph 55 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

56.     No response is required to Paragraph 56 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

57.     No response is required to Paragraph 57 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

58.     No response is required to Paragraph 58 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

59.     No response is required to Paragraph 59 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

60.     No response is required to Paragraph 60 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

61.     No response is required to Paragraph 61 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

62.     No response is required to Paragraph 62 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

63.     No response is required to Paragraph 63 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

64.     No response is required to Paragraph 64 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

65.     No response is required to Paragraph 65 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

66.     No response is required to Paragraph 66 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

67.     No response is required to Paragraph 67 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

68.     No response is required to Paragraph 68 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

69.     No response is required to Paragraph 69 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

70.     No response is required to Paragraph 70 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

71.     No response is required to Paragraph 71 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

72.     No response is required to Paragraph 72 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

73.     No response is required to Paragraph 73 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

74.     No response is required to Paragraph 74 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

75.     Defendant refers the Court to the Article for the true and accurate contents therein, and otherwise denies the allegations in Paragraph 75 of the Complaint.

76.     No response is required to Paragraph 76 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

77.     No response is required to Paragraph 77 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

78.     No response is required to Paragraph 78 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

79.     No response is required to Paragraph 79 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

80.     No response is required to Paragraph 80 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

81.     No response is required to Paragraph 81 because the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.

82.     Defendant denies the allegations in Paragraph 82.

83.     Defendant denies the allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

86.     Defendant admits that some sources for the Article are former members of TST and otherwise denies the allegations in Paragraph 86.

87.     Defendant admits that David Alan Johnson, Leah Fishbaugh, Mickey Meeham, and Nathan Sullivan (the "*Johnson* Defendants") are former members of TST's Washington Chapter, and otherwise denies the allegations in Paragraph 87.

88.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88.

89.     Defendant admits that Haley Fuller is a former member of TST's West Florida Chapter, and otherwise denies the allegations in Paragraph 89.

90.     Defendant admits that Scott Moul is a former member of TST's Arizona Chapter, and otherwise denies the allegations in Paragraph 90.

91.     Defendant denies the allegations in Paragraph 91.

92.     Defendant admits that on or around September 2018, Newsweek Media Group became two separate companies, Newsweek and IBT Media, that Newsweek is currently owned by Johnathan Davis and Dev Pragad.  Defendant admits, upon information and belief, that Davis is an owner and shareholder of IBT Media, that IBT Media and Etienne Uzac, former co-owner of IBT Media, were indicted for money laundering in a scheme involving Olivet University, and that Uzac pleaded guilty to fraud and money-laundering.  Defendant otherwise denies the allegations in Paragraph 92.

93.     Defendant admits that Duin has written for *The Washington Times* and *GetReligion*, among other publications, has written more than four books, has a Masters Degree in religion from Trinity University, and otherwise denies the allegations in Paragraph 93.

94.     Defendant refers the Court to the Article for the true and accurate contents therein, and otherwise denies the allegations in Paragraph 94.

95.     Defendant denies the allegations in Paragraph 95.

96.     Defendant refers the Court to the Article for the true and accurate contents therein, and otherwise denies the allegations in Paragraph 96.

97.     Defendant admits that Duin communicated with the *Johnson* Defendants through Twitter, among other means, and otherwise denies the allegations in Paragraph 97.

98.     Defendant denies the allegations in paragraph 98.

99.     Defendant denies the allegations in Paragraph 99.

100.    Defendant denies the allegations in Paragraph 100.

101.    No response is required to Paragraphs 101(a)–(h) or 101(j)–(m) of the Complaint because the Court has dismissed Plaintiff's claims arising from the allegations in those subparts. Defendant denies the remaining allegations in Paragraph 101 and subpart (i).

102.    Defendant denies the allegations in Paragraph 102.

103.    No response is required to Paragraphs 103(b)–(f) of the Complaint because the Court has dismissed Plaintiff's claims arising from the allegations in those subparts. Defendant denies the remaining allegations in Paragraph 103 and subpart (a).

104.    Defendant denies the allegations in Paragraph 104.

105.     No response is required to Paragraphs 105(a)–(b) or 105(d)–(e) of the Complaint because the Court has dismissed Plaintiff's claims arising from the allegations in those subparts. Defendant denies the remaining allegations in Paragraph 105 and subpart (c).

106.     Defendant admits that counsel for Plaintiff sent the Demand Letter on October 30, 2021, and admits, upon information and belief, that a copy of the Demand Letter was sent to Duin and otherwise denies the allegations in Paragraph 106.

107.     Defendant admits that it responded to the Demand Letter through counsel, refers the Court to Exhibit 6 for the true and accurate contents therein, and otherwise denies the allegations in Paragraph 107.

108.     Defendant denies the allegations in Paragraph 108.

109.     Defendant denies that Dr. Laycock is misquoted in the Article and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 109.

110.     Defendant denies the allegations in Paragraph 110.

111.     Defendant refers the Court to the Article for the true and accurate contents therein and otherwise denies the allegations in Paragraph 111.

112.     Defendant admits that Exhibit 10 contains emails that constitute some of the communications between Duin and Dr. Laycock, refers the Court to Exhibit 10 for the true and accurate contents therein, and otherwise denies the allegations in Paragraph 112.

113.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113.

114.     Defendant denies the allegations in Paragraph 114.

115.     Defendant denies the allegations in Paragraph 115.

116.     Defendant admits that the Article remains available on the Website and otherwise denies the allegations in Paragraph 116.

## CLAIMS

### Count 1

**(Libel *per se* and libel *per quod*)**

117.     Defendant realleges and incorporates by reference its responses to the foregoing allegations of the Complaint as if set forth herein in response to Paragraph 117.

118.     No response to Paragraph 118 is require to the extent that the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.  Defendant otherwise denies the allegations in Paragraph 118.

119.     Defendant denies the allegations in Paragraph 119.

120.     Defendant denies the allegations in Paragraph 120.

121.     Defendant denies the allegations in Paragraph 121.

122.     Defendant denies the allegations in Paragraph 122.

123.     Defendant denies the allegations in Paragraph 123.

124.     No response to Paragraph 124 is require to the extent that the Court has dismissed Plaintiff's claims arising from the allegations in that Paragraph.  Defendant otherwise denies the allegations in Paragraph 124.

125.     Defendant denies the allegations in Paragraph 125.

126.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding private communications between Plaintiff and its member, and otherwise denies the allegations in Paragraph 126.

127.    Defendant refers the Court to the Article for the true and accurate contents therein, lacks sufficient knowledge or information to form a belief as to the truth of the allegations about the Internet reaction to the Article, and otherwise denies the allegations in Paragraph 127.

128.    Defendant denies the allegations in Paragraph 128.

129.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's business relationship with public relations experts, and otherwise denies the allegations in Paragraph 129.

**JURY DEMAND**

130.    Defendant admits that Plaintiff has demanded trial by jury and otherwise denies that Plaintiff is entitled to any of the relief requested.

To the extent a response is required, Defendant denies the allegations contained in the unnumbered Paragraph beginning "WHEREFORE" following Paragraph 130, including all subparts of that Paragraph, and denies that Plaintiff is entitled to any of the relief requested.

**GENERAL DENIAL**

Defendant denies all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer.

**AFFIRMATIVE DEFENSES**

By alleging the separate and additional defenses set forth below, Defendant is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

**FIRST DEFENSE**

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2.     Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and laches.

## THIRD DEFENSE

3.     Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTH DEFENSE

4.     Plaintiff's Complaint is barred, in whole or in part, because Defendant has not acted with the requisite degree of knowledge, intent, or fault.

## FIFTH DEFENSE

5.     Plaintiff's Complaint fails, in whole or in part, because Defendant's conduct at all times was protected by the First and Fourteenth Amendments to the U.S. Constitution, Article 1, § 8 of the New York Constitution, and any other applicable constitution.

## SIXTH DEFENSE

6.     Plaintiff's Complaint fails, in whole or in part, because Defendant's conduct was reasonable, legally justified, and/or privileged and cannot give rise to any liability on its part.

## SEVENTH DEFENSE

7.     Plaintiff's Complaint fails, in whole or in part, because the alleged statements and/or alleged implications do not assert verifiably false facts, and/or constitute rhetorical hyperbole or substantive statements of opinion.

**EIGHTH DEFENSE**

8.   Plaintiff's Complaint fails, in whole or in part, because to the extent that any statements and/or implications could be interpreted as asserting verifiable facts, those facts are substantially true.

**NINTH DEFENSE**

9.   Plaintiff's Complaint fails, in whole or in part, because some or all of the alleged statements and/or alleged implications that form the basis of Plaintiff's claims are not "of and concerning" Plaintiff.

**TENTH DEFENSE**

10.   Plaintiff's Complaint fails, in whole or in part, because Plaintiff is a public figure for the purposes of all matters alleged in the Complaint, and Plaintiff has not alleged, and cannot prove by clear and convincing evidence, that Defendant published any statement or implications about Plaintiff with actual malice.

**ELEVENTH DEFENSE**

11.   Plaintiff's Complaint fails, in whole or in part, because the alleged statements that form the basis of Plaintiff's claims constitute an action by Defendant involving public petition and participation and Plaintiff has not alleged, and cannot prove by clear and convincing evidence, that Defendant published the statements with knowledge of their falsity or with reckless disregard to their truth as required by N.Y. Civ. Rights Law § 76-a(2).

**TWELFTH DEFENSE**

12.   Plaintiff's Complaint fails, in whole or in part, because some or all of the alleged statements and/or implications are not reasonably susceptible of defamatory meaning.

## THIRTEENTH DEFENSE

13.   Plaintiff's Complaint fails, in whole or in part, because Defendant's alleged conduct is protected by the neutral reportage doctrine.

## FOURTEENTH DEFENSE

14.   Plaintiff's Complaint fails, in whole or in part, because Plaintiff has not suffered any actual damages cause by the publication of the Article as alleged in the Complaint.

## FIFTEENTH DEFENSE

15.   Plaintiff's Complaint fails, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, and speculative.

## SIXTEENTH DEFENSE

16.   Plaintiff's Complaint, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiff is not entitled to seek equitable relief.

## SEVENTEENTH DEFENSE

17.   Plaintiff's Complaint, to the extent that it seeks injunctive relief, is barred because the imposition of injunctive relief would be unconstitutional prior restraint in violation of the First and Fourteenth Amendments to the U.S. Constitution, and Article 1, § 8 of the New York Constitution.

## EIGHTEENTH DEFENSE

18.   Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendant, violates Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution, and applicable state constitutions.

**NINETEENTH DEFENSE**

19.  Plaintiff is not entitled to punitive damages from Defendant because Defendant's alleged conduct does not rise to the requisite level of culpability to justify an award of such damages.

**TWENTIETH DEFENSE**

20.  Plaintiff has failed to mitigate its damages, if any.

**TWENTY-FIRST DEFENSE**

21.  Plaintiff's Complaint fails, in whole or in part, because Plaintiff's injuries, if any, were caused by persons or entities other than Defendant.

**TWENTY-SECOND DEFENSE**

22.  Plaintiff's Complaint fails, in whole or in part, because any injuries or damages allegedly suffered by Plaintiff were not proximately caused by any acts or omissions of Defendant.

**TWENTY-THIRD DEFENSE**

23.  Plaintiff's Complaint fails, in whole or in part, because Plaintiff's claims arise from actions by Defendant in furtherance of its free speech rights under the U.S. and/or New York Constitution in connection with a public issue, and Plaintiff cannot establish a probability of prevailing on the merits.

**ADDITIONAL DEFENSES**

Defendant hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Complaint, it is unable to determine whether it has additional defenses not expressly enumerated in the preceding Paragraphs or elsewhere in this Answer.  Defendant thus reserves its right to amend its Answer to assert additional defenses and to rely upon those additional

defenses to the extent they become available or apparent during discovery or further proceedings in this action.

Dated:   March 22, 2023                    Respectfully submitted,

                                           /s/*Cameron Stracher*
                                           Cameron Stracher
                                           Sara C. Tesoriero
                                           CAMERON STRACHER, PLLC
                                           51 Astor Place, 9th Floor
                                           New York, NY 10003
                                           Tel: 646.992.3850
                                           Fax: 646.992.4241
                                           cam@stracherlaw.com
                                           sara@stracherlaw.com

                                           *Attorneys for Defendant Newsweek Magazine LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I caused a true copy of the foregoing to be served on all counsel of record via ECF.


/s/ *Cameron Stracher*
Cameron Stracher