May 3, 2023

**BY ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *The Satanic Temple, Inc. v. Newsweek Magazine LLC, et. al.*
      **Case No. 1:22-cv-1343 (MKV)**

Dear Judge Vyskocil,

Pursuant to Your Honor's April 5, 2023 Order (ECF No. 29), Plaintiff The Satanic Temple, Inc. ("The Satanic Temple") and Defendant Newsweek Digital, LLC (sued herein as Newsweek Magazine LLC) ("Newsweek") jointly submit this letter in anticipation of the Initial Pretrial Conference scheduled for 2:30PM on May 10, 2023.

**1.       Brief Statement of the Case**

The Satanic Temple is a nontheistic religious organization that advocates for a variety of causes. As relevant to this case, The Satanic Temple brought a defamation suit in the Western District of Washington against several of its former members, who ascribed extremist ideologies and affiliations to the organization. *See United Fed'n of Churches v. Johnson*, 522 F. Supp. 3d 842 (W.D. Wash. 2021) (the "Johnson Case"). After the defamation claims in the Johnson case were dismissed, Newsweek published an article on its website, written by defendant Julia Duin, titled "Orgies, Harassment, Fraud: Satanic Temple Rocked by Accusations, Lawsuit" about the case and about The Satanic Temple's practices, which included statements from the former members as well as from Lucien Greaves, The Satanic Temple's founder, and from Matthew Kezhaya, its General Counsel (the "Article").

The Satanic Temple subsequently brought this lawsuit against both Duin and Newsweek alleging that numerous statements contained in the Article were independently defamatory or defamatory by implication. Duin moved to dismiss the claim against her for lack of personal jurisdiction, pursuant to Rule 12(b)(2), and both Duin and Newsweek moved to dismiss the action for failure to state a claim, pursuant to Rule 12(b)(6). The Court granted Duin's motion, holding that it lacked jurisdiction over her, and granted, in part, Newsweek's motion, holding that twenty-one of twenty-two allegedly defamatory statements were not actionable. As for the one remaining statement, the Court held that quoting a former member who said that he left The

Satanic Temple because of "[a]ccounts of sexual abuse being covered up in ways that were more than anecdotal" was "plausibly defamatory" and survived the motion to dismiss. The Court also found that it could not determine at the motion to dismiss stage whether The Satanic Temple was a public figure, and therefore did not reach Defendants' argument that The Satanic Temple failed to plausibly plead actual malice.

The Satanic Temple contends that the Article is defamatory *per se*, was plainly the product of anonymous internet rumor milling, was published in contravention of Newsweek's own editorial guidelines, and is abjectly untrue.

Newsweek contends that that The Satanic Temple does not have a viable defamation claim based on the remaining statement because The Satanic Temple cannot demonstrate by clear and convincing evidence that the statement was published with actual malice as required under New York's anti-SLAPP law, CPLR § 76-a(2). *See Kesner v. Buhl,* 590 F. Supp. 3d 680, 693 (S.D.N.Y. 2022) (noting that courts in the SDNY have uniformly found the actual malice requirement of the anti-SLAPP statute applies to diversity actions) (collecting cases). In addition, Newsweek is confident that the statement is substantially true, as discovery would demonstrate.

**2.  Subject Matter Jurisdiction and Venue**

**A.  The Satanic Temple's Jurisdictional Statement**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). There is complete diversity among the parties as demonstrated by the party statements below. The Satanic Temple asserts damages in excess of $75,000. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b)(1)–(2) because Newsweek resides in this district.

**B.  Newsweek's Jurisdictional Statement**

As indicated in the Civil Case Management Plan, the parties agree that the proper defendant in this case is Newsweek Digital, LLC. The sole member of Newsweek Digital, LLC, is NW Media Holding Corp., which is a New York corporation with a principal place of business in New York.

**3.  Procedural Posture**

**A.  Motions**

i.  As noted above, Defendant Duin moved to dismiss the claim against her for lack of personal jurisdiction, pursuant to Rule 12(b)(2) (ECF Nos. 16, 17), and this Court granted her motion (ECF No. 27). In addition, both Defendants filed a motion to dismiss the action for failure to state a claim, pursuant to Rule 12(b)(6) (ECF Nos. 19, 20), which this Court granted in part and denied in part, (ECF. No. 27).

ii. Newsweek intends to file a motion for judgment on the pleadings pursuant to Rule 12(c). Newsweek's 12(c) motion will argue that the Complaint lacks any factual allegations suggesting that The Satanic Temple could plausibly demonstrate by clear and convincing evidence that Newsweek published the remaining allegedly defamatory statement with actual malice as required under New York's anti-SLAPP statute. *See* CPLR § 76-a(2). Newsweek intends to ask the Court at the Initial Pretrial Conference to provide a briefing schedule for this motion.

iii. There are no motions currently pending in this matter.

iv. There are no additional applications expected to be made at the Initial Pretrial Conference.

**4.   Discovery**

No discovery has taken place in this matter. The Satanic Temple anticipates deposing Julia Duin. Because she is now a third party and resides in Washington State, the parties expect that the deposition would be via video conference. The Satanic Temple also anticipates requesting the production of emails and office messaging from Newsweek.

Newsweek anticipates deposing Lucien Greaves regarding his knowledge of any allegations of sexual abuse within The Satanic Temple, and others as revealed through discovery. Newsweek also plans to request the production of emails and office messaging from The Satanic Temple regarding knowledge of any allegations of sexual abuse within the organization. Newsweek will also seek discovery regarding The Satanic Temple's reputation and alleged damages.

**5.   Settlement**

Counsel for the parties met through a teleconference and discussed the possibility of settlement in good faith for forty minutes, whereupon they reached a logical conclusion as to monetary damages and reached an impasse. The parties believe that a settlement conference before a Magistrate Judge after the close of discovery would be beneficial.

**6.   Additional Information**

There is no additional information the parties believe would be beneficial to the Court at this time.

Respectfully submitted,

| | |
|---|---|
| REISS SHEPPE LLP | CAMERON STRACHER, PLLC |
| */s/ Matthew Sheppe* | */s/ Cameron Stracher* |
| Matthew Sheppe | Cameron Stracher |
| 425 Madison Ave., 19th Floor | Sara C. Tesoriero |
| New York, NY 10017 | 51 Astor Place, 9th Floor |
| Tel: (212) 753-2424 | New York, NY 10003 |
| Fax: (347) 348-0731 | Tel: (646) 992.3850 |
| msheppe@reisssheppe.com | Fax: (646) 992.4241 |
| | cam@stracherlaw.com |
| KEZHAYA LAW PLC | sara@stracherlaw.com |
| Matthew Kezhaya | |
| 300 N. Washington Ave., #300 | *Attorneys for Newsweek Magazine, LLC* |
| Minneapolis, MN 55401 | |
| Tel: (479) 431-6112 | |
| matt@kezhaya.law | |

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 3, 2023, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

/s/ *Sara C. Tesoriero*
Sara C. Tesoriero