USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE SATANIC TEMPLE, INC.

Plaintiff,

-v-

NEWSWEEK MAGAZINE LLC and JULIA DUIN

Defendants.

Case No. 22-cv-01343 (MKV)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

Mary Kay Vyskocil, United States District Judge

This proposed Civil Case Management Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 23 (f) (3):

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

**DISCOVERY**

4. Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be served not later than 14 days from the date of this Order.

5. All fact discovery shall be completed no later than September 8, 2023.

6. [The requirement of a HIPAA release is not applicable].

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the

        Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

        a. Initial requests for production of document to be served by June 9, 2023.
        b. Interrogatories to be served by August 9, 2023.
        c. Depositions to be completed by September 8, 2023.
        d. Requests to Admit to be served no later than August 9, 2023.

8. <u>Expert Discovery</u>

> *The parties have advised the Court that they plan to complete expert discovery before the close of fact discovery because they believe that fact discovery will flow from expert discovery on the issue of monetary harm.*

        a. All expert discovery shall be completed no later than July 10, 2023.
        b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).

9. In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.

10. In the event the Parties are unable to resolve the dispute through the meet and confer process, the Parties may file a joint letter on ECF, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. Discovery disputes must be raised with the Court in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery cutoff.

11. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

12. The parties met through a face-to-face teleconference in good faith about settlement for 40 minutes, whereupon they reached a logical conclusion as to monetary damages and reached an impasse.

13. The parties have discussed settlement and the use of alternate dispute resolution.

> *By May 24, 2023, the parties shall request any information, other than that which must be provided through initial disclosures, which they think might aid early settlement of this case. Such information shall be provided within one week of the request.*

        a. Counsel for the parties have not discussed an informal exchange of information in aid of an early settlement of this case.
        b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case and jointly recommend a settlement conference before a Magistrate Judge.

   c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b be employed at the close of discovery.

*The parties are advised that their estimate of the length of trial is unreasonably long and that they must plan accordingly.*

14. Counsel for the parties have conferred and their present best estimate of the length of trial is three to four days.

15. [Misc.] The proper party defendant is "Newsweek Digital, LLC." The parties stipulate that the caption should be amended to "Satanic Temple, Inc. v. Newsweek Digital, LLC"

---

### TO BE COMPLETED BY COURT:

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.16. ~~A Post-Discovery Conference is scheduled for~~ at in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007. *A post-discovery conference is scheduled for October 4, 2023 at 3:00 PM.*

One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

 a. a statement of any existing deadlines, due dates, and/or cut-off dates;
 b. a brief description of any outstanding motions;
 c. a brief description of the discovery and undertaken if either party believes any additional discovery that needs to be completed;
 d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;
 e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;
 f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (see Individual Practice Rules ¶4(A)(i));
 g. any other issue that the parties would like to address at the conference; and
 h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

If no SJ motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended. Failure to comply with the**

**deadlines set forth herein may result in sanctions, including preclusion at trial of information not provided or dismissal of claims or defenses.**

By May 12, 2023, the Parties shall file a stipulation regarding substitution of the defendant and amendment of the caption. Defendant's motion for judgment on the pleadings is due by May 24, 2023. Plaintiff's opposition is due by June 16, 2023, and any reply is due by June 23, 2023.

_____
Mary Kay Vyskocil
United States District Judge

Dated: 5/10/2023
New York, New York

## CERTIFICATE OF SERVICE

    I hereby certify that on May 3, 2023, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

                                          /s/ *Sara C. Tesoriero*
                                          Sara C. Tesoriero