UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                        :
THE SATANIC TEMPLE, INC.,                                               :
                                                                        :
                                     Plaintiff,                         :   Case No. 1:22-cv-01343-MKV
                                                                        :
v.                                                                      :
                                                                        :
NEWSWEEK DIGITAL, LLC                                                   :
                                                                        :
                                     Defendant.                         :
                                                                        :
                                                                        :
------------------------------------------------------------------------ x

## STIPULATION AND [PROPOSED] ORDER RELATING TO THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, plaintiff The Satanic Temple, Inc., and defendant Newsweek Digital, LLC (each, a "Party," and, collectively, the "Parties") are parties in the above-captioned case (hereinafter, the "Litigation");

WHEREAS, in the course of discovery in the Litigation, certain confidential information might be requested, produced, and/or provided to opposing counsel, including, but not limited to, financial information, proprietary commercial information and data, and unpublished information and material generated or collected in the course of publishing the Article;

NOW, THEREFORE the Parties, by and through their undersigned counsel, hereby agree to the following terms and respectfully request that the Court so-order this Stipulation to enter a confidentiality order (the "Protective Order") governing the Litigation:

1.      If a Party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery request or otherwise to be provided in the Litigation ("Responsive Materials"), are confidential and should not be disclosed other than in connection with the Litigation and pursuant to this Protective Order, the

Party shall mark each such document or other material as "**CONFIDENTIAL.**"  If it is impracticable to mark Responsive Materials in such a fashion, a Party may designate the material as "**CONFIDENTIAL**" in writing in any manner reasonably sufficient to give notice of its protected nature to all other Parties.

2. A Party may designate a portion of a deposition transcript containing confidential information as:

   a. "**CONFIDENTIAL**" by so stating on the record at the deposition;

   b. "**CONFIDENTIAL**" by advising all counsel in writing within fourteen (14) calendar days of receipt of the written deposition transcript.

All deposition transcripts and information contained therein shall temporarily be deemed "**CONFIDENTIAL**" for fourteen (14) calendar days after receipt of the written deposition transcript.  Nevertheless, during those periods, the transcripts may be provided to the witness who testified at the deposition.

3. A Party shall not routinely designate material or information as "**CONFIDENTIAL**" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

4. If a Party disputes whether Responsive Materials should be marked "**CONFIDENTIAL**," the Parties shall attempt to resolve the dispute between themselves.  If they are unsuccessful, the Party challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

5. No Party, attorney, or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any Responsive Materials that are marked "**CONFIDENTIAL**" or the contents thereof, except in accordance with this Protective Order.

6. Any material or information marked or designated as "**CONFIDENTIAL**" shall not be disclosed in any manner to anyone other than the following:

    a. The Parties and their employees who have responsibility for assisting counsel with respect to this Litigation;

    b. Counsel for the Parties, including paralegals, legal assistants, clerical and secretarial personnel, and vendors and consultants of the Parties' counsel assisting in the conduct of this action;

    c. Expert witnesses or consultants retained in connection with this Litigation and for the sole purpose of preparing the expert witness or consultant to testify or to consult with any of the Party's attorneys;

    d. Deposition witnesses, for the sole purpose of examining the witness during a deposition;

    e. Stenographic reporters and videographers employed by counsel who are engaged in such proceedings as are necessarily incident to the conduct of this action;

    f. The Court and its personnel; and

    g. Such other persons as may be mutually agreed upon in writing by the Parties or their counsel prior to any disclosure.

7. Any expert or third party witness to whom any "**CONFIDENTIAL**" material or information is disclosed as set forth above shall be provided with a copy of this Protective Order and instructed that they must return any document or other material marked "**CONFIDENTIAL**" at the conclusion of the case, including notes or memoranda made from or

containing "**CONFIDENTIAL**" material or information.  In addition, such expert or third party witness shall execute a Declaration in the form of Appendix A hereto.

8. Where any **"CONFIDENTIAL"** material or information is included in any motion or other proceeding in the Litigation is submitted to or otherwise disclosed the Court in connection with public proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

9. The parties shall meet and confer regarding the procedures for any use of any **"CONFIDENTIAL"** material or information at trial and shall move the Court for entry of an appropriate order.

10. Within thirty days of the conclusion of the Litigation, the Parties or their attorneys must gather the "**CONFIDENTIAL**" materials and copies thereof, and related notes and memoranda that have been disclosed to them (and others through them) pursuant to this Protective Order, and either destroy them or return them to the Party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.  The Parties and their attorneys do not need to return or destroy any document that has been entered as evidence or is included in a court filing or any transcription of testimony at a deposition or in court.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including, but not limited to, drafts of pleadings, notes, memoranda, and any index which refers or relates to information designated "**CONFIDENTIAL**."

11. If any Party obtains any Responsive Materials from any source other than another Party, or otherwise already possesses any Responsive Materials, the provisions of this Protective

4

Order shall not apply to such Responsive Materials. Nothing in this Protective Order shall be construed to prevent the Parties or any other person from possessing, using, and/or publishing as they see fit any information or materials that they receive, derive, or develop from sources independent of this Litigation. In addition, nothing herein shall prevent a Party from sharing its own Confidential material or information with any person or entity.

12. This Protective Order in no way affects the Parties' ability to raise objections that they might otherwise have under the rules of discovery or evidence.

13. Any Party may seek relief from the Court in the Litigation for any alleged violation of this Protective Order.

14. The entry of this Protective Order is without prejudice to any party's right to move at a later time for another protective order for any purpose.

15. The Court reserves its inherent power to modify the terms of this Protective Order and permit the disclosure of information where the interest of justice so requires.

Respectfully submitted,

CROWN LAW

*/s/ Matt Kezhaya*
Matt Kezhaya
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
Tel: (479) 431-6112
matt@crown.law

REISS SHEPPE LLP

Matthew Sheppe
425 Madison Ave., 19th Floor
New York, NY 10017
Tel: (212) 753-2424
Fax: (347) 348-0731
msheppe@reisssheppe.com

*Attorneys for Plaintiff*

CAMERON STRACHER, PLLC

/s/ *Cameron Stracher*
Cameron Stracher
Sara C. Tesoriero
51 Astor Place, 9th Floor
New York, NY 10003
Tel: (646) 992.3850
Fax: (646) 992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for Newsweek Digital, LLC*

**SO ORDERED**

_____
Mary Kay Vyskocil
United States District Judge


Dated: _____
         New York, NY

## APPENDIX A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                        :
THE SATANIC TEMPLE, INC.,                                               :
                                                                        :
                                  Plaintiff,       :   Case No. 1:22-cv-01343-MKV
v.                                                                      :
                                                                        :
NEWSWEEK DIGITAL, LLC                                                   :
                                                                        :
                                  Defendant.                 :
                                                                        :
                                                                        :
------------------------------------------------------------------------ x

## **DECLARATION REGARDING CONFIDENTIALITY**

      1.      My name is _____, and I have an address at _____.

      2.      I am aware that a protective order (the "Protective Order") has been entered in the above-captioned cases (the "Litigation").

      3.      A copy of the Protective Order has been given to me. I have read the Protective Order and agree to comply with all of its provisions.

      4.      I will only use documents and information afforded treatment as "**CONFIDENTIAL**" under the Protective Order in connection with the Litigation.

      5.      I will not disclose or discuss documents or information afforded treatment as "**CONFIDENTIAL**" under the Protective Order with others.

      6.      I understand that the use of any information stamped as "**CONFIDENTIAL**" or otherwise designated as "**CONFIDENTIAL** including any portions or summaries thereof, in any manner contrary to the provisions of the Protective Order will subject me to sanctions by the Court.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated:

                                                                                         _____

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

/s/ *Sara C. Tesoriero*
Sara C. Tesoriero