**BY ECF**

The Honorable May Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

**Re:** *The Satanic Temple, Inc. v. Newsweek Digital, LLC* (22-cv-1343) – joint discovery letter

Dear Judge Vyskocil:
Pursuant to Local Rule 37.2 and Individual Civil Rule 3(D), please consider this a joint letter requesting an informal discovery conference.

**Plaintiff's Position**

Plaintiff served its first set of discovery requests on May 24, 2023. Defendant's responses as amended are attached as Exhibit 1. Plaintiff served its second set of discovery requests on June 9, 2023. Defendant's responses as amended are attached as Exhibit 2. The parties conferred on these issues by video conference on July 14. The conference was to address TST's objection to Newsweek's use of general objections. As shown below, the conference did not resolve the dispute.

1: Communications with third parties about the article.

TST propounded a Rule 34 request for a copy of all communications with third parties about the article. Exhibit 1, at 4 (Request no. 2).

The request is relevant to the surviving claim of defamation because it pertains to the allegation that Newsweek was at least negligent in republishing the claim of sexual abuse. Partly, this is so because it is expected that the communications will show a pattern of rumor-milling. This information may also reveal biased information gathering, which shows a bias in the reporting.

The request is proportional to the needs of the case because the information sought is central to the claim of biased fact-gathering, Newsweek has access to this information to the exclusion of TST, and the burden would be lower on Newsweek to produce all relevant emails to the article than reviewing for those which are responsive to the claim of sexual abuse.

Newsweek responds with a general objection that the request is disproportionate to the needs of the case to the extent it seeks communications unrelated to the research or drafting of the statement giving rise to the surviving claim.

Newsweek's response is deficient as a general objection. The burden is on the responding party to provide "particularized facts" to support its objections. *Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). There are no particularized facts to support the objection that the information is disproportionate to the needs of the case. Nor is there a particularized argument for why the information is disproportionate. See FRCP 26(b)(1).

Newsweek's response is also deficient for failure to address whether responsive materials are being withheld. *Id.*; FRCP 34(b)(2)(C).

2: <u>All internal communications.</u>

Same as above, TST propounded a request for all communications relating to the writing, editing, and publication of the referenced article. Exhibit 1, at 5 (Request No. 4).

The information sought is relevant to the claim of defamation because it is expected to reveal an anti-TST bias inside of Newsweek. The information is proportional to the needs of the case because the documents sought are central to the claim of biased fact-gathering, Newsweek has access to this information to the exclusion of TST, and the burden would be lower on Newsweek to produce all communications relevant to the article than reviewing for those which are responsive to the claim of sexual abuse.

Newsweek issued a copy/paste response of the one at issue above. Same as above, the response offers no particularized facts, no analysis for how the request is disproportionate, and no statement whether documents are being withheld.

3: <u>Policies surrounding fact-checking procedures.</u>

TST also requested copies of all policies surrounding Newsweek's fact-checking procedures during the preparation of the article. Exhibit 1, at 6 (Request No. 6).

This information is relevant to the assertion of biased reporting because the existence of fact-checking procedures can be compared against the conduct to determine whether Newsweek's reporting about TST diverges from its own internal requirements. Again, the information is central to the issue of biased reporting and is in the possession of Newsweek to the exclusion of TST.

Newsweek objects that "fact-checking procedures" is vague and undefined. TST respectfully submits that the phrase satisfies the requirement that a reasonable person would know what documents or things are being sought. *See* 2 *Civil Practice in the Southern District of New York* § 21:8 (2d ed.)*; Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348 (S.D.N.Y. 1973) ("all documents relating to defendant's operations and procedures in connection with the rating of commercial paper" was reasonably particular).

4: <u>All documents supporting the decision to publish.</u>

TST also requested copies of all documents supporting the decision to publish the allegations of sexual abuse against TST in the article. Exhibit 1, at 6-7 (Request No. 8).

This information is relevant to the assertion of biased reporting because it is anticipated that the decision to publish was rooted in Newsweek's and Duin's religious and political bias against TST rather than facts. As above, the information is central to the claim of biased reporting, may reveal negligent reporting, and is expected to reveal common law malice of a kind which supports punitive damages and defeats the First Amendment affirmative defense (see Answer, ECF 28, at 15). The information is also within the sole possession of Newsweek to the exclusion of TST and should not be burdensome to locate.

Newsweek objects that the phrase "support the decision to publish" is vague and undefined. TST respectfully submits that the phrase satisfies the requirement that a reasonable person would know what documents or things are being sought. *Ibid.*

Newsweek also incorporates by reference various general objections, but those are boilerplate and merit no further discussion. *Fischer*, 2017 WL 773694, at *3 ("meaningless boilerplate" does not satisfy discovery obligations).

5: Second discovery requests

TST also issued a second set of discovery requests. Exhibit 2. As above, Newsweek's objections are all "meaningless boilerplate," devoid of any particularized facts or analysis to support the repetitious claims of disproportionality and assertions that plain language requests are vague. In lieu of repeating the same analysis, the Court should deem Newsweek's responses to the second requests to be nonresponsive and a waiver of all objections. *Fischer*, 2017 WL 773694, at *3.

6: Conclusion

These responses are deficient by any measure. TST requests an informal discovery conference and asks that the Court direct Newsweek to produce the materials sought without further delay and for attorney's fees in having to bring this matter to the Court's attention. FRCP 37(a)(5).

**Defendant's Position**

Defendant responded to Plaintiff's first set of discovery requests on June 23, 2023, and responded to Plaintiff's second set of discovery requests on July 10, 2023. After the parties met and conferred on July 14, 2023, Defendant served its amended responses to Plaintiff's first set of discovery requests on July 26, 2023, and its amended responses to Plaintiff's second set of discovery requests on July 31, 2023. The court entered the parties' Stipulated Protective Order on July 24, 2023, and Defendant produced documents responsive to Plaintiff's discovery requests on August 1, 2023.[1]

Plaintiff essentially takes issue with Newsweek's responses to four specific requests for production of documents (Requests No. 2, 4, 6, and 8) in Plaintiff's first request for production of documents. Plaintiff does not take issue with Defendant's objections to all eleven of its wholly improper Interrogatories, which ask Defendant to identify, for example, "all individuals who subscribe to *Newsweek* Digital," (Int. No. 4) and "all *Newsweek* articles that have ever mentioned sexual abuse" (Int. No. 10). Nor does Plaintiff complain about any specific shortcomings in Defendant's Responses to Plaintiff's Second Discovery Requests which seek, for example, "all agreements between Newsweek Digital, LLC and any other organization that produces, or has ever produced, Newsweek, the publication" (Request No. 9) and "all agreements which permit Newsweek Digital LLC to produce Newsweek, the publication" (Request No. 10).

---

[1] Despite Plaintiff's contentions about Defendant's responses to its discovery, it has yet to produce *any* documents responsive to Defendant's discovery requests, despite promising to do so, with the exception of exhibits attached to its complaint and three publicly available articles written by Julia Duin.

Plaintiff's contention that it is entitled to "all communications" between Julia Duin and third parties relating to the Article (Request No. 2), "all communications" relating to the writing, editing and publication of the Article (Request No. 4), and any fact-checking procedure" related to the article" (Request No. 6) sweeps far too broadly and ignores this Court's holding dismissing all of Plaintiff's claims with the exception of Plaintiff's defamation claim arising from the statement "Accounts of sexual abuse being covered up in ways that were more than anecdotal" (the "Article Statement").[2] Plaintiff also fails to inform the Court that Defendant has agreed to produce, and has in fact produced, "communications between Duin and third parties" relating to the Article Statement (Request No. 2), "communications relating to the writing, editing and publication" of the Article Statement (Request No. 4), and documents relating to the fact-checking of the Article Statement (Request No. 6).  In short, Defendant has either produced or agreed to produce all documents in its possession, custody, or control that relate in any way to the researching, writing, and publishing of the Article Statement, which is the only remaining issue in this case.

Plaintiff's argument that it is entitled to the broad document production it seeks in order to show "rumor-milling" or "biased reporting" is irrelevant where, as here, Plaintiff must demonstrate that Defendant acted with actual malice pursuant to New York's anti-SLAPP statute.  *See* NY CPLR §§ 70-a & 76-a (extending the "actual malice" requirement to "any communication in a place open to the public or a public forum in connection with an issue of public interest"); *Kesner v. Buhl*, 590 F. Supp. 3d 680, 693 (S.D.N.Y. 2022) (courts have "uniformly found" that the actual malice standard under New York's anti-SLAPP statute applies to diversity actions) (citing cases).  General assertions of political or personal bias, however, do not establish actual malice.  *McDougal v. Fox News Network, LLC*, 489 F.Supp.3d 174, 185 (S.D.N.Y. 2020).  For the same reason, Plaintiff's fishing expedition seeking all communications with third parties in order to demonstrate negligence ignores its proper burden here.  Finally, Plaintiff's argument that these documents "reveal common law malice of a kind which . . . defeats the First Amendment affirmative defense" misstates the applicable law.  *See Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 666 (2d Cir. 1989) ("the actual malice standard is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the word").

For these reasons, Plaintiff's request for a discovery conference and for an order directing Defendant to produce the broad category of documents it requests should be denied.

---

[2] Plaintiff also challenges Defendant's objection, in response to Request No. 8, to the request to produce all documents "supporting the decision to publish" because it is vague and undefined.  Plaintiff ignores that Defendant referred Plaintiff to the documents produced in response to Requests Nos. 2, 4, 5, and 6 in response to Request No. 8.

Respectfully submitted,

| | |
|---|---|
| CROWN LAW | CAMERON STRACHER, PLLC |
| | |
| */s/ Matt Kezhaya* | /s/ *Cameron Stracher* |
| Matt Kezhaya | Cameron Stracher |
| 150 S. Fifth Street, Suite 1850 | Sara C. Tesoriero |
| Minneapolis, MN 55402 | 51 Astor Place, 9th Floor |
| Tel: (479) 431-6112 | New York, NY 10003 |
| matt@crown.law | Tel: (646) 992.3850 |
| | Fax: (646) 992.4241 |
| *Attorneys for Plaintiff* | cam@stracherlaw.com |
| | sara@stracherlaw.com |
| REISS SHEPPE LLP | |
| Matthew Sheppe | *Attorneys for Newsweek Magazine, LLC* |
| 425 Madison Ave., 19th Floor | |
| New York, NY 10017 | |
| Tel: (212) 753-2424 | |
| Fax: (347) 348-0731 | |
| msheppe@reisssheppe.com | |

## Certificate of service

**NOTICE IS GIVEN** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on August 2, 2023, which sends service to registered users, including all other counsel of record in this cause. *s/ Matt Kezhaya*