UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

THE SATANIC TEMPLE, INC.,

                         Plaintiff,      :  Case No. 1:22-cv-01343-MKV

v.

NEWSWEEK DIGITAL, LLC

                        Defendant.

------------------------------------------------------------------------- x

## DEFENDANT'S AMENDED REPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

Defendant Newsweek Digital, LLC ("Newsweek" or "Defendant"), by and through undersigned counsel, hereby amends its responses and objections to Plaintiff The Satanic Temple, Inc.'s (the "Satanic Temple" or "Plaintiff") First Discovery Requests (the "Discovery Requests") in connection with the above-captioned action.

## GENERAL TERMS AND CONDITIONS FOR RESPONSES

1.     Defendant makes these responses without waiving or intending to waive any objections as to the competence, relevance, materiality, or admissibility of any of Plaintiff's Discovery Requests, or Defendant's responses thereto, at trial or otherwise.

2.     In responding to any of Plaintiff's Discovery Requests, Defendant explicitly reserves the right (a) to object to the admissibility at trial of any information or documents produced in connection with such responses, and (b) to modify such responses at a later date if further factual development or analysis warrants such modification.

3.      As used in Defendant's responses, "Article" shall mean the article titled "Orgies, Harassment, Fraud: Satanic Temple Rocked by Accusations, Lawsuit," attached as Exhibit 1 to the Complaint.

4.      As used in Defendant's responses, "Article Statement" shall mean the quote in the Article attributed to Jinx Strange that forms the basis of Plaintiff's defamation claim, which reads: "Accounts of sexual abuse being covered up in ways that were more than anecdotal."

## GENERAL OBJECTIONS

1.      Defendant objects to the scope of Plaintiff's Discovery Requests as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case in light of the Court's March 8 Order dismissing Julia Duin ("Duin") from this case for lack of personal jurisdiction and dismissing Plaintiff's claims premised based on any statements in the Article aside from the Article Statement.  ECF No. 27.

2.      Defendant objects to Plaintiff's Discovery Requests to the extent that they seek to impose upon Defendant any obligations or responsibilities in excess of those required by the Federal Rules of Civil Procedure or any Local Rule of the United States District Court for the Southern District of New York.

3.      Defendant objects to Plaintiff's Discovery Request to the extent that they seek information not in Defendant's possession, custody, or control.

4.      Defendant objects to Plaintiff's Discovery Requests to the extent they seek information or documents that (a) were prepared for or in anticipation of litigation; (b) constitute work product; (c) constitute or contain privileged attorney-client communications; or (d) are otherwise privileged from disclosure. Pursuant to the attorney-client and work-product privilege and other applicable privileges, Defendant will not provide any such protected information.

2

5.      Defendant objects to Plaintiff's Discovery Requests to the extent they seek to impose on Defendant any obligations or responsibilities to produce ESI that is not reasonably accessible or in forms that are not maintained in the ordinary course of business, because such production would impose undue burden and unnecessary expense on Defendant.

## INTERROGATORIES

**Interrogatory No. 1:** Identify all individuals involved in the writing, editing, and publication of the referenced article that contains allegations of sexual abuse against TST. For each individual, provide their name, mailing address, telephone number, and email address.

**RESPONSE:**      Subject to and without waiving the General Objections, Defendant refers Plaintiff to Defendant's Initial Disclosures for the information requested herein.

**Interrogatory No. 2:** Identify all sources of information used in the creation of the referenced article, specifically those sources that provided information regarding the allegations of sexual abuse against TST. For each individual, provide their name, mailing address, telephone number, and email address.

**RESPONSE:**      Defendant objects to this Interrogatory as disproportionate to the needs of the case to the extent it seeks information unrelated to the Article Statement.  Subject to and without waiving this objection or the General Objections, Defendant refers Plaintiff to Defendant's Initial Disclosures, and additionally identifies the following individual as sources who provided information regarding the Article Statement: Scott Malphas, scottiswinning@gmail.com.

**Interrogatory No. 3:**  Identify all steps taken to verify the truth of the allegations of sexual abuse against TST before publishing the referenced article.

**RESPONSE:**     Defendant objects to this request because it seeks information that could more practicably be obtained through a request for production or a deposition, in violation of Rule 33.3(b) of the United States District Court for the Southern District of New York. Additionally, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the documents that are being produced in response to Plaintiff's Request for Production of Documents for the information requested herein.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:**    Produce the independent contractor agreement between Newsweek Digital LLC and Julia Duin.

**RESPONSE:**     Defendant objects to this Request as disproportionate to the needs of the case because Duin is no longer a defendant in this action, her role as the writer of the Article is not in dispute, and therefore any contractor agreement between Defendant and Duin is not relevant to the claims or defenses of any party in this action.

**Request No. 2:**    Produce all communications between Julia Duin and third parties pertaining to the article.

**RESPONSE:**     Defendant objects to this Request as disproportionate to the needs of the case to the extent it seeks communications unrelated to the research or drafting of the Article Statement.  Subject to and without waiving these objections or the General Objections,

Defendant will produce communications between Duin and third parties related to the research and drafting of the Article Statement in its possession, custody, or control.

**Request No. 3:**    Produce all drafts of the article that contains allegations of sexual abuse against TST, including any with comments, edits, or suggestions.

**RESPONSE:**    Subject to and without waiving the General Objections, Defendant will produce drafts of the Article that contain allegations of sexual abuse against the Satanic Temple in its possession, custody, or control.

**Request No. 4:**    Produce all communications relating to the writing, editing, and publication of the referenced article, including emails, texts, memos, and notes.

**RESPONSE:**    Defendant objects to this Request as disproportionate to the needs of the case to the extent it seeks information unrelated to the Article Statement.  Subject to and without waiving this objection or the General Objections, Defendant will produce communications in its possession, custody, or control relating to the writing, editing, and publication of the Article Statement.

**Request No. 5:**    Produce all documents and communications between Duin and Jinx Strange.

**RESPONSE:**    Defendant objects to this Request as disproportionate to the needs of the case to the extent it seeks information unrelated to the Article Statement.  Subject to and without waiving this objections or the General Objections, Defendant will produce communications

between Duin and Jinx Strange related to the Article Statement in its possession, custody, or control.

**Request No. 6:**    Produce any policies surrounding Newsweek's fact-checking procedures during the preparation of the article.

**RESPONSE:**    Defendant objects to this Request because the term "fact-checking procedures" is vague and undefined.  Defendant further objects to this Request as disproportionate to the needs of this case to the extent it seeks information unrelated to the fact-checking of the Article Statement.  Subject to and without waiving these objections or the General Objections, Defendant will produce non-privileged documents related to the fact-checking of the Article Statement.

**Request No. 7:**    Produce all communications from Newsweek or Duin to TST soliciting comment on the allegation of sexual abuse before the publication of the referenced article.

**RESPONSE:**    Defendant will produce non-privileged documents in its possession, custody, or control, if any, responsive to this request.

**Request No. 8:**    Produce all documents supporting the decision to publish the allegations of sexual abuse against TST in the referenced article.

**RESPONSE:**    Defendant objects to this Request because the term "support the decision to publish" is vague and undefined.  Subject to and without waiving this objection or the General

Objections, Defendant refers Plaintiff to its responses to Requests 2, 4, 5, and 6 for the

information requested herein.

Dated:  July 26, 2023                    By:   */s/ Cameron Stracher*
                                                   Cameron Stracher
                                                   Sara Tesoriero
     Law Offices of Cameron Stracher
     51 Astor Place, 9th Floor
     New York, NY 10003
     Tel:    (646) 992-3850
     Fax:    (646) 992-4241
     Email:  cam@stracherlaw.com
              sara@stracherlaw.com

     *Attorneys for Defendant*