UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                          :
THE SATANIC TEMPLE, INC.,                                                 :
                                                                          :
                                            Plaintiff,                    :   Case No. 1:22-cv-01343-MKV
v.                                                                        :
                                                                          :
NEWSWEEK DIGITAL, LLC                                                     :
                                                                          :
                                                                          :
                                                                          :
                                            Defendant.                    :
                                                                          :
------------------------------------------------------------------------ x

**DEFENDANT'S REPONSES TO PLAINTIFF'S SECOND DISCOVERY REQUESTS**

Defendant Newsweek Digital, LLC ("Newsweek" or "Defendant"), by and through undersigned counsel, hereby responds and objects to Plaintiff The Satanic Temple, Inc.'s (the "Satanic Temple" or "Plaintiff") Second Discovery Requests (the "Discovery Requests") in connection with the above-captioned action.[1]

**GENERAL TERMS AND CONDITIONS FOR RESPONSES**

1.      Defendant makes these responses without waiving or intending to waive any objections as to the competence, relevance, materiality, or admissibility of any of Plaintiff's Discovery Requests, or Defendant's responses thereto, at trial or otherwise.

2.      In responding to any of Plaintiff's Discovery Requests, Defendant explicitly reserves the right (a) to object to the admissibility at trial of any information or documents produced in connection with such responses, and (b) to modify such responses at a later date if further factual development or analysis warrants such modification.

---

[1] Plaintiff served a second set of discovery requests on Defendant that are also titled "TST's First Discovery Requests." These responses refer to the discovery requests served on Defendant on June 9, 2023.

3.      As used in Defendant's responses, "Article" shall mean the article titled "Orgies, Harassment, Fraud: Satanic Temple Rocked by Accusations, Lawsuit," attached as Exhibit 1 to Plaintiff's Complaint.

4.      As used in Defendant's responses, "Article Statement" shall mean the quote in the Article attributed to Jinx Strange that forms the basis of Plaintiff's defamation claim, which reads: "Accounts of sexual abuse being covered up in ways that were more than anecdotal."

## GENERAL OBJECTIONS

1.      Defendant objects to the scope of Plaintiff's Discovery Requests as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case in light of the Court's March 8 Order dismissing Julia Duin ("Duin") from this case for lack of personal jurisdiction and dismissing Plaintiff's claims premised based on any statements in the Article other than the Article Statement.  ECF No. 27.

2.      Defendant objects to Plaintiff's Discovery Requests to the extent that they were interposed for the improper purpose of harassing Defendant by requesting documents or information that are clearly irrelevant to the claims or defenses of any party in this action and disproportionate to the needs of the case in light of the Court's March 8 Order dismissing Plaintiff's defamation claim arising from any statement in the Article other than the Article Statement.  In the event that Plaintiff persists with such requests, Defendant will seek sanctions pursuant to Rule 26(g)(3) of the Federal Rules of Civil Procedure.

3.      Defendant objects to Plaintiff's Discovery Requests to the extent they seek to impose upon Defendant any obligations or responsibilities in excess of those required by the Federal Rules of Civil Procedure or any Local Rule of the United States District Court for the Southern District of New York.

4.      Defendant objects to Plaintiff's Discovery Request to the extent they seek information not in Defendant's possession, custody, or control.

5.      Defendant objects to Plaintiff's Discovery Requests to the extent they seek information or documents that (a) were prepared for or in anticipation of litigation; (b) constitute work product; (c) constitute or contain privileged attorney-client communications; or (d) are otherwise privileged from disclosure. Pursuant to the attorney-client and work-product privilege and other applicable privileges, Defendant will not provide any such protected information.

6.      Defendant objects to Plaintiff's Discovery Requests to the extent they seek to impose on Defendant any obligations or responsibilities to produce ESI that is not reasonably accessible or in forms that are not maintained in the ordinary course of business, because such production would impose undue burden and unnecessary expense on Defendant.

## INTERROGATORIES

**Interrogatory No. 4:** Identify all individuals who subscribe to *Newsweek* Digital. For each individual, provide their name, mailing address, telephone number, and email address.

**RESPONSE:**      Defendant objects to this Interrogatory as overboard, unduly burdensome, and disproportionate to the needs of the case because the identities of individuals who subscribe to *Newsweek* are not relevant to the claims or defenses of any party in this action.  Defendant further objects to this Interrogatory as overboard, unduly burdensome, and disproportionate to the needs of the case because it is unlimited in time.

**Interrogatory No. 5:** Identify all ultimate individual owners of Newsweek Digital LLC. The "ultimate individual owners" consist of the individuals who own Newsweek Digital LLC directly, or who have the membership interests in the LLC members of Newsweek Digital LLC

(or such parent LLCs), the corporate shares of the corporate members of Newsweek Digital LLC

(or such parent corporations), or such other juristic entities as applicable. For each individual,

provide their name, residential address, telephone number, and email address.

**RESPONSE:**     Defendant objects to this Interrogatory as disproportionate to the needs of the

case because the identities of the "ultimate individual owners" of Defendant are not relevant to

the claims or defenses of any party in this action.  Subject to and without waiving these

objections or the General Objections, Defendants states that Newsweek Digital LLC is wholly

owned by NW Media Holdings Corp.


      **Interrogatory No. 6:**  Identify the nature of the right of Newsweek Digital LLC to use

the trade name *Newsweek* for publication.

**RESPONSE:**     Defendant objects to this Interrogatory because the term "nature of the right" is

vague and undefined.  Defendant further objects to this Interrogatory as disproportionate to the

needs of the case because the right of Defendant to use the trade name *Newsweek* for publication

is not relevant to the claims or defenses of any party in this action. Defendant further objects to

this Interrogatory because it seeks information beyond what is permitted under Rule 33.3(b) of

the United States District Court for the Southern District of New York.


      **Interrogatory No. 7:** Identify all owners, employees, and affiliates of Newsweek Digital

LLC. For each individual, provide their name, relationship to Newsweek Digital LLC, (if

employee, specify title), mailing address, telephone number, and email address. For each juristic

entity, provide name and State of organization/incorporation/etc.

**RESPONSE:**    Defendant objects to this Interrogatory as overboard, unduly burdensome, and disproportionate to the needs of the case because Defendant has already identified its owner as necessary for this litigation, and the identity of Defendant's employees and affiliates is not relevant to the claims or defenses of any party in this action.  Subject to and without waiving these objections or the General Objections, Defendant refers Plaintiff to its Response to Interrogatory 5, and to the Stipulation and Proposed Order to Amend Case Caption, ECF. No. 35, for the information requested herein regarding Defendant's owner.

**Interrogatory No. 8:** Identify all instances a reader shared the article through the integrated social media icons on Compl. Ex. 1, at 2. For each individual, provide their name, social media tag, mailing address, telephone number, email address.

**RESPONSE:**    Defendant objects to this Interrogatory as overboard, unduly burdensome, and disproportionate to the needs of the case because the identity of readers who shared the Article through social media is not relevant to the claims or defenses of any party in this action. Defendant also objects to this Interrogatory as vague because it is unclear how an "instance" would be identified.  Defendant further objects to this Interrogatory because it seeks information beyond what is permitted under Rule 33.3(b) of the United States District Court for the Southern District of New York.

**Interrogatory No. 9:**  Identify all *Newsweek* articles that have ever mentioned The Satanic Temple. For each article, identify all individuals involved in publishing the article. For each individual, provide their name, mailing address, telephone number, and email address.

**RESPONSE:**     Defendant objects to this Interrogatory as disproportionate to the needs of the case because it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action.  Defendant also objects to this Interrogatory as being compound in requesting Defendant (1) "identify all *Newsweek* articles that have ever mentioned The Satanic Temple" and (2) "identify all individuals involved in publishing the article."  Defendant further objects to this Interrogatory because it seeks information beyond what is permitted under Rule 33.3(b) of the United States District Court for the Southern District of New York.

**Interrogatory No. 10:**   Identify all *Newsweek* articles that have ever mentioned sexual abuse. For each article, identify all individuals involved in publishing the article. For each individual, provide their name, mailing address, telephone number, and email address.

**RESPONSE:**     Defendant objects to this Interrogatory as overboard, unduly burdensome, and disproportionate to the needs of the case because it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action, and because it is unlimited in time or scope.  Defendant also objects to this Interrogatory as being compound in requesting Defendant (1) "identify all *Newsweek* articles that have ever mentioned sexual abuse" and (2) "identify all individuals involved in publishing the article." Defendant further objects to this Interrogatory because it seeks information beyond what is permitted under Rule 33.3(b) of the United States District Court for the Southern District of New York.

**Interrogatory No. 11:**   Identify all Newsweek article which subject matter was a religious organization.  For each article, identify all individuals involved in publishing the article. For each individual, provide their name, mailing address, telephone number, and email address.

**RESPONSE:**   Defendant objects to this Interrogatory as overboard, unduly burdensome, and disproportionate to the needs of the case because it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action, and because it is unlimited in time and scope.  Defendant also objects to this Interrogatory as being compound in requesting Defendant (1) "identify all *Newsweek* articles which subject matter was a religious organization" and (2) "identify all individuals involved in publishing the article." Defendant further objects to this Interrogatory because it seeks information beyond what is permitted under Rule 33.3(b) of the United States District Court for the Southern District of New York.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 9:**   Produce all agreements between Newsweek Digital LLC and any other organization that produces, or has ever produced, Newsweek, the publication.

**RESPONSE:**   Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because the relationship between Defendant and any organization that has published *Newsweek* is not relevant to the claims or defenses of any party in this action.

**Request No. 10:**   Produce all agreements which permit Newsweek Digital LLC to produce Newsweek, the publication.

**RESPONSE:**  Defendant objects to this to this Request because the term "agreements which permit . . . publication" is vague and undefined.  Defendant further objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because no contracts to which Defendant is a party are relevant to the claims or defenses of any party in this action.

**Request No. 11:**   Produce copies of all published versions of articles referenced in your answer to interrogatory 9.

**RESPONSE:**      Defendant objects to this Request as disproportionate to the needs of the case as because it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action. To the extent Plaintiff seeks a copy of the Article, it is attached as an exhibit to Plaintiff's Complaint.

**Request No. 12:**   Produce all drafts of any articles referenced in your answer to interrogatory 9.

**RESPONSE:**      Defendant objects to this Request as disproportionate to the needs of the case abecause it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action. To the extent Plaintiff seeks a copy of drafts of the Article, Defendant refers Plaintiff to its response to Request 3.

**Request No. 13:**   Produce all communications pertaining to drafting, editing, or publishing any articles referenced in your answer to interrogatory 9.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case because it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action. To the extent Plaintiff communications pertaining to the drafting, editing, or publishing of the Article, Defendant refers Plaintiff to its response to Requests 2, 4, 5, and 6.

**Request No. 14:** Produce copies of all published versions of articles referenced in your answer to interrogatory 10.

**RESPONSE:** Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action.

**Request No. 15:** Produce all drafts of any articles referenced in your answer to interrogatory 10.

**RESPONSE:** Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because it seeks information unrelated to the Article Statement

**Request No. 16:** Produce all communications pertaining to drafting, editing, or publishing any articles referenced in your answer to interrogatory 10.

**RESPONSE:** Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action.

**Request No. 17:**   Produce copies of all published versions of articles referenced in your answer to interrogatory 11.

**RESPONSE:**      Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action.

**Request No. 18:**   Produce all drafts of any articles referenced in your answer to interrogatory 11.

**RESPONSE:**      Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because it seeks information unrelated to the Article Statement.

**Request No. 19:**   Produce all communications pertaining to drafting, editing, or publishing any articles referenced in your answer to interrogatory 11.

**RESPONSE:**      Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because it seeks information unrelated to the Article Statement and is therefore not relevant to the claims or defenses of any party in this action.

**Request No. 20:**   Produce copies of all published versions of articles referenced in your answer to interrogatory 12.

**RESPONSE:**      Defendant states that there is no Interrogatory 12 and therefore no response to this Request is required.

**Request No. 21:**   Produce all drafts of any articles referenced in your answer to interrogatory 12.

**RESPONSE:**      Defendant states that there is no Interrogatory 12 and therefore no response to this Request is required.


**Request No. 22:**   Produce all communications pertaining to drafting, editing, or publishing any articles referenced in your answer to interrogatory 12.

**RESPONSE:**      Defendant states that there is no Interrogatory 12 and therefore no response to this Request is required.


**Request No. 23:**      Produce all federal tax returns for Newsweek Digital LLC from 2020 to present.

**RESPONSE:**      Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because Defendant's tax returns are not relevant to the claims or defenses of any party in this action.


**Request No. 24:**      Produce all policies surrounding fact checking claims in articles prior to publishing in Newsweek, the publication.

**RESPONSE:**      Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information unrelated to the fact-checking of the Article Statement, and is therefore not relevant to the claims or defenses of any party in this action.

Subject to and without waiving these objections or the General Objections, and subject to the entry of a protective order, Defendant refers Plaintiff to its response to Request 6 for the information requested herein.

**Request No. 25:**     Produce all policies surrounding which articles, or kinds of articles, should for *Newsweek*, the publication.

**RESPONSE:**     Defendant objects to this Request because it is unclear and appears to be incomplete.  Defendant reserves the right to supplement its objections and responses to this Request upon receiving clarification from Plaintiff.

**Request No. 26:**     Produce all internal communications about "The Satanic Temple" or "TST." As used in the previous sentence "internal communications" includes without limitation internal email correspondence, internal instant messages (including Slack), and all text messages involving at least one agent of Newsweek Digital LLC.

**RESPONSE:**     Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case as set forth to the extent it seeks information unrelated to the Article Statement, and is therefore not relevant to the claims or defenses of any party in this action.

Subject to and without waiving these objections or the General Objections, Defendant refers Plaintiff to its responses to Requests 2, 4, 5, and 6 for the information requested herein.

**Request No. 27:**      Produce the document retention policies for all written communications for Newsweek employees, including without limitation: email servers, instant messaging platforms (including Slack), and handwritten or typed memoranda or correspondence.

**RESPONSE:**      Defendant states that it has no documents responsive to this request.

**Request No. 28:**      Produce copies of all published articles authored by Julia Duin.

**RESPONSE:**      Defendant objects to this Request as overboard and disproportionate to the needs of the case to the extent it seeks information unrelated to the Article Statement, and is therefore not relevant to the claims or defenses of any party in this action. Moreover, Duin is no longer a defendant in this action, and therefore articles she has written aside from the Article are not relevant to the claims or defenses of any party in this action. To the extent Plaintiff seeks a copy of the Article, it is attached as an exhibit to Plaintiff's Complaint.

**Request No. 29:**      Produce all communications between any agent of Newsweek Digital LLC and Julia Duin.

**RESPONSE:**      Defendant objects to this Request as overboard, unduly burdensome, and disproportionate to the needs of the case because Duin is no longer a defendant in this action, and therefore communications between Defendant and Duin that are not related to the Article Statement are not relevant to the claims or defenses of any party in this action.

Subject to and without waiving these objections or the General Objections, Defendant refers Plaintiff to its responses to Requests 4 and 6 for the information requested herein.

**Request No. 30:**        Produce proofs of all payments made by Newsweek Digital LLC to

Julia Duin.

**RESPONSE:**      Defendant objects to this Request as overboard and disproportionate to the

needs of the case because Duin is no longer a defendant in this action, her role as the writer of

the Article is not in dispute, and therefore any proof of payment between Defendant and Duin is

not relevant to the claims or defenses of any party in this action.

Dated:  July 31, 2023                          By:    */s/ Cameron Stracher*
                                                 Cameron Stracher
                                                 Sara Tesoriero
                                                 Law Offices of Cameron Stracher
                                                 51 Astor Place, 9th Floor
                                                 New York, NY 10003
                                                 Tel:    (646) 992-3850
                                                 Fax:    (646) 992-4241
                                                 Email: cam@stracherlaw.com
                                                         sara@stracherlaw.com

                                                 *Attorneys for Defendant*