LAW OFFICES OF
**CAMERON STRACHER**
MEDIA AND ENTERTAINMENT LAW
51 ASTOR PLACE
NEW YORK, NY 10003
───────────
(646) 992-3850
CAM@STRACHERLAW.COM

ADMITTED IN:
NEW YORK
CONNECTICUT

WWW.STRACHERLAW.COM

August 16, 2023

> The parties' request for a discovery conference at ECF No. 44 is GRANTED. At the telephone conference scheduled for **August 28, 2023** (ECF No. 41), the parties shall be prepared to discuss the issues raised in the parties' letters at ECF Nos. 39 and 44.
>
> The Clerk of Court is respectfully directed to close ECF No. 44.
>
> SO ORDERED.   8/16/2023
>
> *Sarah L. Cave*
> SARAH L. CAVE
> United States Magistrate Judge

**BY ECF**

The Honorable May Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

    Re:    *The Satanic Temple, Inc. v. Newsweek Digital, LLC* (22-cv-1343)
              Second Joint Discovery Letter

Dear Judge Vyskocil:

      Pursuant to Local Rule 37.2 and Individual Civil Rule 3(D), Plaintiff The Satanic Temple, Inc. ("The Satanic Temple") and Defendant Newsweek Digital, LLC ("Newsweek") submit this joint letter requesting an informal discovery conference. Because the issue raised in this letter relates to the dispute outlined in the Joint Discovery Letter filed on August 2, 2023 (ECF 39), which has been referred to Magistrate Judge Sarah Cave, the parties believe it can be resolved at the same hearing before Magistrate Judge Cave, scheduled for August 28, 2023, and therefore request that the Court refer this dispute to Magistrate Judge Cave as well for resolution on the same date.

**Background**

      The Satanic Temple has served subpoenas for the deposition of four individuals who were sources for the article at issue in this case (the "Article"), and who are also defendants in an ongoing legal dispute with the Satanic Temple in Washington State. The parties disagree on the appropriate scope of questioning of those individuals at their depositions, and Newsweek seeks a protective order limiting the scope of those depositions.

**Defendant's Position**

      As the Court is aware, it dismissed twenty-one of twenty-two statements Plaintiff claimed were defamatory in the Article. Newsweek maintains that the third-party depositions should be limited to questions related to sole remaining allegedly defamatory statement in the Article: "Accounts of sexual abuse being covered up in ways that were more than anecdotal" (the "Article Statement"). Plaintiff's expressed intent to question the third-party deponents on