LAW OFFICES OF

**CAMERON**
**STRACHER**

MEDIA AND ENTERTAINMENT LAW
51 ASTOR PLACE
NEW YORK, NY 10003

(646) 992-3850
CAM@STRACHERLAW.COM

ADMITTED IN:
NEW YORK
CONNECTICUT

WWW.STRACHERLAW.COM

September 15, 2023

**BY ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

Re:     ***The Satanic Temple, Inc. v. Newsweek Digital, LLC* (22-cv-1343)**
        **Letter Motion for Protective Order For Non-Party Deponents**

Dear Judge Cave:

Pursuant to this Court's order entered on August 28, 2023 (ECF 47) (the "Order"), Defendant Newsweek Digital, LLC ("Newsweek") submits this letter motion requesting that the Court enter an order limiting the scope of the depositions of non-party deponents David Alan Johnson and Nathan Sullivan (collectively, the "Non-Party Deponents").[1]  *See* Subpoenas to Non-Party Deponents, attached hereto as Exhibits 1–2.

**Background**

Plaintiff The Satanic Temple, Inc. (the "Satanic Temple") filed this action for defamation based on twenty-two statements it claimed were defamatory in an article published by defendant Newsweek and written by defendant Julia Duin titled "Orgies, Harassment, Fraud: Satanic Temple Rocked by Accusations, Lawsuit" (the "Article").  The Court subsequently granted Defendants' motion to dismiss and held that twenty-one of the twenty-two statements failed to state a claim for defamation (ECF 27).[2]  The sole remaining allegedly defamatory statement in the Article is a quote from a former Satanic Temple member who refers to being leaked material about: "Accounts of sexual abuse being covered up in ways that were more than anecdotal" (the "Article Statement").

---

[1] Newsweek has revised its Initial Disclosures to remove Leah Fishbaugh and Mickey Meeham as individuals likely to have discoverable information and the Satanic Temple has agreed to withdraw the deposition subpoenas for these two individuals.

[2] The court also granted Duin's motion to dismiss for lack of jurisdiction.  (ECF 27).

The Non-Party Deponents are two former members of The Satanic Temple who were sources for the Article, although neither are the source quoted in the Article Statement.  Together with two other former members, the Non-Party Deponents are also defendants in an ongoing legal dispute with The Satanic Temple in Washington State. *See United Federation of Churches LLC v. David Johnson, et al.*, No. 23-35060 (9th Cir.); *United Federation of Churches, LLC v. David Alan Johnson, et al.*, No 23-2-06120-9 SEA (King Cnty. Sup. Ct.).  Newsweek maintains that the Non-Party Depositions should be limited to questions related to the Article Statement; specifically, each deponent's knowledge of allegations of sexual abuse within The Satanic Temple, and the extent to which the deponent discussed that knowledge with Newsweek or Duin.  The Satanic Temple has refused to agree to limit the scope of questioning as requested by Newsweek and counsel for the Non-Party Deponents, and indicated it intends to pursue questioning on a broad range of topics including, but not limited to, the Non-Party Deponents' finances, their social media posts, and "all" conversations with Duin or other Newsweek reporters.

## <u>Argument</u>

Under Rule 26 of the Federal Rules of Civil Procedure, the scope of permissible discovery is limited to information relevant to the parties' "claims or defenses and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1); *see also Holland v. Lions Gate Entertainment and Films*, 2023 WL 3554832, at *1 (S.D.N.Y. Apr. 13, 2023) ("No longer is discovery permitted on 'any matter relevant to the subject matter involved in the action,' as used to be the case.") (citations omitted).  The Satanic Temple's stated intent to question the Non-Party Deponents on sweeping topics unrelated to the Article Statement seeks information that is not relevant to the single remaining claim in this action and violates the proportionality requirement under the Federal Rules.

Here, the Court held that The Satanic Temple failed to state a claim for defamation based on twenty-one of the twenty-two statements it originally raised in its Complaint.  The Satanic Temple should not be permitted to burden Newsweek with the expense of attending lengthy, non-party depositions and incurring the same expenses and fees as if the Court had not granted its motion to dismiss.  The proportionality obligations of the Federal Rules have particular resonance in defamation cases where early dismissal is favored because burdensome discovery has a chilling effect on free speech.  *SuperCom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, 2022 WL 493600, at *4 (S.D.N.Y. Feb. 17, 2022) ("[C]ourts in this district have repeatedly concluded that there is 'particular value in resolving defamation claims at the pleading stage, so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.'") (citing *Biro v. Conde Nast*, 883 F.Supp.2d 441, 467 (S.D.N.Y. 2012)) (quotation marks omitted); *see also Cardillo v. Doubleday & Co*., 366 F. Supp. 92, 94–95 (S.D.N.Y. 1973) ("[f]rivolous libel suits should be dismissed summarily to avoid the 'chilling effect' on free speech that the requirement of an expensive and extensive defense would require") (citation omitted), *aff'd*, 518 F.2d 638 (2d Cir. 1975).

Moreover, the broad discovery Plaintiff seeks runs afoul of Newsweek's qualified privilege under the New York "Shield Law."[3]  The Shield Law protects against the disclosure of "unpublished news obtained or prepared by a journalist . . . in the course of gathering or obtaining news."  CPLR § 79-h(c).  A party seeking to overcome the privilege must make "a clear and specific showing that the news: (i) is highly material and relevant; (ii) is critical or necessary to the maintenance of a party's claim, defense or proof of an issue material thereto; and (iii) is not obtainable from any alternative source."  *Id*.  "To determine that unpublished news is either 'critical or necessary within the meaning of § 79–h, there must be a finding that the claim for which the information is to be used virtually rises or falls with the admission or exclusion of the proffered evidence.'"  *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 108 (2d Cir. 2012).  Here, The Satanic Temple has not, and cannot, demonstrate that conversations between secondary sources for the Article Statement and Duin or other Newsweek reporters about unpublished information unrelated to the Article Statement would satisfy this test.  *See Giuffre v. Maxwell*, 221 F.Supp.3d 472, 479-80 (S.D.N.Y. 2016) (rejecting argument that non-party deponent's testimony was "critical or necessary" to challenge plaintiff's credibility because "in almost any civil lawsuit, the credibility of a party or witness will be a 'central issue' – all the more so in a defamation case, where truth or falsity of the underlying statements is at issue.  This makes [the deponent's] materials no more critical than any other evidence in this case.");  *In re Am. Broad. Companies, Inc.*, find, 922 (Sup. Ct., N.Y. Cty. 2001) ("[T]he privilege may yield only when the party seeking the material can define the specific issue, other than general credibility, as to which the sought-after interview provides truly necessary proof.") (citing *U.S. v. Burke*, 700 F.2d 70 (2d Cir. 1983)).  Thus, The Satanic Temple's attempt to obtain information from Newsweek's sources that it would be prohibited from obtaining from Newsweek itself should be rejected.

Finally, to the extent The Satanic Temple seeks information from the deponents for impeachment purposes, such an examination must still be related to the parties' claims and defenses and proportional to the needs of the case.  *See United States Securities and Exchange Commission v. Collector's Coffee Inc.*, 338 F.R.D. 309, 317 (S.D.N.Y. 2021) ("[W]hile impeachment discovery may be relevant, 'there must be some limit to the general purposes of establishing credibility and gathering information for impeachment.'  If not, a party's effort to seek impeachment material would 'justify nearly unlimited discovery with respect to every witness or party in every case' thereby vitiating the proportionality requirement.") (citation omitted); *Shih v. Petal Card, Inc.*, 2021 WL 5279395, at *4 (S.D.N.Y. Nov. 11, 2021) ("[T]he mere possibility of obtaining impeachment evidence cannot be enough to justify discovery into matters otherwise unrelated to the parties' claims and defenses, because 'the areas to be probed to test a witness' credibility are virtually limitless.'") (citation omitted).  Thus, the proportional needs of this case demand that the Non-Party Depositions should be limited to questions related to the Article Statement.  *See, e.g. Collector's Coffee Inc.*, 338 F.R.D. at 317 (limiting scope of depositions for impeachment purposes to communications directly related to the allegations in the amended complaint).

---

[3] The New York Shield Law applies in this diversity case because "'in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.'"  *Giuffre v. Maxwell*, 221 F.Supp.3d 472, 475 (S.D.N.Y. 2016) (quoting Fed. R. Evid. 501).

For the foregoing reasons, Newsweek respectfully requests that this Court enter a protective order limiting the scope of the Non-Party Deponents' depositions to the Non-Party's Deponent's knowledge of allegations of sexual abuse within The Satanic Temple, and the extent to which they discussed that knowledge with Newsweek or Duin.

Respectfully submitted,

CAMERON STRACHER, PLLC

/s/ *Cameron Stracher*
Cameron Stracher
Sara C. Tesoriero
51 Astor Place, 9th Floor
New York, NY 10003
Tel: (646) 992.3850
Fax: (646) 992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for Newsweek Magazine, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

/s/ *Sara C. Tesoriero*
Sara C. Tesoriero