

Jeremy E. Roller
jroller@aretelaw.com
Direct: (206) 428-3254

1218 Third Avenue
Suite 2100
Seattle, WA 98101
Office: (206) 428-3250

September 15, 2023

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

      Re:    *The Satanic Temple, Inc. v. Newsweek Digital, LLC*, No. 1:22-cv-01343-MKV-SLC (S.D.N.Y) – Non-Party Deponents' Motion to Quash or for Protective Order and Joinder in Newsweek's Motion for Protective Order

Dear Judge Cave:

      Arete Law Group PLLC represents David Alan Johnson and Nathan Sullivan ("the Non-Party Deponents"), two former members of The Satanic Temple. The Non-Party Deponents submit this letter motion to quash or for protective order and in support of Newsweek Digital, LLC's ("Newsweek") motion for protective order.[1] The Non-Party Deponents agree with and adopt the arguments advanced by Newsweek in its submission filed earlier this afternoon. The Non-Party Deponents submit this letter to provide additional information regarding their legal entanglements with The Satanic Temple, and additional reasons why the subpoenas directed to them should be quashed or, at a minimum, that any examination of them be severely limited.

**A.**    *United Federation of Churches, LLC d/b/a The Satanic Temple v. Johnson, et al.*, No. 2:20-cv-000509-RAJ (W.D. Wash.)

      In March of 2020, the United Federation of Churches d/b/a The Satanic Temple ("TST") kicked the Non-Party Deponents out of its religious organization.[2] The basis for the Non-Party

---

[1] Newsweek's counsel informed the Non-Party Deponents' counsel this morning that The Satanic Temple had withdrawn its subpoenas to Leah Fishbaugh and Mickey Powell f/k/a Mickey Meehan, two defendants, along with the Non-Party Deponents, who have been sued by TST in separate lawsuits in Washington State. Accordingly, this letter does not address additional arguments why Fishbaugh and Powell should not be subject to depositions here.

[2] The United Federation of Churches, LLC, the entity that sued the Non-Party Deponents (twice) in Washington State, purports to be a separate legal entity from The Satanic Temple, Inc., the

Deponents' expulsion was a disagreement about TST's tenets and practices, particularly whether TST lives up to its stated beliefs regarding consistent, proper treatment of people in general and human diversity in particular. Not content with ejecting the Non-Party Deponents, on April 3, 2020, TST filed a lawsuit against them in the United States District Court for the Western District of Washington, captioned *United Federation of Churches, LLC d/b/a The Satanic Temple v. Johnson, et al.*, No. 2:20-cv-00509-RAJ (W.D. Wash.) ("the Washington Federal Case"). In its original complaint, TST asserted claims for hacking under the Computer Fraud and Abuse Act ("CFAA"), cyberpiracy under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), tortious interference with business expectancy, violation of the Washington Consumer Protection Act ("CPA"), and defamation, all of which were based on the Non-Party Deponents' posting of critical opinions about TST on Facebook.

      The Non-Party Deponents promptly moved to dismiss for failure to state a claim upon which relief can be granted. That motion was successful. On February 26, 2021, the Honorable Richard A. Jones dismissed TST's CFAA, ACPA, tortious interference and CPA claims with leave to amend, and dismissed TST's defamation claim with prejudice. *See United Federation of Churches v. Johnson, et al.*, 522 F. Supp. 3d 842, 856 (W.D. Wash. 2021).

      TST filed a first amended complaint on March 29, 2021, then a second amended complaint on May 24, 2021. In its second amended complaint, TST did not attempt to salvage its ACPA or CPA claims but did reassert its CFAA claim. Additionally, TST added a new claim under the Federal Trademark Dilution Revision Act of 2006 ("FTDRA") and claims for trespass to chattels and conversion. The Non-Party Deponents once again filed a Fed. R. Civ. P. 12(b)(6) motion. On April 15, 2022, the Court granted in part and denied in part the motion to dismiss, dismissing almost all of TST's CFAA claim with prejudice (but granting leave to amend one small part), dismissing TST's FTDRA claim with leave to amend, granting in part and denying in part the motion as to TST's trespass to chattels and conversion claims, and denying the motion as to TST's tortious interference claim. *See United Federation of Churches v. Johnson, et al.*, 598 F. Supp. 3d 1084, 1103 (W.D. Wash. 2022). Despite being granted leave to amend, in part, TST elected not to amend its complaint again.

      TST having abandoned its federal law claims, the Non-Party Deponents moved to dismiss for lack of subject matter jurisdiction on May 13, 2022. Prior to Judge Jones' resolution of that motion, TST filed a motion for preliminary injunction on November 23, 2022—the day before the Thanksgiving holiday, and two and a half years after both the conduct complained of and TST's filing of its original complaint. Judge Jones granted the Non-Party Deponents' Fed. R. Civ. P. 12(b)(1) motion on January 6, 2023, and simultaneously denied TST's preliminary injunction motion as moot. *See United Federation of Churches v. Johnson, et al.*, 2023 WL 121418, at *2 (W.D. Wash., Jan. 6, 2023). Early in the Washington Federal Case, Judge Jones suspended the parties' Fed. R. Civ. P. 26(f) conference, pending resolution of the Non-Party Deponents' motions to dismiss. Accordingly, no discovery occurred in that case.

      Following issuance of judgment in the Non-Party Deponents' favor, TST appealed to the Ninth Circuit Court of Appeals. TST's appeal is limited to Judge Jones' dismissal of TST's

---

plaintiff in this case. But the two entities plainly are closely related, using the same name (The Satanic Temple), having the same leadership, and being represented by the same attorney.

ACPA and defamation claims. Briefing on the appeal is complete, and the Ninth Circuit has set oral argument for November 15, 2023.

B.  *United Federation of Churches, LLC d/b/a The Satanic Temple v. Johnson, et al.*, No. 23-2-06120-9 SEA (King County Superior Court)

On April 5, 2023, TST filed another complaint against the Non-Party Deponents, captioned *United Federation of Churches, LLC d/b/a The Satanic Temple v. Johnson, et al.*, No. 23-2-06120-9 SEA (King County Superior Court) ("the Washington State Case"). Based on the same events as those alleged in the Washington Federal Case, in the Washington State Case TST asserted claims for tortious interference, trespass to chattels, conversion, and breach of fiduciary duty. On May 30, 2023, TST filed a first amended complaint in which it dropped portions of its trespass to chattels and conversion claims.

The Non-Party Deponents' counsel attempted to persuade TST to dismiss the Washington State Case but was unsuccessful. *See* May 10, 2023 letter from Jeremy Roller to Matt Kezhaya (attached hereto as **Exhibit A**). Thereafter the parties agreed to an informal stay of the Washington State Case and filed an agreed motion to stay that case earlier this week.

C.  **TST's Counsel Declines to Narrow the Scope of the Non-Party Defendants' Testimony**

Shortly after agreeing to accept service of the subpoenas on the Non-Party Deponents' behalf, the Non-Party Deponents' counsel reached out to TST's counsel to discuss limiting the scope of the anticipated witness examination. The Non-Party Deponents' counsel pointed out that the scope of this proceeding had been limited to the allegedly defamatory statement by a former TST member (who is not one of the Non-Party Deponents) who referred to "accounts of sexual abuse being covered up." Accordingly, the Non-Party Deponents' counsel suggested that the scope of the depositions be limited to their knowledge of sexual abuse and their cover-ups (if any) at TST. TST's counsel refused to limit the scope of the depositions. A true and correct copy of this email exchange is attached hereto as **Exhibit B**.

D.  **TST's Apparent Motivation for the Washington Federal Case, the Washington State Case, and the Subpoenas Issued to the Non-Party Defendants**

The Non-Party Deponents believe that TST's claims in the Washington Federal Case and the Washington State Case are both legally and factually baseless. For the most part, the only court to have considered those claims agrees that they are legally baseless, dismissing most claims under Fed. R. Civ. P. 12(b)(6). But whether TST's claims have any merit is not for this Court to decide. However, this Court should consider TST's motivations in those two cases, which (inexplicably) TST's counsel has freely shared, as those same improper motivations likely animate TST's desire to take the Non-Party Deponents' testimony without limits.

On May 26, 2022, TST's counsel publicly expressed the motivation for pursuing litigation against the Non-Party Deponents—referring to them in a public Reddit post as "**morons**," "**pathetic**," and "**living corpses**" and stating his hope that they incur an unsustainable amount of attorneys' fees defending against TST's baseless litigation. *See* Declaration of David A. Johnson in Opposition to Plaintiff's Motion for Preliminary Injunction ("Johnson Decl.") ¶ 18

& Ex. 6 (attached hereto as **Exhibit C**) ("I hope he [the undersigned counsel] squeezes every last penny from you living corpses, and anyone that gives you the time of day.").[3]

This was not an isolated incident. A couple months later TST's counsel again expressed the improper motives for pursuing the Non-Party Deponents in a public Tweet, suggesting that TST's case was driven from a sense of vengeance rather than legitimate legal grounds:

> **Are these fuckwits still talking about me?** Grow up and file an answer so I can get at your financial records. **I'm coming for you.** Tell the judge on me again, I double dare you.

Johnson Decl. ¶ 20 & Ex. 8 (emphases added); *see also* **Exhibit D** (February 12, 2023 article from *The Spectator* in which TST's counsel refers to the Non-Party Deponents as a "crew of grifters" whose "sole organizational purpose is to crybully on the internet").

The reason TST seeks to take the Non-Party Deponents' depositions is plain—TST desires to harass and drive up the Non-Party Deponents' legal fees. TST has done this before. As mentioned above, TST filed a motion for preliminary injunction the night before Thanksgiving, two and a half years after the conduct at issue. In addition to being substantively baseless (because TST long ago explicitly abandoned any right to the Facebook page that was the subject of the preliminary injunction motion), TST apparently had no intention to pursue that extraordinary relief. While the Non-Party Deponents filed a substantive, substantial, and expensive response brief (attached hereto as **Exhibit E**), TST did not even bother to file a reply in support of its slapdash motion.

### E.  The Non-Party Deponents Possess Little, if Any, Information Relating to this Lawsuit

Given that this lawsuit now centers on a single allegedly defamatory statement—"accounts of sexual abuse being covered up"—by a former TST member (who is not one of the Non-Party Deponents), the Non-Party Deponents possess little, if any, information that is relevant to this matter. Neither of the Non-Party Deponents have any first-hand knowledge of sexual abuse at TST. To the extent they discussed sexual abuse allegations with Duin, Johnson and Sullivan recall speaking with Duin only about a TST member who had left the organization after experiencing sexual harassment from another member, which TST's own leadership, Leah Garvais a/k/a Siri Sanguine, had addressed in an email to other TST members. *See* Johnson Decl. ¶ 12.

---

[3] Although the Non-Party Deponents' law firm is not representing them on a *pro bono* basis, the hourly rates charged to the Non-Party Deponents are *substantially* discounted from their law firm's regular rates. Even with that substantial discount, the Non-Party Deponents' legal fees have been significant, particularly given the necessary motions practice in the Washington Federal Case and the briefing in the appeal of that case. To date, the Non-Party Deponents' legal fees total nearly $150,000. The Non-Party Deponents' incomes and assets are modest, making this an extraordinary burden.

### F. This Court Should Quash the Subpoenas or, at a Minimum, Severely Limit the Scope and Length of any Deposition

The subpoenas should be quashed or modified for the reasons described in Newsweek's letter motion. But the subpoenas should also be quashed or conditions on the depositions must be imposed for at least three additional reasons.

First, the Non-Party Deponents have little, if any, knowledge that is relevant to this dispute. *See* Section E, *supra*. If their depositions go forward, they should be limited to examination relating to their communications with Julia Duin regarding "accounts of sexual abuse being covered up."

Next, TST's insistence that it is permitted to question the Non-Party Deponents on almost any subject reveals that TST intends to use these depositions to take discovery that has not been permitted in either the Washington Federal Case or the Washington State Case.[4] "Where the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied." *In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). With the exception of the very narrow topic of the Non-Party Deponents' communications with Duin regarding "accounts of sexual abuse being covered up," TST's only conceivable use of the Non-Party Deponents' testimony would be to gather information for use in the Washington Federal Case (if the district court is reversed by the Ninth Circuit) or the Washington State Case. Such "discovery is properly denied." *Id.*

Finally, ample evidence shows that TST's motivation in the Washington cases and here as to the Non-Party Deponents is harassment. *See* Section D, *supra*; *see also* Johnson Decl. ¶¶ 18, 20 & Exs. 6, 8. This Court should not permit these proceedings to be used for this improper purpose.

\* \* \*

For all of the foregoing reasons and those stated in Newsweek's letter motion, the Non-Party Deponent subpoenas should be quashed. If not quashed, this Court should limit the scope of each deposition to the Non-Party Deponents' communications with Duin regarding "accounts of sexual abuse being covered up" at TST and limit the duration of any deposition to one hour.

---

[4] While the Non-Party Deponents are confident that they will prevail in the appeal of the Washington Federal Case, if the Ninth Circuit Court of Appeals reverses any of Judge Jones' well-reasoned orders, TST will be permitted to take discovery in the remanded case. Similarly, the Non-Party Deponents are confident that TST's claims in the Washington State Case will be dismissed on early motions practice. *See* Exhibit A. But if those claims survive the pleading stage, TST will be able to take their depositions in that proceeding.

The Honorable Sarah L. Cave
September 15, 2023
Page 6

        Respectfully submitted,

        **ARETE LAW GROUP PLLC**

        By: */s/ Jeremy Roller*
        Jeremy E. Roller, WSBA No. 32021 (admitted
           *pro hac vice*)
        1218 Third Avenue, Suite 2100
        Seattle, WA 98101
        Phone: (206) 428-3250
        Fax: (206) 428-3251
        jroller@aretelaw.com

        *Attorneys for Non-Party Deponents David Johnson, Leah Fishbaugh, Mickey Powell, and Nathan Sullivan*