# EXHIBIT A

**ARÊTE LAW GROUP**

Jeremy E. Roller  
jroller@aretelaw.com  
Direct: (206) 428-3254

1218 Third Avenue  
Suite 2100  
Seattle, WA 98101  
Office: (206) 428-3250

May 10, 2023

**VIA EMAIL ONLY**

Matt Kezhaya and Benjamin Justus  
Crown Law  
121 Washington Avenue North, 4th Floor  
Minneapolis, MN 55401  
matt@crown.law

Lybeck Pedreira & Justus, PLLC  
7990 Southeast 28th Street, Suite 500  
Mercer Island, WA 98040  
ben@lpjustus.com

  Re: *United Federation of Churches, LLC v. David Alan Johnson, et al.*,  
    No. 23-2-06120-9 SEA (King County Superior Court)

Dear Matt and Ben:

  I write regarding the above-captioned complaint you filed against my clients, David Alan Johnson, Leah Fishbaugh, Mickey Meehan n/k/a Mickey Joshua Powell, and Nathan Sullivan (collectively "Defendants"), in King County Superior Court on April 5, 2023 (the "King County Action"). Your filing of the King County Action violates CR 11. You should voluntarily dismiss the King County Action now, as it is improper for the reasons described below and appears to be intended to further your stated goal to have "every last penny" squeezed from Defendants' "living corpses" in defense of the United Federation of Churches' ("TST") baseless three-plus year litigation campaign against them. Although not required by CR 11, I am writing to give you the opportunity to right this wrong before Defendants file a Rule 11 motion.

  In relevant part, CR 11 provides that by signing a complaint an attorney certifies that:

> the attorney has read the pleading . . . and that to the best of the . . . attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . .

CR 11(a). Here are the reasons the King County Action complaint violates Rule 11.

### *The Breach of Fiduciary Duty Claim is Time-Barred*

Setting aside for now that TST's breach of fiduciary duty claim is substantively meritless, it is plainly time-barred. The statute of limitations for a breach of fiduciary duty claim is three years. RCW 4.16.080(3); *Hudson v. Condon*, 101 Wn. App. 866, 872-73, 6 P.3d 615 (2000). "[A] cause of action accrues when the plaintiff knew or should have known the essential elements of the cause of action." *Mayer v. Huesner*, 136 Wn. App. 114, 123, 107 P.3d 152 (2005). "A plaintiff who has notice of facts sufficient to cause injury is deemed to have notice of all acts which reasonable inquiry would disclose." *August v. U.S. Bancorp*, 146 Wn. App. 328, 342, 190 P.3d 86 (2008); *see also American Sur. Co. of N.Y. v. Sundberg*, 58 Wn.2d 337, 344, 363 P.2d 99 (1961) ("notice sufficient to excite attention and put a person on guard, or to call for an inquiry is notice of everything to which such inquiry might lead"). "The statute of limitations is not postponed by the fact that further, more serious harm may flow from the wrongful conduct." *Green v. A.P.C.*, 136 Wn.2d 87, 96, 960 P.2d 912 (1998).

Virtually all the conduct TST alleges in the King County Action was also alleged in the federal court case (the "Federal Action") dismissed by Judge Jones. The initial complaint in the Federal Action was filed on April 3, 2020, more than three years before you filed the King County Action. Further, *all the conduct* alleged in the King County Action occurred in March of 2020 and before. That TST alleges that "[s]ince March 2020, Defendants have wrongfully detained profits from the use of TST's property," Complaint ¶ 68, does not save TST's claim on some kind of continuing harm theory because TST specifically alleged that the harm began in March of 2020. *Green*, 136 Wn.2d at 96.

When a reasonable investigation would have revealed that a claim is barred by a statute of limitations, Rule 11 sanctions are appropriate. *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Here, not only would a reasonable investigation show that the breach of fiduciary duty claim is barred by the statute of limitations, TST's own complaint in the King County Action demonstrates the same. Put another way, TST's own allegations show that its breach of fiduciary duty claim is time barred.

### *The Conversion/Trespass to Chattels Claim as to the Chapter Page has Already Been Dismissed*

In TST's Second Amended Complaint in the Federal Action, TST asserted trespass to chattels and conversion claims as to the Chapter Page, the Memes Page, and "membership-related documents." Second Amended Complaint (Dkt. No. 26) ¶¶ 93, 97, 105. But as to the Chapter Page, Judge Jones dismissed TST's trespass to chattels and conversion claims. *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Complaint (Dkt. No. 31) at 27 ("the court DISMISSES [TST's] trespass and conversion claims based on Defendants' interference with the Chapter page"); *see also id.* at 32 (The Court "GRANTS Defendants' motion to dismiss TST's trespass to chattels and conversion claims with respect to the Chapter page."). Although Judge Jones did not specify whether TST had leave to amend its trespass to chattels and conversion claims as to the Chapter Page, presumably he did not grant leave to amend as to those claims because he explicitly granted leave for TST to amend its loss allegations as to the CFAA claim and the FTDRA claim. *Id.* at 32. Whether or not Judge

Jones would have entertained amendment as to the trespass to the Chapter Page chattels and conversion claims, TST elected not to attempt to amend within the time permitted. *See id.* at 33 ("TST shall file its amended complaint, if any, within 14 days after the filing date of this order.").

Failure to amend a complaint in the time a court allows results in dismissal. *Cf. Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003); *Smith v. Terhune*, 213 F.3d 643, 2000 WL 300944, at *1 (9th Cir. 2000); *Bolar v. Wood*, 89 F.3d 844, 1996 WL 384901, at *1 (9th Cir. 1996). Judge Jones did not grant TST leave to amend its trespass to chattels/conversion claims as to the Chapter Page. But even reading Judge Jones' order expansively, TST failed to amend that claim in the time Judge Jones permitted other claims to be amended. Accordingly, the trespass to chattels/conversion claims as to the Chapter Page have been dismissed, and TST's attempt to revive them here is barred by the *res judicata* doctrine.[1] *Feminist Women's Health Center v. Codispoti*, 63 F.3d 863, 869 (9th Cir. 1995); *cf. Bourgeau v. Corrections Corp. of Am.*, 71 Fed. Appx. 695, 696 (9th Cir. 2003).

### *There is no Good Faith Basis for the Conversion/Trespass to Chattels Claims as to the Memes Page Because TST Relinquished any Interest in It*

TST's pursuit of its conversion/trespass to chattels claims as to the Memes Page further shows that its litigation campaign against Defendants is intended to harass and burden them. TST long ago abandoned any interest in that page and expressly gave the page to Defendants, as you well know given that I informed you of TST's affirmative abandonment in June of 2022. As you know, on March 14, 2020, *after* Meehan had changed the Memes Page's name and posted a statement that it was "no longer affiliated with The Satanic Temple" (in other words, *after* the alleged misappropriation), TST-WA's Media Liaison, Paul Case / Tarkus Claypool, sent an email to Meehan with the subject line "Evergreen Memes for Queer Satanic Fiends." In that email, Case/Claypool explicitly stated that TST had no interest in that Facebook page and the Defendants could have and use the page "free and clear:"

> Hi Lenore,
>
> I saw that you made some changes to the TST WA State Allies FB group. **I just wanted to let you know that it's yours free and clear and we've no desire to claim it.** You and ADJ built it and have done a great job doing so. I'm confident you'll both continue doing awesome work.
>
> Sorry the way things panned out, and I do mean all of it. I wish you and your family well, and respect your need to fight the fight your way.
>
> Rock on,
>
> Tarkus Claypool
> Media Liaison, The Satanic Temple of Washington
> (he/him)

---

[1] TST did not appeal this ruling.

(emphasis added).  The next day Case/Claypool reiterated that TST had abandoned the Memes page and had given it to Defendants, stating in a town hall meeting on Zoom:

> I do want to say that **we're not going to, you know, ask Lenore to give the page back in any way.**  I wish them well, and I hope that they continue growing that and make it a great success.  Because they're going to fight their fight, their way.  And so, let them do what they want to, and I wish them well, because both Lenore and ADJ [Defendant Johnson] did a wonderful job in the roles that they had.  It just wasn't within the TST guidelines that we are beholden to.  So I want to give them due credit, and just you know, wish them well with what they're going to plan to do with it in the future.

This town hall meeting was public and attended by the TST-WA Chapter Head, Leah Garvais / Siri Sanguine.  Garvais/Sanguine did not dispute Case/Claypool's statement that TST had relinquished any interest in the Memes Page and had given the page to Defendants.  (These communications were attached to the declarations filed in opposition to TST's abandoned motion for preliminary injunction in the Federal Action.)

In June of 2022, Matt wrote to me regarding TST's threatened TRO.  In that email, Matt admitted that Case/Claypool was an agent of TST, but argued that he had no actual or apparent authority to release TST's interest in the Memes Page.  Setting aside factual errors regarding the development of that page, it is plain that Case/Claypool had at least apparent authority.  Case/Claypool was TST's "Media Liaison."  "One of the ways in which a principal may cloak an agent with apparent authority is '"by appointing [him] to a position, such as that of a manager or treasurer, which carries with it generally recognized duties; to those who know of the appointment there is apparent authority to do the things ordinarily entrusted to one occupying such a position."'"  *Bybee Farms, LLC v. Snake River Sugar Co.*, 563 F. Supp. 2d 1184, 1190 (E.D. Wash. 2008) (quoting *Smith v. Hansen, Hansen & Johnson, Inc.*, 63 Wn. App. 355, 365, 818 P.2d 1127 (1991)) (applying Washington law).  Who, if anyone, could have more authority over a social media account than TST's own "Media Liaison?"

TST's allegations regarding the Memes Page are not "well grounded in fact" and therefore violate CR 11.

### *There is no Basis to Split the Tortious Interference Claim from the Federal Action*

TST's assertion of state law claims against Defendants for breach of fiduciary duty and conversion/trespass to chattels violates CR 11 for the reasons described above.  The sole remaining state law claim – tortious interference – should not be pending in King County Superior Court.  Of course, should TST prevail in reversing Judge Jones' dismissal of the cyberpiracy claim, the federal court will again have jurisdiction over TST's tortious interference claim.  *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 79 (2d Cir. 2017) (state law claims, previously dismissed for lack of subject matter jurisdiction, reinstated when appellate court reverses dismissal of related federal claims); *R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery*, 670 F.3d 420, 433 (3d Cir. 2011).

I suspect you filed the tortious interference claim in King County Action for fear of losing that claim on statute of limitations grounds.  The statute of limitations for tortious

Matt Kezhaya and Benjamin Justus
May 10, 2023
Page 5

interference under Washington law is three years. RCW 4.16.080(2); *City of Seattle v. Blume*, 134 Wn.2d 243, 251, 947 P.2d 223 (1997). Had the statute of limitations been running during the pendency of the Federal Action, TST's claim for tortious interference in the King County Action would be time barred. But the supplemental jurisdiction statute provides that, as to claims for which a district court has supplemental jurisdiction, "[t]he period of limitations . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). The Supreme Court has squarely held that Section "1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, *i.e.*, to stop the clock." *Artis v. District of Columbia*, ___ U.S. ___, 138 S. Ct. 594, 598, 199 L. Ed. 2d 473 (2018). Accordingly, TST is not at risk of losing its tortious interference claim on statute of limitations grounds for two and a half years.

If TST wins its appeal of Judge Jones' dismissal of the cyberpiracy claim, do you intend to pursue the tortious interference claim in federal court or split that federal claim (and possibly the defamation claim) from the tortious interference claim (and the other state law claims) and pursue them separately in King County Superior Court? The latter would constitute improper claim splitting. *Feminist Women's Health Center*, 63 F.3d at 869. If TST intends the former, asserting that claim in King County Superior Court could only be motivated by TST's stated desire to impose suffering on Defendants by forcing them to defend a claim in state court that TST intends to pursue in federal court. Either way, there is no need for the tortious interference claim to be pending in King County Superior Court at this time.[2]

\* \* \*

As mentioned in my June 23, 2022 email to Matt, I do not invoke Rule 11 lightly. But the King County Action violates it for the reasons described above. Please confirm no later than May 17, 2023, that you will voluntarily dismiss it.

Thank you.

Sincerely,

*/s/ Jeremy Roller*

Jeremy Roller

---

[2] If, despite the Supreme Court's holding in *Artis*, TST believes it is necessary to have the tortious interference claim in King County Superior Court to avoid the statute of limitations running, Defendants would consider agreeing to stay that claim and the trespass to chattels/conversion claims as to "membership-related documents," provided that TST dismisses the other claims in the King County Action.