Matt Kezhaya  
150 S. Fifth St., Suite 1850  
Minneapolis, MN 55402



matt@kezhaya.law  
Direct: (479) 431-6112  
General: (612) 276-2216

September 29, 2023

Hon. Sarah L. Cave, United States Magistrate Judge  
By ECF only

Re: *Satanic Temple v. Newsweek* (22-CV-1343) – Plaintiff's opposition letter-brief

Dear Judge:

I write in response to Newsweek's and the Deponents' letter briefs in support of a protective order. (ECF 50, 51). Newsweek seeks an order limiting the scope of the depositions to the falsity of the sexual abuse claims. The Deponents seek to quash the depositions. For the reasons below, the Court should deny both.

## Background

As plausibly asserted in the complaint, Newsweek defamed Plaintiff when it passed on a false rumor that Plaintiff engages in sexual abuse of its membership and conceals the same. (ECF 27, at 13). To rebut the element of falsity, Newsweek has identified David Alan Johnson and Nathan Sullivan (the "**Deponents**") as witnesses to:

> Allegations of sexual abuse within The Satanic Temple and the response, or lack thereof, to those claims by members of The Satanic Temple.

In preparation for the contested issue of Newsweek's mental state when making the false statement, Plaintiff intends to inquire into the timing, content, and nature of the conversations in which the Deponents made their claims. It is expected that this information will reveal an absence of first-hand accounts and an effort by Duin to publish a preconceived narrative rather than the truth.

In preparation for the contested issue of damages, Plaintiff intends to inquire into how the Deponents have made use of the article, what efforts (if any) they have made to excise the defamatory claim of covered up sexual abuse, and how

– 1 –

much money they have generated because of the article. See ECF 1-1, at 19 (the article concludes with a call to action to financially support the Deponents).

These witnesses' propensity to tell the truth will be a central issue at trial. In preparation for that issue, Plaintiff intends to confront these witnesses with impeachment evidence.

## Response to Newsweek

Newsweek's argument relies on the applicability of New York's Shield Law. CPLR § 79-h(c). But New York law does not apply outside of New York. *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 578 (S.D.N.Y. 2013) (recognizing the general rule against extraterritorial application of a State's statutes); N.Y. Stat. Law § 149 ("The laws of one state can have no force and effect in the territorial limits of another jurisdiction, in the absence of the consent of the latter").

Assertions of privilege are governed by FRE 501, which directs that "*state law*, but not any particular state law, governs privilege." *Bogard Constr., Inc. v. Oil Price Info. Serv., LLC*, 604 F. Supp. 3d 895, 900 (N.D. Cal. 2022) (emphasis in original). To ascertain which State's law governs, a "federal court, sitting in diversity, must look to the choice-of-law rules of the state in which it sits." *AroChem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 269 (2d Cir. 1992). New York choice-of-law rules point to the law of the locus jurisdiction. *Stephens v. Am. Home Assur. Co.*, No. 91CIV2898(JSM)(KAR), 1995 WL 230333, at *7 (S.D.N.Y. Apr. 17, 1995); *In re Mediators, Inc.*, No. 93 CIV. 2304 (CSH), 1993 WL 497993, at *1 (S.D.N.Y. Nov. 30, 1993) ("Because the privilege is a conduct-regulating rule, the law of the locus jurisdiction applies.")

Just six months ago, this Court addressed a substantively identical issue. *See Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460 (S.D.N.Y. 2023). At issue there was whether the attorney-client privilege attached to a non-party's subpoenaed documents. Because the documents were in the custody of a Texas attorney, the locus jurisdiction was Texas. *Id.*, at 465. The same logic applied in *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15CIV0293LTSJCF, 2017 WL 2889501 (S.D.N.Y. July 6, 2017). At issue there was a trade secret privilege, and Florida law applied because the witness was in Florida. *Id.*, at *4. Although each case was litigated in New York, the privilege analysis turned on where the assertedly-privileged matters were located. *Ibid.*

The locus jurisdiction for this claim of privilege is Washington. The conversations sought to be inquired into were between Julia Duin, a Washington independent contractor who does not travel to New York in connection with her work[1] and the Deponents, who are Washington residents.[2]

To support its contrary assertion, Newsweek cites *Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 475 (S.D.N.Y. 2016). There, the journalist was New York-based. *Id.* The journalist here is Duin, not Newsweek. Because Duin is an independent contractor whom the laws of New York do not reach,[3] Washington is the locus.

Assuming without conceding that New York law does apply, the Shield Law still does not. Where non-confidential information is sought, the information must "not [be] obtainable from any alternative source." CPLR §79-h(c)[iii]. *Giuffre* is instructive. There, the Court notes that the third prong requires a showing that discovery of the journalist's files must be a "last resort." The subject depositions are my effort to avoid seeking this information from Duin or Newsweek.

Newsweek cites no authority to suggest that the Shield Law protects sources from discovery, nor has my separate research revealed any. The statutory text does not address sources, it states that "journalists" and "newscasters" are protected from contempt. Id. The Deponents are neither. Thus, on the shaky premise that New York law applies in the first place, the Shield Law is silent on this.

Even if the Shield Law applies and it means something other than its plain text, Newsweek offers no argument that it prevents discovery into damages (*i.e.*, how the Deponents have used Newsweek's article to damage my client) or impeachment (*i.e.*, how no reasonable publisher would rely on these sources). The motion to limit the depositions to claims of sexual abuse because of the Shield Law is a *non sequitur*.

Newsweek's secondary argument seeks a protective order for nonparty witnesses on non-privilege grounds. Newsweek lacks standing to raise that issue. *Chevron Corp. v. Donziger*, 325 F. Supp. 3d 371, 386–87 (S.D.N.Y. 2018) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness" and "[a] party's general desire to thwart

---

[1] ECF 18, at ¶¶ 3-4.
[2] See id., at ¶ 7.
[3] ECF 27, at 4-6.

disclosure of information by a non-party is simply not an interest sufficient to create standing"). Because Newsweek lacks an articulable privilege in the matters to be examined, and because Newsweek lacks standing to raise non-privilege arguments, Newsweek's motion should be denied in full.

## Response to Deponents

The Deponents' sole argument in support of a protective order is a circular claim that I intend to use this deposition "to gather information for use in proceedings other than the pending suit." ECF 51, at 5. Speculation does not justify a protective order. *Chevron Corp. v. Donziger*, 325 F. Supp. 3d 371, 387 (S.D.N.Y. 2018) ("A court will not grant a request that relies on 'conclusory or speculative statements about the need for a protective order and the harm that will be suffered without one.'") As addressed above, these depositions are for this case.

Tellingly, the Deponents offer no shadow of a "good cause" to support a protective order. FRCP 26(c). Good cause requires a particular and specific demonstration of fact "to be determined from the nature and character of the information sought by deposition." 8A *Fed. Prac. & Proc. Civ.* § 2035 (3d ed.); *see also Matter of Energetic Tank, Inc.*, 567 F. Supp. 3d 453, 456 (S.D.N.Y. 2021) (good cause ordinarily relates to a "clearly defined, specific and serious injury"). Instead, the Deponents' argument is mired in four pages of irrelevant background. We are not here to litigate the *Johnson* case, we are here to litigate Newsweek's decision to publish provably false claims of covered up sexual abuse. As Newsweek's defense is partly predicated on the strength of the Deponents' testimony, their credibility is central to this case. *See Giuffre*, 221 F.Supp.3d at 479-480 (credibility is "all the more" central where falsity is a contested issue).

It is hornbook law that my client is entitled to confront these witnesses with impeachment evidence at a deposition in preparation for trial. *See* 8 *Fed. Prac. & Proc. Civ.* § 2015 (3d ed.). Permitting discovery on impeachment evidence is necessary because the contrary outcome "would inevitably lead us back to the 'poker hand' concept of litigation, rewarding artifice and camouflage. *Id.* (quoting *Boldt v. Sanders*, 261 Minn. 160, 111 N.W.2d 225, 227–228 (1961) (per Otis, J.)). The "federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, making a trial 'less a game of blind man's bluff and more a fair contest.'" *Id.* (quoting *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 516–517 (5th Cir. 1993)).

Further, my client is entitled to discovery on the element of damages. The Deponents have spread the subject article, so my client is entitled to discovery on what efforts (if any) Deponents have made to excise the provably false allegations of sexual abuse when spreading the article and how much money Deponents have generated because of this article. See ECF 1-1, at 19 (the article concludes with a call to action to financially support the Deponents).

The Court should ignore the Deponents' complaint that they have spent $150,000 defending their decision to steal my client's website. ECF 51, at 4 n. 3. They rejected an April 2021 settlement demand for $15,000 and a return of the website. Their confidence in an ultimate victory is misplaced. *See United Fed'n of Churches, LLC v. Johnson*, 598 F. Supp. 3d 1084, 1098–101 (W.D. Wash. 2022) (the complaint's allegation that the Deponents stole the website states a claim for tortious interference and trespass to chattels).

These depositions will not embroil this Court in the collateral dispute. Because the Deponents' motion for protective order relies on conclusory and speculative allegations, they have failed to provide good cause to support a protective order. This Court should deny the Deponents' motion in full.

**WHEREFORE** the Court should deny both motions for protective order in full and should shift attorney's fees for my having to respond. FRCP 26(c)(3).

|  | Respectfully submitted, |
|---|---|
| By: | */s/ Matt Kezhaya* |
|  | Matt Kezhaya (*pro hac vice*) |
|  | **KEZHAYA LAW PLC** |
|  | 150 S. Fifth St., Suite 1850 |
|  | Minneapolis, MN 55402 |
| phone: | (479) 431-6112 |
| email: | matt@kezhaya.law |

### CERTIFICATE OF SERVICE

**NOTICE IS GIVEN** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on September 29, 2023, which sends service to registered users, including all other counsel of record in this cause. *s/ Matt Kezhaya*