LAW OFFICES OF
**CAMERON STRACHER**
MEDIA AND ENTERTAINMENT LAW

ADMITTED IN:
NEW YORK
CONNECTICUT

51 ASTOR PLACE
NEW YORK, NY 10003
────────
(646) 992-3850
CAM@STRACHERLAW.COM

WWW.STRACHERLAW.COM

October 9, 2023

**BY ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

  Re: *The Satanic Temple, Inc. v. Newsweek Digital, LLC* **(22-cv-1343)**
    **Outstanding Discovery Disputes**

Dear Magistrate Judge Cave:

  The Court directed the parties to submit a joint letter setting forth any additional disputes to be discussed at the conference scheduled for October 12, 2023. ECF 47, ¶ 10. There is one additional issue, pertaining to Request for Production no. 26:

> Produce all internal communications about "The Satanic Temple" or "TST." As used in the previous sentence "internal communications" includes without limitation internal email correspondence, internal instant messages (including Slack), and all text messages involving at least one agent of Newsweek Digital LLC.

  The Court previously directed Newsweek to locate these communications in the email accounts of Julia Duin (author of the Article) and Nancy Cooper (Newsweek's Editor in Chief) between April 29, 2021 and October 29, 2021, and report the number of responsive emails to Plaintiff. ECF 47, ¶ 7. On October 8, Newsweek reported that Duin has 51 such emails and Cooper has 65 such emails. The parties are unable to agree on the scope of production.

  **TST's position**

  All of the emails should be produced because Newsweek claims no privilege and they are relevant to the First Amendment affirmative defense (ECF 28, at 15 ¶ 5). Assuming without conceding that Plaintiff is a public figure, Plaintiff will ask the jury to find that Newsweek is not entitled to a First Amendment defense the Newsweek decisionmakers authorized this hit piece because they wanted to broadcast a preconceived narrative, one rooted in political or religious bias, more than they cared about the truth. *Palin v. New York Times Co.,* 940 F.3d 804, 813 (2d

Cir. 2019).  It is expected that Newsweek's internal correspondence about Plaintiff will show a political or religious bias against Plaintiff.  Assuming Plaintiff is not a public figure, a proof of bias will tend to establish and exacerbate punitive damages.  *See Prozeralik v. Cap. Cities Commc'ns, Inc.*, 82 N.Y.2d 466, 480 (1993) (The punitive damages analysis focuses on the defendant's mental state in relation to the plaintiff and the motive in publishing the falsity). An order for production is proportional to the needs of the case.  The information is important to the issues at stake in the action because they will reveal whether Newsweek had internal bias, as alleged. The cost of producing these emails will be minimal, as they are electronic documents, and are negligible relative to the amount in controversy (>$75,000).  As between Plaintiff and Newsweek, Newsweek has the sole access to this relevant information. Newsweek has produced its most recent tax return, which reveals that it has far greater financial resources than Plaintiff. And the information is highly valuable because it is close in time to the publishing decision. This value well outweighs the minimal cost of sharing the information electronically.

**Newsweek's Position**

Newsweek has produced all documents in its possession, custody, or control that relate in any way to the researching, writing, and publishing of the Article Statement, which is the only remaining issue in this case.  Newsweek has also produced those documents specified by the Court in its discovery order (ECF 47) – i.e., documents relating to the decision / direction to publish the Article along with its most recent tax returns – and Newsweek has informed Plaintiff that Ms. Duin was not paid for writing the Article (she was paid a fixed monthly amount).

Newsweek objects to producing those emails it has identified that contain the word "Satanic" in the email inboxes of Nancy Cooper and Julia Duin between the period April 29, 2021 and October 29, 2021 because those emails are not relevant to the claims or defenses of any party, and producing them would be disproportionate to the needs of this case.[1]

First, Julia Duin did not begin working on the Article until September 30, 2021.  Thus, any email containing the word "Satanic" between April 29, 2021 and September 29, 2021, has nothing to do with the Article.  Second, a public search of Newsweek's website reveals that Newsweek published an article titled "Teen Claims 'Religious Exemption' From School's Piercing Ban After Joining Satanic Temple on September 7, 2021.  *See* https://www.newsweek.com/teen-claims-religious-exemption-schools-piercing-ban-after-joining-satanic-temple-1626773.  Thus, it is more that likely that the majority of emails in Nancy Cooper's email box containing the word "Satanic" relate to that article.  Third, despite Plaintiff's speculation to the contrary, neither that article, nor the two articles about the Satanic Temple that preceded that article contain any hint of bias or animus of any kind toward the Satanic Temple. *See* https://www.newsweek.com/35-best-documentaries-hulu-critics-1575123 and https://www.newsweek.com/satanic-temple-challenges-18-states-abortion-laws-religious-exemption-claim-1558399.

---

[1] As instructed by the Court, Newsweek has identified emails containing the word "Satanic," but has not reviewed the emails.  Thus, it is likely that at least some of those emails are privileged.

     Moreover, general assertions of political or personal bias are insufficient to establish actual malice. *McDougal v. Fox News Network, LLC*, 489 F.Supp.3d 174, 185 (S.D.N.Y. 2020). Rather, allegations of "bias" are only relevant if they relate to the allegedly defamatory statement at issue. *See Palin v. New York Times Company*, 940 F.3d 804, 815 (2d Cir. 2019) (plaintiff's alleged bias made him "more likely than the average editor in-chief" to know the falsity of the relevant statements); *McDougal*, 489 F.Supp.3d 174, 186 (S.D.N.Y. 2020) (actual malice requires demonstrating that "the speaker of defamatory statements possessed an editorial and political advocacy background sufficient to suggest he published the statements with deliberate or reckless disregard for their truth"). Thus, even if Plaintiff could somehow demonstrate that Newsweek had a bias against the Satanic Temple, emails reflecting that bias that do not relate to the Article Statement could not be used to demonstrate actual malice in this case.

Respectfully submitted,

| | |
|---|---|
| CROWN LAW | CAMERON STRACHER, PLLC |
| | |
| /s/ Matt Kezhaya | /s/ Cameron Stracher |
| Matt Kezhaya | Cameron Stracher |
| 150 S. Fifth Street, Suite 1850 | Sara C. Tesoriero |
| Minneapolis, MN 55402 | 51 Astor Place, 9th Floor |
| Tel: (479) 431-6112 | New York, NY 10003 |
| matt@crown.law | Tel: (646) 992.3850 |
| | Fax: (646) 992.4241 |
| | cam@stracherlaw.com |
| | sara@stracherlaw.com |
| REISS SHEPPE LLP | |
| Matthew Sheppe | *Attorneys for Newsweek Magazine, LLC* |
| 425 Madison Ave., 19th Floor | |
| New York, NY 10017 | |
| Tel: (212) 753-2424 | |
| Fax: (347) 348-0731 | |
| msheppe@reisssheppe.com | |
| | |
| *Attorneys for Plaintiff* | |