UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE SATANIC TEMPLE, INC.,

                      Plaintiff,

-v-

NEWSWEEK MAGAZINE LLC,

                      Defendant.

CIVIL ACTION NO. 22 Civ. 1343 (MKV) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court held a telephone conference today, October 12, 2023 (the "Conference") to discuss the following topics: (i) the motion of non-parties David Johnson and Nathan Sullivan (collectively, the "Non-Party Deponents") to quash deposition subpoenas issued to them by Plaintiff (the "Deposition Subpoenas") or, in the alternative, for a protective order limiting the scope of the two depositions (ECF No. 51 (the "Non-Party Motion")); (ii) Defendant's motion for a protective order limiting the scope of the Non-Party Deponents' depositions (ECF No. 50 (the "Defendant's Motion"); and (iii) the parties' joint letter for a discovery conference seeking a ruling regarding the scope of Defendant's potential production of emails. (ECF No. 53 (the "Discovery Dispute")).

As discussed at the Conference, the Court orders as follows:

1. The Non-Party Motion is DENIED IN PART to the extent it seeks to quash the Deposition Subpoenas. The Non-Party Motion is GRANTED IN PART to the extent it seeks a protective order limiting the scope of the Non-Party Deponents' depositions, as set forth in the following paragraph.

2. Defendant's Motion is GRANTED.  Each of the two depositions shall be limited to two hours of on-the-record time, exclusive of breaks, pauses, and other interruptions.  Each deposition shall be limited in scope to questions related to the Article Statement; specifically, each deponent's knowledge of allegations of sexual abuse within The Satanic Temple, and the extent to which the deponent discussed that knowledge within Julia Duin or anyone else at Newsweek (the "Topics").  To the extent Plaintiff intends to question the Non-Party Deponents for impeachment purposes, those questions—and any documents or other evidence Plaintiff intends to show to the Non-Party Deponents— must directly relate to the Topics.  See Shih v. Petal Card, Inc., No. 18 Civ. 5495 (JFK) (BCM), 2021 WL 5279395, at *4 (S.D.N.Y. Nov. 12, 2021) (holding that, "the mere possibility of obtaining impeachment evidence cannot be enough to justify discovery into matters otherwise unrelated to the parties' claims and defenses"); SEC v. Collector's Coffee, Inc., 338 F.R.D. 309, 317 (S.D.N.Y. 2021) (holding that, "while impeachment discovery may be relevant, there must be some limit to the general purposes of establishing credibility and gathering information for impeachment.  If not, a party's effort to seek impeachment material would justify nearly unlimited discovery with respect to every witness or party in every case, thereby vitiating the proportionality requirement") (citations and quotation marks omitted).  Plaintiff may not ask questions or present to the Non-Party Deponents documents and/or evidence for the purposes of impeachment that does not directly relate to the Topics.  Prohibited areas include, but are not limited to, the Non-Party Deponents' finances.

3. With respect to the Discovery Dispute, the Court will conduct an <u>in camera</u> review of the documents at issue, which include 65 emails from Nancy Cooper's account and 51 emails from Ms. Duin's account (together, the "Emails").  By **October 20, 2023**, Defendant shall provide the Court with the Emails through the Court's file-share system, instructions for which the Court will email to Defendant's counsel.  Defendant shall also inform the Court which emails have already been produced to Plaintiff.  Following receipt of the Emails, the Court will conduct an <u>in camera</u> review and issue an Order delineating which of the Emails must be produced to Plaintiff.

4. The parties shall order a transcript of the Conference and file it on the docket.  By **October 13, 2023**, the parties shall complete the annexed transcript request form and submit one request to [etranscripts@nysd.uscourts.gov](mailto:etranscripts@nysd.uscourts.gov), selecting the "7 Day" option for service.

The Clerk of Court is respectfully directed to close ECF No. 50 and ECF No. 51.

Dated:     New York, New York
           October 12, 2023

SO ORDERED.

_____
**SARAH L. CAVE
United States Magistrate Judge**

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, <u>NOT the Southern District Court Reporters.</u> The transcript will be delivered to your office and you will be invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for the transcription services described herein. This form should not be submitted for the purpose of obtaining a price estimate.

**NOTE:** CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request). Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: _____

| Case Caption | |
|---|---|
| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |

## INDICATE SERVICE:
(prices listed are per page)

| Daily $6.66 | ○ | 3 Day $6.00 | ○ | 7 Day $5.34 | ○ | 14 Day $4.68 | ○ | 30 Day $4.02 | ○ |

| Your Name | |
|---|---|
| Firm Name | |
| Address | |
| City, State | Zip Code |
| Telephone Number | |
| E-mail Address | |

[RESET] [PRINT] [SAVE] [EMAIL]