ADMITTED IN:
NEW YORK
CONNECTICUT

LAW OFFICES OF
**CAMERON STRACHER**
MEDIA AND ENTERTAINMENT LAW
51 ASTOR PLACE
NEW YORK, NY 10003
(646) 992-3850
Cam@Stracherlaw.com

WWW.STRACHERLAW.COM

November 24, 2023

**BY ECF**

The Honorable May Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *The Satanic Temple, Inc. v. Newsweek Magazine LLC, et al.* **(1:22-cv-1343)**

Dear Judge Vyskocil:

Defendant Newsweek Magazine LLC ("Newsweek") submits this letter in opposition to Plaintiff The Satanic Temple's request for a third extension of the discovery deadline, currently set for December 7, 2023.

This case arises from the publication of an article written by Julia Duin and published by Newsweek titled "Orgies, Harassment, Fraud: Satanic Temple Rocked by Accusations, Lawsuit" (the "Article") about a lawsuit filed by The Satanic Temple against several of its former members.  *See United Fed'n of Churches v. Johnson*, 522 F. Supp. 3d 842 (W.D. Wash. 2021). Duin moved to dismiss the claim against her for lack of personal jurisdiction, and both Duin and Newsweek moved to dismiss the action for failure to state a claim.  The Court granted Ms. Duin's motion, holding that it lacked jurisdiction over her, and granted, in part, Newsweek's motion, holding that twenty-one of twenty-two allegedly defamatory statements were not actionable.  ECF 27.  As for the one remaining statement, the Court held that quoting a former member who said that he left The Satanic Temple because of "[a]ccounts of sexual abuse being covered up in ways that were more than anecdotal" was "plausibly defamatory" and survived the motion to dismiss.  *Id.* at 13.

Plaintiff argues that the discovery deadline should be extended for three reasons, each of which fails to satisfy its burden of demonstrating "good cause."  Instead, the case is ripe for summary adjudication, and any further delay in the proceedings will prejudice Newsweek.  *See SuperCom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, 2022 WL 493600, at *4 (S.D.N.Y. Feb. 17, 2022) (protracted litigation through discovery and trial "chill[s] the exercise of constitutionally protected freedoms.") (citing *Biro v. Conde Nast*, 883 F.Supp.2d 441, 467 (S.D.N.Y. 2012)) (quotation marks omitted); *see also Cardillo v. Doubleday & Co.*, 366 F. Supp. 92, 94–95 (S.D.N.Y. 1973) ("[f]rivolous libel suits should be dismissed summarily to avoid the 'chilling effect' on free speech that the requirement of an expensive and extensive defense would require") (citation omitted), *aff'd*, 518 F.2d 638 (2d Cir. 1975).

**1.      Plaintiff Is Not Entitled Additional Documents and Deposition Testimony From Julia Duin.**  On November 16, 2023, for the first time, Plaintiff decided to serve a subpoena on Julia Duin, who was dismissed as a defendant in this case on March 8, 2023.  ECF 27 at 3-6.  Plaintiff provides no reason why it could not have served a third-party subpoena on Ms. Duin immediately following the Court's order dismissing her from the case instead of waiting more than eight months to do so.  Thus, its last minute request for a discovery extension, which is nothing more than a transparent attempt to re-open the deposition of Ms. Duin, should be denied.  *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir 1985) (collecting cases reflecting that 6 to 8 months is "ample time in which to pursue [discovery]" and affirming denial of party's request to extend discovery); *Jones v. J.C. Penny's Dept. Stores Inc.,* 317 Fed. Appx. 71, 75 (2d Cir. 2009) (finding no abuse of discretion in denying request to extend discovery based on delayed receipt of relevant discovery materials where "the delay in plaintiff's receipt of these materials was occasioned by her own counsel's lack of diligence").

Plaintiff's contention that the "Court authorized a subpoena duces tecum to Duin for an email to identify a previously undisclosed individual who provided Duin the sole basis to pitch the article," Pl. Mot. at 1, misrepresents the Court's order, fails to explain why Plaintiff could not have subpoenaed this document (or any documents) eight months ago, and seeks information that bears no relevance to the sole remaining issue in this case.  At her deposition, Plaintiff's counsel asked Ms. Duin to look at her phone to determine the date she received an email suggesting an idea for the Article.  When Defendant objected, Plaintiff's counsel called the Court to resolve the dispute.  Counsel explained the issue as follows:

> MR. KEZHAYA: I asked her to pull … out her smart phone and look for the e-mail, to which again the objection was lodged and instruction not to provide that information.  All we're asking for is the date.
> THE COURT: The date on which Mr. Jones notified Ms. Duin about the idea for the article?
> MR. KEZHAYA: Correct. Yes, Your Honor.
> . . .
> THE COURT: I'm not going to order that she do it while the record is running, but if you want to have her look on the break and see if she can discern the date that Mr. Jones sent her the email, then she can do so and testify how she refreshed her recollection. But otherwise, Mr. Kezhaya, you will be authorized to serve Ms. Duin with a subpoena solely limited to the e-mail from Mr. Jones to her regarding the idea for the article.

Ex. A (Duin Depo Tr. 64:11-65:18).  During a break in her deposition, Ms. Duin looked at her phone to refresh her recollection, and testified that the date she received the email was September 29, 2021.  Ex. A (Duin Depo Tr. 190:20-191:2).  Thus, as the deposition transcript makes clear, Plaintiff's counsel represented he was only interested in the date of the email, and the Court held that Ms. Duin could provide that date *or, if she did not,* Plaintiff could subpoena her for the email.  Because Ms. Duin provided the relevant date, the discovery deadline should not be extended to permit further inquiry on this issue.[1]

---

[1] The Order reflecting this ruling is not to the contrary, and clearly provides that the "Court's full rulings and guidance are reflected in the transcript of the call made by the deposition court reporter." ECF 64 at 2.

**2.      Plaintiff Is Not Entitled to Discovery Regarding Income Generated From the Article.**  Plaintiff falsely contends that the Court held that "Newsweek's valuation of the article is discoverable." Pl. Mot at 1-2 (citing ECF 47 ¶ 8).  Rather, the Court held that Plaintiff was entitled to discover whether Newsweek "made a payment to Ms. Duin for writing the Article." ECF 47 ¶ 8.  Plaintiff also falsely contends that the parties agreed that "how much income Newsweek generated from the article was supposed to be elicited at the deposition of Newsweek." Pl. Mot. at 2.  Rather, the 30(b)(6) deposition notice issued to Newsweek sought testimony only about "How Newsweek generates income from its articles in general." Ex. B ¶ 10 (30(b)(6) Deposition Notice).  This information was, in fact, provided at Newsweek's 30(b)(6) deposition:

> Q:      I want to direct your attention to the matters to be examined item 10 [of the 30(b)(6) notice], which is on the last page.  How does Newsweek generate income from its articles in general?
> A:      Ads and sponsorships, subscriptions.
> Q:      Does the website have paid subscribers?
> A:      No. Well, no. I mean you go to Newsweek.com like you can go to anything else.

Ex. C (Cooper Depo Tr. 127:18-128:3).  Thus, there is no basis to extend the discovery deadline so that Plaintiff may now seek discovery beyond the topics it identified in the 30(b)(6) Deposition Notice.[2]

**3.      Plaintiff Is Not Entitled to Depose Scott Malphas.**  On August 1, 2023, Newsweek produced the document from Scott Malphas to Julia Duin in which Malphas identified "coerced sexual activity within the Satanic Temple." Ex. D (Newsweek 012). Plaintiff once again falsely states that this document was produced "Per order dated October 25, 2023." Pl. Mot.at 2.  Rather, the Court's October 25 Order directed Newsweek to produce additional correspondence between Mr. Malphas and Ms. Duin that did not contain the allegation of coerced sexual activity.  *Compare* Ex. E (Duin 19-002) *with* Ex. D (Newsweek 012). Moreover, Ms. Duin did *not* testify that "her decision to omit any fact investigation into the article statement was predicated upon Malphas's email," as Plaintiff claims.  Pl. Mot. at 3. Rather, Ms. Duin testified as follows:

> Q:      Beyond the text of this paragraph [alleging coerced sexual activity], did you perform any fact investigation into what Scott Malphas is saying here?
> A:      I didn't ask him to elaborate, no.

Ex. F (Duin Depo Tr. 119:22-25).  Plaintiff's decision to wait nearly four months before deciding to depose Mr. Malphas does not constitute "good cause" to justify a discovery extension.  *See Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party"); *Sokol Holdings, Inc. v. BMD Munai, Inc.,* 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009) (to demonstrate "good cause," moving party must show that even if it had exercised diligence, it could not have met the deadline set by the court).

---

[2] This information is also irrelevant.  *See Palin v. New York Times Company,* 2020 WL 353455, at *2 (S.D.N.Y., 2020) (disgorgement as an equitable remedy is "not available as a matter of law in a defamation case, when money damages serve as an adequate remedy.")

For the foregoing reasons, Newsweek respectfully requests that the Court deny Plaintiff's request for a third discovery extension.

Respectfully submitted,

CAMERON STRACHER, PLLC

*/s/ Cameron Stracher*
Cameron Stracher
Sara C. Tesoriero
51 Astor Place, 9th Floor
New York, NY 10003
Tel: (646) 992.3850
Fax: (646) 992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for Newsweek Digital, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2023, I caused a true copy of the foregoing to be served on all counsel of record via ECF.


/s/ *Cameron Stracher*
Cameron Stracher