```
                                                            1
 1                  UNITED STATES DISTRICT COURT

 2                 SOUTHERN DISTRICT OF NEW YORK

 3   ----------------------------------------------------------
                                    )
 4   THE SATANIC TEMPLE, INC.,      )
                                    )
 5             Plaintiff,           )
                                    )
 6        vs.                       )NO. 1:22-CV-01343-MKV
                                    )
 7   NEWSWEEK DIGITAL, LLC,         )
                                    )
 8             Defendant.           )
                                    )
 9   ----------------------------------------------------------

10         Videotaped Deposition Upon Oral Examination

11                             of

12                         JULIA DUIN

13   ----------------------------------------------------------

14               Thursday, November 16, 2023

15                        9:37 a.m.

16                 7900 Southeast 28th Street

17                  Mercer Island, Washington

18

19

20

21

22

23

24   Cheryl Macdonald, CRR, RMR
     Court Reporter
25   License No. 2498
```

1   testimony was established that the idea for this
2   particular article was provided by someone who none of
3   us -- none of the lawyers had ever discussed before,
4   someone named Kevin Jones, who sent Ms. Duin the
5   article -- the best written discovery provides is --
6   some time ago.  I asked the question, "How was this
7   provided?"  She responded, "By e-mail."  We do not
8   have that e-mail.  I asked when was it provided.  She
9   says, "I don't recall."  I asked, "Would it refresh
10  your recollection to look at the e-mail?"  She said,
11  "Maybe."  I asked her to pull -- after establishing
12  sufficient testimony, asked her to pull out her smart
13  phone and look for the e-mail, to which again the
14  objection was lodged and instruction not to provide
15  that information.  All we're asking for is the date.
16          THE COURT:  The date on which Mr. Jones
17  notified Ms. Duin about the idea for the article?
18          MR. KEZHAYA:  Correct.  Yes, Your Honor.
19  And to lay a little bit further background, the
20  article was, near as we can tell, first pitched in
21  September 30th.  We believe, obviously, some time ago
22  was sometime before September 30th.  We're trying to
23  establish the timeline of when all this took place.
24          THE COURT:  Okay.  Ms. Tesoriero?
25          MS. TESORIERO:  Yes.  Thank you, Your

65

1   Honor.  Our position is that this was a subpoena for
2   deposition.  There was no subpoena for documents.
3   There has been no subpoena for documents served on
4   Ms. Duin in this case, and therefore the request for
5   her to access documents during the deposition that counsel
6   has not had a chance to review for privilege, for
7   reporter's privilege issues, would be inappropriate.
8           THE COURT:  All right.  Well, I mean, the
9   risk is that she's going to have to come back, but --
10  so if you want to have her on a break -- I'm not going
11  to order that she do it while the record is running,
12  but if you want to have her look on the break and see
13  if she can discern the date that Mr. Jones sent her
14  the e-mail, then she can do so and testify how she
15  refreshed her recollection.  But otherwise, Mr.
16  Kezhaya, you will be authorized to serve Ms. Duin with
17  a subpoena solely limited to the e-mail from Mr. Jones
18  to her regarding the idea for the article.
19          MR. KEZHAYA:  Thank you, Your Honor.
20          MS. TESORIERO:  Thank you, Your Honor.
21          MR. KEZHAYA:  That resolves all disputes
22  unless there are any other issues?
23          MS. TESORIERO:  No.
24          MR. KEZHAYA:  That resolves all of our
25  disputes.  Thank you for your time.

190

1  going to assert -- not pause.  We are pausing this
2  aspect of the questioning.  I don't know if you took
3  note of the order that's already come out, but I'm
4  entitled to re-examine her about the e-mail from the
5  -- Jones.
6          MS. TESORIERO:  Yeah.  You can ask her the
7  date.
8          MR. KEZHAYA:  No, no.  In the order the
9  judge says that we can reopen the depo as pertains to
10 that.  So my proposal is we take this issue to the
11 judge in a more orderly fashion.  Judge will tell us
12 whether or not we can resume this line of questioning.
13         MS. TESORIERO:  If you would like to.
14 Again, you can ask her about the date.  We sorted that
15 out over lunch.  But if you -- I mean, we're going to
16 -- if we're bringing -- yes.  We can take this to the
17 judge if you'd like to take this to the judge.
18         MR. KEZHAYA:  I insist.
19         MS. TESORIERO:  Okay.
20     Q.    (By Mr. Kezhaya) Speaking of the Jones
21 e-mail, what was the date of the Jones e-mail?
22     A.    September 29th.
23     Q.    Of?
24     A.    2021.
25     Q.    Did you look at the e-mail to ascertain

1  that?
2      A.     Yes.
3      Q.     What was the "from" of that?
4      A.     Mr. Jones.
5      Q.     The same Gmail that we saw earlier?
6      A.     Yeah.
7      Q.     What did you know about TST before writing
8  this piece?
9      A.     Nothing.
10     Q.     Well, clearly you knew something about --
11     A.     Excuse me.  I mean, again, you've already
12 asked me this.  I've already told you, almost nothing.
13 I referred to it briefly in two media critique pieces
14 in 2016 and 2018.  Other than that, no, I did not -- I
15 was not familiar with TST.
16            MR. KEZHAYA:  I think now is a good time
17 for a break.
18            THE VIDEOGRAPHER:  We are now going off the
19 record.  The time is now 3:57 p.m.
20                (Recess.)
21            THE VIDEOGRAPHER:  We are now back on the
22 record.  The time is now 4:04 p.m.
23     Q.     You admit that Scott Malphas is a
24 pseudonym; correct?
25     A.     Yes.

201

1  outcome thereof;
2      I further certify that the witness before
3  examination was by me duly sworn to testify to the
4  truth, the whole truth, and nothing but the truth;
5      I further certify that the deposition, as
6  transcribed, is a full, true and correct transcript of
7  the testimony, including questions and answers, and
8  all objections, motions, and exceptions of counsel
9  made and taken at the time of foregoing examination
10 and was prepared pursuant to Washington Administrative
11 Code 308-14-135, the transcript preparation format
12 guideline;
13     I further certify that I am sealing the
14 deposition in an envelope with the title of the above
15 cause and the name of the witness visible, and I am
16 delivering the same to the appropriate authority;
17
18     IN WITNESS WHEREOF, I have hereunto set my hand,
19 and affixed my official seal this 22nd day of
20 November 2023.
21                            _____
22                            Cheryl Macdonald, CCR
23                            Washington State Certified
24                            Court Reporter
25                            License No. 2498