

**Matt Kezhaya**
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402

matt@kezhaya.law
Direct: (479) 431-6112
General: (612) 276-2216

<u>**BY ECF**</u>

November 24, 2023

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:    *Satanic Temple v. Newsweek* (22-CV-1343) – reply on requested extension

Dear Judge Vyskocil:

For the following reasons, Newsweek's response is unavailing. The Court should find that good cause supports the requested discovery extension.

*First*, Newsweek claims it was a misrepresentation that the Court authorized a subpoena duces tecum to Duin. But Newsweek offers no competing interpretation of the cited text:

> The Court authorized Plaintiff to serve a document subpoena on Ms. Duin for the Email in the event that it is not voluntarily produced, and may authorize Ms. Duin's deposition to be reopened for the limited purpose of permitting Plaintiff to question her regarding the Email.

ECF 64, at 1 ¶ 2. The Email has not been voluntarily produced, so the subpoena has issued.[1] Given that the author of the Email is a staff writer for the Catholic

---

[1] The letter motion asserted that subpoenas have a 30-day turnaround time. This appears to be error: objections are due before the earlier of the time specified for compliance, or 14 days after service. FRCP 45(d)(2)(B). As 14 days is sufficient time to lodge an objection, it should also be sufficient time to comply. *Accord.*

News Agency,[2] the Email is likely to prompt some follow-up questions as to the impetus behind the subject article. Additionally, based on Newsweek's response that "Plaintiff is not entitled to additional documents … from Julia Duin," a motion to compel is foreseeable. That motion will take time to resolve, which provides further good cause for an additional 30 days of discovery.

*Second*, Newsweek does not respond to the point that the Court has already found Newsweek's valuation of the article to be relevant in discovery. Instead, it misconstrues Plaintiff's assertion that Newsweek should be disgorged of profits as an equitable remedy, citing *Palin v. New York Times Co.*, No. 17-CV-4853 (JSR), 2020 WL 353455 (S.D.N.Y. Jan. 21, 2020). Unlike in *Palin*, Plaintiff does not seek equitable relief; instead, it seeks punitive damages. Compl., ECF 1, at 32 ¶ 130(c). Punitive damages may take into consideration "the profitability to the defendant of the wrongful conduct and the desirability of removing that profit and of having the defendant sustain a loss." *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991). No part of *Palin* addresses disgorgement as a line item in a punitive damages award. In any event how the dispute gets resolved is collateral to the question of whether the Court should have time to resolve the dispute.

*Third*, Newsweek provides a single page of Duin's deposition to substantiate the claim that Duin *never* testified that her decision to omit any fact investigation into the article statement (written by Strange) was predicated on Malphas's email. However, that single page comes from the section of Duin's deposition inquiring into Malphas's email. That line of inquiry was prompted by the referenced testimony.

Prior to the referenced testimony, there was no justifiable basis to locate or depose Malphas because he did not pen the article statement. Now that Duin has connected Malphas to the article statement, it is necessary to make a fact record of what–if any–personal knowledge he has into the subject matter of this dispute.

Alternatively, the Court should bar Newsweek from calling Malphas as a

---

*Abraha v. Colonial Parking, Inc.*, 311 F. Supp. 3d 237 (D.D.C. 2018) (upholding an 18-day time for compliance).

[2] https://www.catholicnewsagency.com/author/408/kevin-j-jones

witness. Newsweek included Malphas as a witness to the truth of the matters asserted in the article statement. Newsweek's resistance to a deposition of Malphas does not connote confidence in his credibility as a witness.

*Last*, there is a post-discovery conference still scheduled for November 29 at 3:30 pm. ECF 43, at 2. That setting was not addressed in the last letter motion. See ECF 59. The Court should vacate that conference setting and reschedule it to sometime after the current discovery deadline of December 7, if this request is denied; or sometime after January 7, if this request is granted.

**WHEREFORE** Plaintiff respectfully requests a 30-day extension of time to finalize discovery, to January 7.

Respectfully submitted,

By: */s/ Matt Kezhaya*

Matt Kezhaya (*pro hac vice*)
KEZHAYA LAW PLC
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
phone: (479) 431-6112
email: matt@kezhaya.law

## CERTIFICATE OF SERVICE

**NOTICE IS GIVEN** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on November 24, 2023, which sends service to registered users, including all other counsel of record in this cause.
*s/ Matt Kezhaya*