**Matt Kezhaya**
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402



matt@kezhaya.law
Direct: (479) 431-6112
General: (612) 276-2216

November 30, 2023

Hon. Sarah L. Cave
By ECF only

Re:   *Satanic Temple v. Newsweek* (22-cv-1343)
      supplemental citations and letter request to compel testimony

Dear Judge Cave:

I write to supplement the prior letter briefing with a citation to the referenced testimony that Duin testified that "her decision to omit any fact investigation into the article statement was predicated upon Malphas's email." ECF 65, at 2. When drafting the letter, I did not have the transcript available. Now that I do, please see Duin Deposition at 103:22 – 105:14; 121:4-123:25; 174:25 – 176:23; 186:10-23.[1]

Additionally, on the issue of reopening the deposition of Duin, the parties encountered a subsequent dispute. See Duin Deposition at 183:25 – 190:18. In gist, Duin testified that she would have asked for proof if the same sources had accused TST of murdering children. 184:14-21. When pressed to delineate the difference between an accusation of murdering children *versus* engaging in and covering up sexual abuse, she refused to testify. 186:10-188:15; see also 189:16-18 (Duin's counsel states she doesn't have to answer). The parties conferred in good faith on this issue at 188:16-190:18.

The question goes to the very heart of malice, which is a central

---

[1] Redacted version at ECF 75; mark-up at ECF 76 (sealed).

issue to both Newsweek's assertion of a First Amendment affirmative defense and TST's assertion of punitive damages. Presuming that the Court permits reopening the deposition of Duin to address the Kevin J. Jones email (see 37:13 – 38:15; ECF 64), the Court should further direct Duin to testify to the distinction between accusing TST of murdering children *versus* accusing TST of sexual abuse and cover-up, such that the former accusation would have induced Duin to demand proof whereas the latter did not. FRCP 37(a)(3)(B)(i).

Further, the Court should sanction Duin for refusing to testify without a basis in privilege or other adequate excuse. FRCP 45(g). This refusal to answer was part of a pattern of recalcitrance. *E.g.*:

- 6:6 – 7:12 (evading questions as to whether she reviewed any documents in preparation for the deposition: "What do you mean by 'documents?'");

- 29:7 – 30:14 (refusing to testify as to how much she was paid by Newsweek);

- 77:7-20 (evading question as to whether this lawsuit had anything to do with her layoff: "May I suggest you ask Nancy Cooper that?");

- 82:1 – 86:9 (refusing to testify why she thinks Halloween is Satanic: "I don't know how to answer this ridiculous question");

- 126:17 – 24 and 127:22 – 128:9 (testifying, and then denying, that she constructed the article such that Greaves's general denial would be understood as applicable to the article statement, even though she never communicated with Greaves after obtaining the quote before publishing);

- 132:19 – 136:14 (refusing to answer whether the article statement was a rhetorical statement or a factual accusation: "I'm being put into a corner" and evading questioning as to whether she asked for any particulars as to what sexual abuse and cover-up allegedly occurred within TST before publishing the quote);

- 141:3 – 145:20 (testifying that lawyers "can" be CC'd on emails, but refusing to testify whether any lawyers "were" CC'd on any emails of relevance);

- 176:12 – 181:25 (refusing to answer whether she had an ethical obligation to ask Lucien Greaves about sexual abuse and cover-up: "I'm not going to get trapped.")

The list goes on. Recalcitrance can only be dissuaded through the punitive processes of the courts. Presuming the Court compels Duin to answer the question about why she would ask for substantiating proof of child murder, but not sexual abuse and cover-up, the Court should further require Duin to pay Plaintiff's costs and attorneys fees for having to raise this issue to the Court. FRCP 37(a)(5).

Failing that, the Court should order a punitive sanction (to be paid to the court) for refusing to testify without an assertion of privilege or other adequate excuse.

**WHEREFORE** the Court should entertain this issue at the December 13 teleconference.

Respectfully submitted on November 30, 2023,

|  |  |
|---:|:---|
| By: | */s/ Matt Kezhaya* |
|  | Matt Kezhaya (# 0402193) |
|  | Kezhaya Law PLC |
|  | 150 S. Fifth St., Suite 1850 |
|  | Minneapolis, MN 55402 |
| phone: | (479) 431-6112 |
| email: | matt@kezhaya.law |

## Certificate of service

**Notice is given** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on November 30, 2023, which sends service to registered users, including all other counsel of record in this cause. *s/ Matt Kezhaya*