

ADMITTED IN:
NEW YORK
CONNECTICUT

WWW.STRACHERLAW.COM

51 ASTOR PLACE
NEW YORK, NY 10003

(646) 992-3850
CAM@STRACHERLAW.COM

December 12, 2023

**BY ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

     Re:    *The Satanic Temple, Inc. v. Newsweek Digital, LLC* **(22-cv-1343)**

Dear Judge Cave:

     Pursuant to this Court's order, ECF 84, Defendant Newsweek Digital, LLC ("Newsweek") and non-party Julia Duin submit this letter to object to Plaintiff's request to supplement the discovery issues for resolution at the December 13, 2023 teleconference (ECF 83).

     Discovery in this matter is closed. The Court denied Plaintiff's request to extend the discovery deadline. ECF 69. The Court then referred "the specific discovery disputes detailed in the parties' letters at ECF 65, 67, and 68" to your Honor. *Id.* at 1. There are only two discovery disputes detailed in the parties' letters that were not resolved by the Court's order:

     1.    Ms. Duin's objection to producing the September 29, 2021 email from Kevin J. Jones to Ms. Duin. Ms. Duin has since produced that email.

     2.    Newsweek's objection to producing documents concerning how much income Newsweek generated from the Article.

     The Court *denied* Plaintiff's motion to extend discovery so that it could obtain additional documents and deposition testimony from Ms. Duin. ECF 69; *see also* ECF 67 (arguing that Plaintiff's "last minute request for a discovery extension, which is nothing more than a transparent attempt to re-open the deposition of Ms. Duin, should be denied"). Plaintiff's "supplemental" submissions that seek to re-open Ms. Duin's deposition and compel the production of unredacted documents are an improper attempt to end-run the Court's prior Order,

beyond the scope of the Court's reference to your Honor, and beyond the jurisdictional reach of the Court. *See* ECF 82 at 3 (citing Fed. R. Civ. P. 45(d) & (g)).[1]

Plaintiff contends, without support, that the "redacted materials appear to be Duin's efforts to persuade QueerSatanic into believing that an interview would aid their efforts to harm TST's interests." ECF 83 at 1–2. Even if this were the case, and this Court were the proper forum, such materials have no bearing on "the First Amendment privilege," as Plaintiff contends, because allegations of bias are not evidence of actual malice. *Prince v. Intercept*, 2023 WL 4492413, *7 (S.D.N.Y. July 12, 2023); *see also Brimelow v. New York Times Co.*, 2021 WL 4901969, *3 (2d Cir. Oct. 21, 2021) (allegations of defendant's ill will toward plaintiff failed to establish actual malice); *Malone v. WP Company, LLC*, 2023 WL 6447311, *6 (W.D. Va. Sept. 29, 2023) ("assuming Plaintiff's claims of bias and prejudice are true, those allegations would nevertheless have little relevance to the actual malice inquiry."); *Donald J. Trump for President, Inc. v. WP Company LLC*, 2023 WL 1765193, *5 (D. D.C. Feb. 3, 2023) (allegation that publisher and writer were politically biased, and that writer had previously published commentary critical of plaintiff, insufficient to demonstrate actual malice); *Portnoy v. Insider, Inc.*, 2022 WL 16748583, *6 (D. Mass. Nov. 7, 2022) ("allegations of animosity or ill will . . . do not suffice to plead actual malice."); *McDougal v. Fox News Network, LLC,* 489 F. Supp. 3d 174, 185 (S.D.N.Y. 2020) (allegations about "improper political or personal biases do not establish actual malice without additional facts to suggest the speaker acted pursuant to that bias.").

Moreover, even if Ms. Duin's alleged bias were proof of actual malice – which it is not – the alleged actual malice of a freelance reporter like Ms. Duin cannot be imputed to Newsweek. *See Stern v. Cosby*, 645 F.Supp.2d 258, 284–85 (S.D.N.Y., 2009) (dismissing defamation claims against publisher where plaintiff offered evidence that the author, but not the publisher, acted with actual malice). Rather, New York law is clear that a publisher is "permitted to rely on an author's reputation and experience" and "has no independent duty to investigate an author's story unless the publisher has actual, subjective doubts as to the accuracy of the story." *Stern*, 645 F.Supp.2d at 284; *see also Tzougrakis v. Cyveillance, Inc.*, 145 F.Supp.2d 325, 332 (S.D.N.Y. 2001) (defendant magazine was entitled to rely on "a trusted reporter's, representations without rechecking her assertions or retracing her sources").

In short, the Court should reject Plaintiff's attempt to re-litigate issues that it lost, or that it did not pursue by not serving a document subpoena on Ms. Duin at any time prior to her deposition, and address the only remaining discovery dispute that is properly before this Court.

---

[1] The Court also denied Plaintiff's motion to extend discovery so that it could depose Scott Malphas. ECF 69; *see also* ECF 67 (arguing that "Plaintiff's decision to wait nearly four months before deciding to depose Mr. Malphas does not constitute 'good cause' to justify a discovery extension."). Thus, this issue is also not properly before the Court.

Respectfully submitted,

CAMERON STRACHER, PLLC

/s/ *Cameron Stracher*
Cameron Stracher
Sara C. Tesoriero
51 Astor Place, 9th Floor
New York, NY 10003
Tel: (646) 992.3850
Fax: (646) 992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for Newsweek Digital, LLC*
and *Julia Duin*