UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE SATANIC TEMPLE, INC.,

                        Plaintiff,

-v-                                              CIVIL ACTION NO. 22 Civ. 1343 (MKV) (SLC)

NEWSWEEK MAGAZINE LLC,                       **ORDER**

                        Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

      In this defamation action concerning an article dated October 29, 2021 (the "Article"), the Honorable Mary Kay Vyskocil previously granted the motion of Defendant Newsweek Magazine LLC "Newsweek") to dismiss the claims of Plaintiff The Satanic Temple Inc. (the "Temple") with respect to all but one statement concerning alleged "accounts of sexual abuse being covered up in ways that were more than anecdotal" (the "Article Statement").  (ECF No. 27 (the "MTD Decision")).  Satanic Temple, Inc. v. Newsweek Mag. LLC, No. 22 Civ. 1343 (MKV), 2023 WL 2403136, at *7 (S.D.N.Y. Mar. 8, 2023).  Since the MTD Decision, the undersigned, to whom Judge Vyskocil referred certain discovery disputes (ECF Nos. 69–70), has endeavored to tailor discovery to focus on the Article Statement.  (See, e.g., ECF No. 58 (limiting scope of non-party depositions "to questions related to the Article Statement")).

      On November 16, 2023, the Temple deposed non-party Julia Duin ("Ms. Duin"), the author of the Article.  (See ECF No. 64).  On or about the same day, the Temple served a document subpoena (the "Subpoena") on Ms. Duin seeking, inter alia, social media messages from April 29, 2021 through November 1, 2021 (the "Requested Timeframe") exchanged between Ms. Duin and

the social media handle "@QueerSatanic" (the "Request"). (See ECF Nos. 83; 85). On December 8, 2023, Ms. Duin served a response to the Subpoena, objecting to the Request on the grounds that, inter alia, the Request sought information unrelated to the Article Statement and that disclosure of the information would violate the reporter's privilege under both Washington law (RCW 5.68.010) and New York law (N.Y. Civ. Rights Law § 79-h). Subject to those objections, Ms. Duin agreed to produce any such messages involving discussions of allegations of sexual abuse within the Temple, or the Temple's response, if any, to any such allegations.

On December 11, 2023, four days after the close of fact discovery (see ECF No. 69), the Temple filed a letter-motion (ECF No. 83 (the "Motion")) seeking to discuss at a discovery conference scheduled for December 13, 2023 (ECF No. 71 (the "Conference")), whether the documents Ms. Duin produced in response to the Request were properly redacted. (ECF No. 83 at 1). On December 12, 2023, Ms. Duin opposed the Motion and defended her redactions. (ECF No. 85). The Court and parties discussed the Request at the Conference, and the Court agreed to conduct an in camera review of the documents Ms. Duin produced to determine whether the redactions were appropriate. (ECF No. 86).

Following the Conference, Ms. Duin provided the following to the Court for in camera review: (i) the documents Ms. Duin produced to Plaintiff in response to the Request (Bates Stamp Nos. JDUIN019–JDUIN25), with redactions applied (the "Produced Documents"); (ii) unredacted versions of the Produced Documents (the "Unredacted Documents"); and (iii) all social media messages exchanged between Ms. Duin and @Queer Satanic over the Requested Timeframe (Bates Stamp Nos. JDUIN036–JDUIN053), which were not produced to Plaintiff (the "Complete

Set of Social Media Messages," together with the Produced Documents and Unredacted Documents, the "In Camera Documents")).

Having conducted a careful review of the In Camera Documents, the Court has discerned that all of the messages contained in the Produced Documents appear in the larger set of messages appearing in the Complete Set of Social Media Messages, and the Complete Set of Social Media Messages contains additional messages that were withheld entirely from production pursuant to Ms. Duin's objections to the Subpoena. Based on its review, the Court confirms that Ms. Duin's redactions to two pages of the Produced Documents and her withholding of certain messages within the Complete Set of Social Media Messages are proper, insofar as she has withheld from disclosure only information that is either (i) not responsive to the Request or (ii) appears to be protected by the reporter's privilege under New York and/or Washington law. In addition, the redactions to the Produced Documents and the unproduced messages only omit information that is neither responsive to the Request nor relevant to the Article Statement. See Montrevil v. Decker, No. 20 Civ. 264 (WFK) (LB), 2011 WL 11690690, at *8 (E.D.N.Y. July 19, 2021) (upholding redactions applied to nonresponsive material). Finally, the information redacted or withheld would not aid the Temple in "plac[ing] the responsive information in context." In re Bystolic Antitrust Litig., No. 20 Civ. 5735 (LJL), 2021 WL 878568 at *1–2 (S.D.N.Y. Mar. 9, 2021) (forbidding redaction of non-responsive material where "such redaction removes content that places the responsive information in context").

Accordingly, the Motion is DENIED. Fact discovery remains closed apart from the single issue about which the parties have been ordered to meet and confer and file a joint letter by December 22, 2023. (ECF No. 86 ¶ 1(d)).

Dated: New York, New York
December 21, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

4