ADMITTED IN:
NEW YORK
CONNECTICUT

LAW OFFICES OF
**CAMERON STRACHER**
MEDIA AND ENTERTAINMENT LAW
51 ASTOR PLACE
NEW YORK, NY 10003
───────────
(646) 992-3850
CAM@STRACHERLAW.COM

WWW.STRACHERLAW.COM

April 10, 2024

**By ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

   Re:  ***The Satanic Temple, Inc. v. Newsweek Digital, LLC* (1:22-cv-01343)**

Dear Judge Vyskocil:

  Defendant Newsweek Digital, LLC ("Newsweek" or "Defendant") respectfully requests a pre-motion conference in connection with its proposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1] The parties have met and conferred, and Plaintiff does not consent to the relief sought by Defendant's motion.

## Background

  Plaintiff The Satanic Temple, Inc. ("Plaintiff" or "The Satanic Temple") is "an atheistic religious corporation," Compl. ¶ 6, that "engages in various charitable activities" and "advocates for the religious rights of its membership." *Id.* ¶¶ 14 & 15. As relevant to the instant case, Plaintiff brought a defamation suit in the Western District of Washington against several of its former members, who ascribed extremist ideologies and affiliations to the organization. *See United Fed'n of Churches v. Johnson*, 522 F. Supp. 3d 842 (W.D. Wash. 2021) (the "Johnson Case"). After the defamation claims in the Johnson Case were dismissed by the district court, Newsweek published an article on its website, written by freelancer Julia Duin, titled "Orgies, Harassment, Fraud: Satanic Temple Rocked by Accusations, Lawsuit" about the lawsuit and about The Satanic Temple's practices, which included statements from the former members as well as from Lucien Greaves, The Satanic Temple's founder, and from Matthew Kezhaya, its General Counsel (the "Article"). *See* Compl. Ex. 1.

  Plaintiff subsequently brought this lawsuit against both Duin and Newsweek alleging that twenty-two statements in the Article were defamatory. Duin moved to dismiss the claim against her for lack of personal jurisdiction, and both Duin and Newsweek moved to dismiss the action for failure to state a claim. The Court granted Duin's motion, holding that it lacked jurisdiction over her, and granted, in part, Newsweek's motion, holding that twenty-one of twenty-two

---

[1] Per your Honor's Individual Rules, Defendant's [Proposed] Statement of Undisputed Material Facts is attached hereto as Exhibit A ("Rule 56.1 St.").

allegedly defamatory statements were not actionable. (ECF 27). As for the one remaining statement (the "Article Statement"), the Court held that quoting a former member who said that he left The Satanic Temple because of "[a]ccounts of sexual abuse being covered up in ways that were more than anecdotal" was "plausibly defamatory" and survived the motion to dismiss. *Id.* The Court also found that it could not determine at the motion to dismiss stage whether The Satanic Temple was a public figure, and therefore did not reach Defendants' argument that The Satanic Temple failed to plausibly plead actual malice. *Id.*

Now that discovery in this matter is closed, it is clear that Plaintiff does not have a viable defamation claim because it cannot demonstrate by clear and convincing evidence that the Article Statement is false. In addition, even if it is not a public figure, Plaintiff cannot demonstrate that the Article Statement was published with actual malice as required under New York's anti-SLAPP law, CPLR § 76-a(2). Accordingly, Newsweek now seeks to file a motion for summary judgment to dismiss Plaintiff's Complaint.

## **Argument**

As this Court is aware, a motion for summary judgment should be granted where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Plaintiff's defamation claim should be dismissed for two independent reasons: 1) Plaintiff cannot demonstrate that the Article Statement is substantially false; and 2) Plaintiff cannot demonstrate that Newsweek acted with actual malice.

### Substantial Truth

A defamation plaintiff bears the burden of proving that the statements he challenges are "substantially false." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 242 (2d Cir. 2017). Substantial falsity must be proven by clear and convincing evidence. *Palin v. New York Times Co.*, 568 F.Supp.3d 375, 399 (S.D.N.Y. 2022). Here, no reasonable jury could find by clear and convincing evidence that the Article Statement is substantially false. First, when read in context, the Article Statement merely asserts that a former member of The Satanic Temple, Jinx Strange, left the group in part because he had heard about accounts of sexual abuse being covered up. Strange has confirmed that such allegations were one reason he left The Satanic Temple. Rule 56.1 St. ¶¶ 27–28. Thus, given Strange's testimony, Plaintiff cannot prove that the Article Statement is substantially false. *Goodman v. Bouzy*, 2023 WL 3296203, at *10 (S.D.N.Y. May 8, 2023) (finding statement that defendant "was aware of allegations" that plaintiff had raped someone was substantially true where record demonstrated such rumors in fact existed).

Second, other former members testified that they, too, had heard of accounts of sexual abuse being covered up within The Satanic Temple. Rule 56.1 St. ¶¶ 22, 29, 61–65. Thus, Plaintiff cannot prove by clear and convincing evidence that there were no allegations that accounts of sexual abuse had been covered up within The Satanic Temple. *See, supra, Goodman*, 2023 WL 3296203 at *10.

Third, even taking the Article Statement out of context, Plaintiff cannot prove by clear and convincing evidence that it is substantially false that incidents of sexual abuse within The Satanic Temple were covered up. Plaintiff has admitted that there have been several accusations of sexual abuse by or against members of The Satanic Temple. Rule 56.1 St. ¶¶ 68–75. Plaintiff

has also admitted that the head of The Satanic Temple Austin Chapter was accused of sexually assaulting a member, that friends of the alleged victim accused The Satanic Temple of "'covering up' the accusations," and that those friends were removed from the Austin Chapter. *Id.* ¶¶ 72–75.  In addition, former member Nathan Sullivan (one of the defendants in the Johnson Case and a source for the Article) testified that his expulsion from the Seattle Chapter constituted a cover up, because he was removed for being a witness to a sexual harassment complaint. *Id.* ¶ 75.  Finally, Plaintiff has admitted that prior to 2020 it lacked a formal process for reporting complaints, and therefore it is impossible to determine whether and how complaints of sexual abuse were handled prior to that time. *Id.* ¶¶ 78–80.

### Actual Malice

Plaintiff also cannot prove that Newsweek acted with actual malice in publishing the Article Statement as required under New York's anti-strategic litigation against public participation ("anti-SLAPP") statute.[2]  *See Kesner v. Buhl*, 590 F. Supp. 3d 680, 693 (S.D.N.Y. 2022) (courts have "uniformly found" that the actual malice standard under New York's anti-SLAPP statute applies to diversity actions) (citing cases).  "Actual malice" requires a plaintiff to establish by clear and convincing evidence that the communication on which the action was based "was made with knowledge of its falsity or with reckless disregard of whether it was false."  N.Y. CPLR § 76-a(2).  Allegations of bias or a mere failure to investigate are not sufficient evidence of actual malice.  *Prince v. Intercept*, 2023 WL 4492413, *7 (S.D.N.Y. July 12, 2023); *Kesner*, 590 F. Supp. 3d at 694.

Here, the relevant inquiry is whether Newsweek knew the Article Statement was false or recklessly disregarded the truth. *See Stern v. Cosby*, 645 F.Supp.2d 258, 284–85 (S.D.N.Y., 2009) (dismissing defamation claims against publisher where plaintiff offered evidence that the author, but not the publisher, acted with actual malice).  Nancy Cooper, Newsweek's Global Editor in Chief who was responsible for editing the Article, testified that she trusted Duin's reporting, relied on Duin's forty-five years of experience as a reporter, and had no reason to doubt the accuracy of the Article.  Rule 56.1 St. ¶¶ 52–56.  New York law is clear that a publisher is "permitted to rely on an author's reputation and experience" and "has no independent duty to investigate an author's story unless the publisher has actual, subjective doubts as to the accuracy of the story." *Stern*, 645 F.Supp.2d at 284; *see also Tzougrakis v. Cyveillance, Inc.*, 145 F.Supp.2d 325, 332 (S.D.N.Y. 2001) (defendant magazine was entitled to rely on "a trusted reporter's, representations without rechecking her assertions or retracing her sources").

Finally, even if Duin's state of mind could be imputed to Newsweek, Plaintiff cannot show that she acted with actual malice, either.  Duin testified that she found the Article Statement "inherently plausible," found Strange to be a reliable source, heard similar allegations from other sources, and considered the Article Statement to be fair and accurate.  *Id.* ¶¶ 29–31, 49.[3]

---

[2] Even if the anti-SLAPP statute did not apply, Newsweek maintains that the actual malice standard still applies because The Satanic Temple is a public figure.  Rule 56.1 St. ¶¶ 82–88.

[3] Although the actual malice standard applies to Plaintiff's defamation claim, for the same reasons set forth above Plaintiff cannot satisfy New York's "gross irresponsibility" standard.  *Isaly v. Boston Globe Media Partners, LLC,* 2022 WL 121283 (2d Cir., Jan. 13, 2022).

Hon. Mary Kay Vyskocil<br>Page 4 of 4

  Defendants look forward to addressing these issues at a pre-motion conference before your Honor.

                Respectfully,

                Cameron Stracher

cc: Matthew A. Kezhaya, Esq. (by ECF and email)
   Matthew Sheppe, Esq. (by ECF and email)