**Matt Kezhaya**
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402



matt@kezhaya.law
Direct: (479) 431-6112
General: (612) 276-2216

April 10, 2024

Hon. Mary Kay Vyskocil
By ECF only

*Re: Satanic Temple v. Newsweek (22-cv-1343) –Plaintiff's premotion letter*

Dear Judge Vyskocil:

By this letter, Plaintiff The Satanic Temple, Inc. requests a conference about a motion for summary judgment as to liability. The parties have met on this topic, and Defendant does not consent to the relief sought. Paragraph references pertain to the attached LR 56.1 statement.

The facts alleged in the complaint have been confirmed through discovery. Newsweek published a hit piece about my client, in which it spreads the rumor that there is institutional "sexual abuse" which is "being covered up in ways that were more than anecdotal." ¶ 9. We have a single libel count, which requires proof on four essential elements: (1) a false statement, (2) which was published without privilege or authorization to a third party, (3) through fault amounting to at least negligence on the part of the publisher, (4) that either caused special harm or constitutes defamation per se. *Kamchi v. Weissman*, 125 A.D.3d 142, 157, 1 N.Y.S.3d 169 (2d Dep't 2014). For the reasons stated below, there can be no genuine issue of material fact as to any element and Plaintiff is entitled to a liability judgment as a matter of law.

**1: The statement is provably false.**

The article statement is provably false. To support the truth of the matter asserted, Newsweek has indicated that it intends to rely on the testimony of six witnesses. Statement ¶¶ 94-95. Four of them were deposed, each of whom denied any first-hand knowledge of sexual abuse or cover up. ¶¶ 96-99. The remaining two are Dr. Joseph Laycock and myself. ¶ 95. Neither of us have any first-hand knowledge to support a "substantial truth" defense. ¶¶ 100-101. There being no admissible evidence to support a "substantial truth" defense, the negative is proven by a general denial. ¶ 107. While preparing this letter, I have reviewed the screenshots referenced in Defendant's Rule 56.1 statement. None of these internet hearsay declarants are on Newsweek's list of potential witnesses, and I am doubtful that Newsweek even knows who or where they are. I certainly had no opportunity to depose them.

Whereas there is no *admissible* proof of sexual abuse or cover-up, see FRCP 56(c)(1)(B), my client has provided proof of the contrary. Every instance in which a claim of sexual harassment has been made known to the Temple's decisionmakers, the perpetrator of the misconduct has either voluntarily stepped down or has been forcibly removed. ¶ 112. Far from "cover-ups," it is the Temple's policy is to encourage claimants to make a police report. ¶ 109.

**2: The statement was made without privilege or authorization.**

The statement was made without privilege or authorization. Newsweek contended that the fair report privilege attached because the article was ostensibly about litigation against former members–"Can you defame a religion, especially one that doesn't believe in God, Satan or the supernatural?" The District Court categorically held, "no." *See United Fed'n of Churches, LLC v. Johnson*, 522 F. Supp. 3d 842 (W.D. Wash. 2021). But subsequent proceedings proved the opposite. *United Fed'n of Churches LLC v. Johnson*, No. 23-35060, 2023 WL 8271978 (9th Cir. Nov. 30, 2023). To the extent this privilege might have applied, Newsweek lost it by failing "to publish the further proceedings that tend to vindicate the person defamed." *Restatement (Second) of Torts* § 611, cmt. *f* (1977).

Nor was there authorization. Julia Duin, who wrote the article and performed all fact investigation for it (¶¶ 11, 116), did not bother to ask Lucien Greaves about this serious accusation before circulating it to the "more than one in five Americans" who read *Newsweek*. ¶¶83 (Duin didn't ask Greaves of sexual abuse or cover up); ¶ 4 (readership)

**3: Newsweek is at fault.**

For two reasons, Newsweek is at fault. *First*, fault is presumed where a defamatory *per se* statement is made about a private figure. *Eckhaus v. Alfa-Laval, Inc.*, 764 F.Supp. 34, 37 n. 4 (S.D.N.Y.1991). The Satanic Temple is a private figure because it is not a household name. Newsweek's own editor in chief, whose job function is to determine what is "newsworthy" (¶ 27), had not even heard of the Temple before the subject article. ¶ 136. And Julia Duin disclaimed any familiarity with the Temple before receiving the article idea from the Catholic News Agency. ¶ 135. The only witnesses with pre-article familiarity with the Temple are disgruntled former members, current leadership, and the academic who studied them. There is simply no admissible evidence to support a claim that the Temple is a "household name."

*Second*, Newsweek acted with actual malice, which must be inferred from the objective facts. *Biro v. Conde Nast*, 807 F.3d 541, 545 (2d Cir. 2015). ("a court typically will infer actual malice from objective facts" and a defamation defendant "will rarely admit … actual malice"). Nancy Cooper – who greenlit, edited, and contributed to the article – wrote Newsweek's Editorial Guidelines. ¶¶ 54 (greenlit), ¶ 12 (edited), ¶¶ 15-16 and 113-115 (contributed); ¶ 55 (wrote the Guidelines). These Editorial Guideline apply to "all Newsweek journalists" and purport to set the "highest professional standards." ¶ 55. Newsweek did not train Duin on the Guidelines. ¶ 67. Duin was deemed too "senior" as a former journalism professor. ¶¶ 31-34.

Lack of training notwithstanding, Newsweek's own Guidelines still required that the accusation within the article statement be fact-checked. ¶ 66. Yet Julia Duin did not fact-check the claim before publishing it. ¶¶ 68-87. She did not ask the source of the claim. ¶ 80. She did not ask Lucien Greaves. ¶ 83. She did not ask the academic who wrote the book. ¶ 86. She did not ask "anyone on the face of the planet what sexual abuse and cover-up means" in context of the article statement. ¶ 87. She did not talk to a single person who claimed to have suffered sexual abuse or cover up. ¶ 88. In her view, this article was not an investigation into

sexual abuse. ¶ 89. But she still wrote the claim. ¶ 11. And Newsweek published it (¶ 7) without the slightest inquiry into Duin's fact-checking process. ¶ 116. Newsweek does not employ fact-checkers. ¶ 119. Nor did it fact-check a single article written by Duin for publishing in Newsweek. ¶¶ 117.

The Guidelines require that criminal charges be "specific" and "complete." ¶ 58. A charge of covering up sexual abuse would be a "criminal act." ¶¶ 59-60. Yet the article provides no details as to who was sexually abused, what that means, who was involved in the "cover-up" or what that means. ¶¶ 61-64.

Nor did Julia Duin use "credible sources;" her sole basis for the claim was a rumor passed on by a disgruntled pseudonymous former member over the internet. ¶¶ 69-72, 78 *Biro*, 807 F.3d at 546 ("reliance on anonymous or unreliable sources without further investigation may support an inference of actual malice"). Even to this day, Newsweek's sole bases to prove the truth of the matter asserted are unsworn statements on the internet, printed three months after the close of discovery, by "D.E.M.," "Rumor Solanine," and "tossatanicacc." *Id.* Newsweek's reliance on these anonymous sources runs directly contrary to the Editorial Guidelines, not to mention the rule against hearsay. FRE 802.

Nor did Julia Duin "Reach out for comment and give parties time to respond." ¶ 57. Despite that this article from its first conception was going to include the claim (¶¶ 46, 50), it apparently never occurred to Julia Duin to ask Lucien Greaves about it. ¶ 83; *accord. Palin v. New York Times Co.*, 940 F.3d 804 (2d Cir. 2019) (pre-determined narrative as actual malice).

Newsweek's own global editor in chief brushed aside her own Editorial Guidelines because she had "faith" in Duin. ¶ 120. But Duin was not looking for the truth, she was looking for "delicious quotes." ¶ 91. As Newsweek published the statement despite making no effort to ensure that it satisfied the Guidelines, the Court should summarily find actual malice.

**4: The statement is defamatory *per se* and caused special harm.**

The statement is defamatory *per se*. The Court has already recognized that the statement levies a "serious accusation" and Nancy Cooper for Newsweek admitted that it connotes criminality. ECF no. 27, at 13; ¶¶ 59-60. It meets the defamatory *per se* tests of a "criminal charge" and a charge that "tends to disparage a person in the way of his office profession or trade." *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001). Additionally, it is defamatory *per se* as a charge of serious sexual misconduct. *Rejent v. Liberation Publications, Inc.*, 197 A.D.2d 240, 245 (N.Y. App. Div. 1994).

Even if the statement is not defamatory "per se," there were still special damages. People compared The Satanic Temple to the Catholic Church, which infamously *does* engage in sexual abuse and cover up. ¶ 126. Recurring donations were canceled with citation ot the article. ¶ 127. And third parties on the internet have point to the article itself as proof of the matters asserted within it. ¶ 128. To combat all this, the Temple expended money hiring public relations firms. ¶¶ 128-129.

We look forward to conferencing about this matter before Your Honor next Wednesday.

Sincerely,

Respectfully submitted on April 10, 2024,

By: */s/ Matt Kezhaya*
Matt Kezhaya (# 0402193)
KEZHAYA LAW PLC
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
phone: (479) 431-6112
email: matt@kezhaya.law

### CERTIFICATE OF SERVICE

**NOTICE IS GIVEN** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on April 10, 2024, which sends service to registered users, including all other counsel of record in this cause. *s/ Matt Kezhaya*

– 4 –