**Matt Kezhaya**
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402



matt@kezhaya.law
Direct: (479) 431-6112
General: (612) 276-2216

April 15, 2024

Hon. Mary Kay Vyskocil
By ECF only

*Re: Satanic Temple v. Newsweek (22-cv-1343) –Plaintiff's response to Defendant's premotion letter*

Dear Judge Vyskocil:

This letter is in response to Defendant Newsweek's premotion letter. Paragraph references below pertain to the Temple's attached response to Newsweek's proposed LR 56.1 statement. Newsweek proffers two grounds for summary dismissal of the complaint: (1) substantial truth; and (2) no actual malice. Neither ground is availing.

**1: There is no substantial truth to the article statement.**

Newsweek contends that the article statement is substantially true. The test is whether the "substance, the gist, [or] the sting of a statement is true." *Leidig v. BuzzFeed, Inc.*, 371 F. Supp. 3d 134, 143 (S.D.N.Y. 2019). At issue is a claim that The Satanic Temple "sexually abuse[s]" its membership and "cover[s] up" the same in ways that are "more than anecdotal." Compl. Ex. 1, at 16. Purportedly, this statement is based on "leaked material." Id.

*First*, contrary to Newsweek's argument, the article statement does not recount Jinx Strange's stated reasons for leaving. Instead, it purports that "He [Strange] soon left the group, *then* was leaked material about … 'Accounts of sexual abuse being covered up in ways that were more than anecdotal.'" Compl. Ex. 1, at 16 (emphasis added). The word "then" can only mean the non-existent "leaked material" was received after he left, not before. Further, as the Court already noted, the Article makes no indication that any comment on this allegation had been solicited. ECF No. 27, at 13. By passing on only Strange's side of the story, Newsweek endorsed his claim. *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 461 (S.D.N.Y. 2012) ("It is well settled that Defendants cannot escape liability simply because they are conveying someone else's defamatory statements without adopting those viewpoints as their own").

Entailed in this argument, Newsweek cites *Goodman v. Bouzy*, 2023 WL 3296203, at *10 (S.D.N.Y. May 8, 2023). *Goodman* offers Newsweek no aid. The statement there was: "Until creepy Jason Goodman called me, I had no clue someone previously accused him of rape, and it's a bizarre thing to tell a stranger in a phone call." *Goodman v. Bouzy*, 2023 WL 4235851, at *2 (S.D.N.Y. June 28, 2023). This was true, as the phone call showed. Goodman called Bouzy and raised the fact that rape allegations had been made against him.

But the Article does not have the benefit of a truthful statement, it falsely implies the existence

of "leaked material" in which "Accounts of sexual abuse [are] being covered up in ways that were more than anecdotal." There is no "leaked material" (¶ 60), there is no "sexual abuse" (¶¶ 62-78) and there is no "cover up" (¶¶ 74, 78-82; 91-97). It is false as to every element of the claim.

*Second*, Newsweek contends that the article statement is substantially true because other former members passed on rumors of sexual harassment within The Satanic Temple. This argument is defeated by the republication rule. *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 461 (S.D.N.Y. 2012) ("It is well settled that Defendants cannot escape liability simply because they are conveying someone else's defamatory statements without adopting those viewpoints as their own"); *accord. Weiner v. Doubleday & Co.*, 74 N.Y.2d 586, 594 (1989) (rejecting a "privilege to repeat the statements of third parties so long as no endorsement was given.")

*Third*, Newsweek contends that the truth of the matter asserted is proven by the fact of accusations. But a motion for summary judgment must be predicated on *admissible* evidence. FRCP 56(c); FRE 802. While true that accusations have been made, only the Temple has located willing affiants to explain under oath what has really happened. See ¶¶ 68-80.

**2: The Temple is not a "public figure;" regardless, Newsweek acted with actual malice.**

Next, Newsweek assumes its conclusion that the Temple is a public figure. The general purpose public figure test is whether The Satanic Temple is a "household name on a national scale." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 270 n.8 (S.D.N.Y. 2013) (subsequent treatment omitted) (cleaned up). Newsweek offers no evidence to suggest this. The limited purpose public figure test requires four elements. *Id.*, at 270. Newsweek offers neither evidence nor discussion as to any of the elements.

Notwithstanding the Temple's status as private figure, this case presents actual malice. Newsweek's principal attack relies on a case in which a "book" publisher may rely on an author's reputation and experience without independently fact-checking the "book." *Stern v. Cosby*, 645 F.Supp.2d 258, 284–85 (S.D.N.Y. 2009). Newsweek is not a "book" publisher. In contrast to the facts in *Stern*, Newsweek's own Editorial Guidelines required fact-checking of the accusation that The Satanic Temple engages in "sexual abuse" and "cover-up." ¶ 60. Newsweek's own editorial process includes oversight into whether its reporters fact-checked as required. ¶ 54. Yet Newsweek did not engage in this oversight. ¶ 60. Duin certainly did not fact-check the claim before publishing. ¶¶ 55, 60. And Nancy Cooper, despite having any familiarity of the Temple, injected her own false narrative that the Temple does not "actually" have an abortion ritual. ¶ 90.

Alternatively, Newsweek contends that Duin's claimed credulity saves Newsweek from its own Editorial Guidelines. But, contrary to Duin's self-serving claim that she found these "disgruntled former members" (¶ 32) to be credible, not one of them claimed to have any first-hand knowledge of the rumors they passed on. ¶¶ 27-30, 60, 62-63; *accord. Gaeta v. New York News, Inc.*, 62 N.Y.2d 340, 351 (1984) (to escape liability, the naive publisher must have "no reason to suspect any animus toward the plaintiff.") Duin did not ask them, or anyone, any

– 3 –

follow-up questions. ¶ 47. Duin was not looking for the truth, she was looking for "delicious quotes." ¶ 37.

We look forward to conferencing about this matter before Your Honor next Wednesday.

Sincerely,

Respectfully submitted on April 15, 2024,

By: */s/ Matt Kezhaya*
Matt Kezhaya (# 0402193)
**Kezhaya Law PLC**
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
phone: (479) 431-6112
email: matt@kezhaya.law

## Certificate of service

**Notice is given** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on April 15, 2024, which sends service to registered users, including all other counsel of record in this cause. *s/ Matt Kezhaya*

– 3 –