# Exhibit 41

Excerpts of deposition of Nathan Sullivan
(November 17, 2023)

In the Matter Of:

# THE SATANIC TEMPLE

vs

# NEWSWEEK DIGITAL

# NATHAN SULLIVAN

November 17, 2023



Moburg Reporting
33400 9th Ave. South, Suite 207
Federal Way, WA 98003
(206) 622-3110
www.MoburgReporting.com

COPY

1       UNITED STATES DISTRICT COURT

2       SOUTHERN DISTRICT OF NEW YORK

3  ---------------------------------------------------------
                                                           )
4  THE SATANIC TEMPLE, INC.,                               )
                                                           )
5             Plaintiff,                                   )
                                                           )
6       vs.                                                )NO. 1:22-CV-01343-MKV
                                                           )
7  NEWSWEEK DIGITAL, LLC,                                  )
                                                           )
8             Defendant.                                   )
                                                           )
9  ---------------------------------------------------------

10        Videotaped Deposition Upon Oral Examination

11                           of

12                     NATHAN SULLIVAN
   ---------------------------------------------------------
13

                   Friday, November 17, 2023
14
                          11:41 a.m.
15
                   7900 Southeast 28th Street
16
                   Mercer Island, Washington
17

18

19

20

21

22

23
   Cheryl Macdonald, CRR, RMR
24 Court Reporter
   License No. 2498
25

```
 1                    A P P E A R A N C E S

 2


 3   FOR THE PLAINTIFF:

 4                    MATT KEZHAYA
                      SONIA KEZHAYA
 5                    Attorneys at Law
                      KEZHAYA LAW PLC
 6                    150 South Fifth Street
                      Suite 1850
 7                    Minneapolis, Minnesota 55402
                      matt@kezhaya.law
 8                    sonia@kezhaya.law


 9
     FOR THE DEFENDANT:
10
                      SARA TESORIERO
11                    Attorney at Law
                      STRACHER LAW
12                    51 Astor Place
                      9th Floor
13                    New York, New York 10003
                      sara@stracherlaw.com
14


15   FOR THE WITNESS:

16                    JEREMY E. ROLLER
                      Attorney at Law
17                    ARETE LAW GROUP
                      1218 Third Avenue
18                    Suite 2100
                      Seattle, Washington 98101
19                    roller@aretelaw.com


20
     THE COURT REPORTER and VIDEOGRAPHER:
21
                      CHERYL MACDONALD
22                    KALIA HENDRICKS
                      MOBURG REPORTING
23                    33400 9th Avenue South
                      Suite 207
24                    Federal Way, Washington 98003
                      info@moburgreporting.com
25
```

```
 1                          I N D E X

 2

 3   EXAMINATION                                          PAGE

 4   BY MR. KEZHAYA:   ..........................          5

 5

 6

 7   EXHIBITS MARKED                                      PAGE

 8   (No exhibits marked.)

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



```
 1            THE VIDEOGRAPHER:  Good afternoon.  Good
 2   late morning.  We are now on the record.  This is the
 3   deposition of Nathan Sullivan.  This deposition is
 4   being recorded the 17th day of November 2023, and the
 5   time is now 11:41 a.m.  Counsel and all present,
 6   please identify yourselves for the record, and then
 7   the witness may be sworn in.
 8            MR. KEZHAYA:  This is Matt Kezhaya.  I'm
 9   joined by Sonia Kezhaya.  Both of us are appearing on
10   behalf of the plaintiff.
11            MS. TESORIERO:  This is Sara Tesoriero,
12   appearing on behalf of the defendant Newsweek.
13            MR. ROLLER:  Jeremy Roller for the nonparty
14   witness Nathan Sullivan.
15   NATHAN SULLIVAN,    the witness herein, having been
                        placed under oath by the
16                      Certified Court Reporter,
                        deposed and said as follows:
17

18            MS. TESORIERO:  We're going to make the
19   same stipulation about one objection can apply to both
20   witness counsel and defense counsel.
21            MR. KEZHAYA:  Yes.
22            MR. ROLLER:  And we also intend to review
23   and designate anything confidential.
24            MR. KEZHAYA:  So stipulated.  Any other
25   pre-proceeding matters?
```

Page 5

```
 1                MS. TESORIERO:  No.

 2

 3                    EXAMINATION

 4   BY MR. KEZHAYA:

 5        Q.   Please state your name for the record.

 6        A.   Nathan Sullivan.

 7        Q.   And Nathan, are you familiar with the

 8   Newsweek article for which we are here today?

 9        A.   Yes.

10        Q.   Are you familiar with the particular

11   statement that we are here today?

12        A.   Yes.

13        Q.   Okay.  And just for sake of definitions,

14   the statement is, "Accounts of sexual abuse being

15   covered up in ways that were more than anecdotal."  Do

16   you agree with that understanding?

17                MR. ROLLER:  Object to the form, but you

18   can answer.

19        A.   I agree with that statement being relevant

20   here.

21        Q.   Okay.  Perfect.  Did you personally write

22   that statement?

23        A.   No.

24        Q.   Did a person who goes by the pseudonym Jinx

25   Strange write that statement?
```

```
 1      A.    To my recollection, he is the one that
 2   quote is attributed to.
 3      Q.    Okay.  And to put a finer point on it, Jinx
 4   Strange is a pseudonym; correct?
 5      A.    As far as I'm aware, yes.
 6      Q.    Did you personally put Julia Duin in touch
 7   with Jinx Strange?
 8      A.    Yes.
 9      Q.    Okay.  Was that done in writing or was that
10   done orally?
11      A.    To my recollection, it was done in writing.
12      Q.    Okay.  How was this writing transmitted?
13      A.    To my recollection, over -- a direct
14   message over Twitter, now X.
15      Q.    Was this message conveyed through the
16   QueerSatanic Twitter handle?
17      A.    I believe so.
18      Q.    And to be clear, it was not transmitted
19   through a personal Twitter handle of yours; correct?
20      A.    Correct.
21      Q.    The statement at issue asserts covered up
22   sexual abuse.  How would you define sexual abuse?
23            MS. TESORIERO:  Objection to form.
24      Q.    Unless told otherwise, please answer the
25   question.
```

```
 1       A.    Yes.
 2       Q.    Okay.  In the clip, I believe it was you
 3   who indicated that "We were expelled for being
 4   witnesses to an ethics complaint."
 5       A.    Mm-hmm.
 6       Q.    Is that a fair characterization of the
 7   clip?
 8       A.    Yes.
 9       Q.    In terms of the ethics complaint, prior
10   testimony has suggested that the ethics complaint was
11   an e-mail dated in or around March of 2020.  Is that
12   something that you dispute?
13       A.    I do not dispute that.
14       Q.    And the subject matter of the ethics
15   complaint were facts that took place in 2017.  Do you
16   agree with that?
17       A.    I was not party to those -- to those
18   events.  The exact timetable, I'm not really clear on.
19       Q.    So the subject matter of that ethics
20   complaint you did not personally see; is that correct?
21             MS. TESORIERO:  Objection to form.
22       A.    Right.
23       Q.    Do you know --
24             THE REPORTER:  I'm sorry.  I don't know if
25   I missed the answer.
```

```
 1   I only remember pseudonymously.  And by that time --
 2   sorry -- by the time of my expulsion, I don't believe
 3   any of them were still there.  I'm not sure if that
 4   answers your question.
 5        Q.    It -- adequately for my purposes.  Were you
 6   ever a chapter head of TST Washington?
 7        A.    No.
 8              MR. ROLLER:  Matt, this is kind of getting
 9   beyond the scope of the deposition that was ordered.
10              MR. KEZHAYA:  Yeah.  I'm trying to
11   establish a timeline here.  I'm actually a little bit
12   surprised that he co-founded the chapter.  I didn't
13   know that.  So I'm just trying to figure out the
14   timeline.
15        Q.    So just to try to expedite the matters.  So
16   you cofound the chapter 2014.  The sexual harassment
17   which underpins this March 2020 ethics complaint, the
18   sexual harassment took place in 2017/2018; correct?
19        A.    Yes.
20        Q.    And you personally did not see any of the
21   sexual harassment; correct?
22        A.    Correct.
23        Q.    And if I remember correctly, you said that
24   you didn't really talk to the subject of the sexual
25   harassment; is that correct?
```

```
 1      A.   Correct.
 2      Q.   The perpetrator of the sexual harassment,
 3   did you talk to that person?
 4      A.   About those events, no.
 5      Q.   In March of 2020, I recall from earlier
 6   testimony that the subject of the sexual harassment
 7   was not a member; is that correct?
 8      A.   Correct.
 9      Q.   Was -- well, let's just establish it.  Was
10   John Milton the pseudonym of the perpetrator of the
11   sexual harassment alleged?
12      A.   Yes.
13      Q.   Was John Milton a member in March of 2020?
14      A.   I do not believe so, no.
15      Q.   Going back to your definition of sexual
16   abuse, have you personally seen any sexual abuse
17   occurring within The Satanic Temple?
18      A.   No.
19      Q.   Have you personally received -- strike
20   that.
21           Have you personally seen any cover-up of
22   sexual abuse within The Satanic Temple?
23           MS. TESORIERO:  Objection to form.
24      A.   Indirectly.
25      Q.   No.  Directly.  I'm asking you directly.
```

```
 1                    C E R T I F I C A T E

 2

 3    STATE OF WASHINGTON      )

 4                             ) ss.

 5    COUNTY OF KING            )

 6

 7        I, the undersigned Washington Certified Court

 8    Reporter, pursuant to RCW 5.28.010, authorized to

 9    administer oaths and affirmations in and for the State

10    of Washington, do hereby certify:

11        That the annexed and foregoing deposition

12    consisting of Page 1 through 26 was taken

13    stenographically before me and reduced to a typed

14    format under my direction;

15        I further certify that according to CR 30(e) the

16    witness was given the opportunity to examine, read and

17    sign after the same was transcribed, unless indicated

18    in the record that the review was waived;

19        I further certify that all objections made at the

20    time of said examination to my qualifications or the

21    manner of taking the deposition, or to the conduct of

22    any party, have been noted by me upon said deposition;

23         I further certify that I am not a relative or

24    employee of any such attorney or counsel, and that I

25    am not financially interested in said action or the
```

```
 1   outcome thereof;
 2        I further certify that the witness before
 3   examination was by me duly sworn to testify to the
 4   truth, the whole truth, and nothing but the truth;
 5        I further certify that the deposition, as
 6   transcribed, is a full, true and correct transcript of
 7   the testimony, including questions and answers, and
 8   all objections, motions, and exceptions of counsel
 9   made and taken at the time of foregoing examination
10   and was prepared pursuant to Washington Administrative
11   Code 308-14-135, the transcript preparation format
12   guideline;
13        I further certify that I am sealing the
14   deposition in an envelope with the title of the above
15   cause and the name of the witness visible, and I am
16   delivering the same to the appropriate authority;
17
18        IN WITNESS WHEREOF, I have hereunto set my hand,
19   and affixed my official seal this 30th day of
20   NOvember 2023.
21                                    _____
22                                    Cheryl Macdonald, CCR
23                                    Washington State Certified
24                                    Court Reporter
25                                    License No. 2498
```



```
 1                    D E C L A R A T I O N
 2
 3
 4
 5          I declare under penalty of perjury that I
 6   have read my within deposition, and the same is true
 7   and accurate, save and except for changes and/or
 8   corrections, if any, as indicated by me on the
 9   correction sheet hereof.
10
11
12                                  _____
13                                  NATHAN SULLIVAN
14
15
16
17
18
19          Dated this_____day of_____,
20   2023.
21
22
23
24
25   CHERYL MACDONALD, Court Reporter
```

```
 1
     MOBURG REPORTING
 2   COURT REPORTERS & LEGAL VIDEO
     33400 9th Avenue South
 3   Suite 207
     Federal Way, WA 98003
 4   206-622-3110

 5   _____
     PLEASE MAKE ALL CHANGES OR CORRECTIONS ON THIS SHEET,
 6   SHOWING PAGE, LINE, AND REASON, IF ANY.  SIGN THIS
     SHEET, SIGN THE ACCOMPANYING SIGNATURE SHEET AND
 7   RETURN AS PER INSTRUCTIONS IN COVER LETTER.

 8   _____
     PAGE          LINE              CORRECTION AND REASON
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23                                     _____
                                              (SIGNATURE)
24

25
     REPORTER: CHERYL MACDONALD
```

Page 31

```
 1
                        MOBURG REPORTING
 2                Court Reporters & Legal Video
              33400 9th Avenue South, Suite 207
 3                    Federal Way, WA 98003
              (206) 622-3110   FAX (206) 343-2272
 4              E-mail: info@moburgreporting.com

 5

 6   TO:    Jeremy E. Roller                November 30, 2023
            Arete Law Group
 7          1218 3rd Avenue
            Suite 2100
 8          Seattle, WA 98101

 9
     IN RE:  The Satanic Temple v. Newsweek
10
     DEPOSITION(S) OF: Nathan Sullivan
11
     DATE OF DEPOSITION: November 17, 2023
12

13   A copy of the deposition transcript of the above-named
     is provided via E-transcript.  Please have the
14   deponent read the deposition, sign the correction
     sheet and declaration.  The signed correction sheet
15   and declaration should then, within 30 (thirty) days,
     be forwarded to:
16
                         CHERYL MACDONALD
17
                         33400 9th Ave. So.  #207
18
                         Federal Way, Washington 98003
19
     who will then enclose them in the original transcript,
20   seal it, and forward it to Mr. Kezhaya for retention
     until the time of trial.
21
          If you have any questions, feel free to contact
22   me at the number listed above.

23   Sincerely,

24
     CHERYL MACDONALD, CCR
25
     CC: S. Tesoriero  M. Kezhaya
```

Page 32

```
 1
              Certification of Court Rule and WAC Compliance
 2
                       The Satanic Temple v. Newsweek
 3
             I, VALERIE SEATON, am an authorized representative of
 4      MOBURG REPORTING and do hereby, under penalty of perjury,
        certify that Moburg Reporting and all court reporters
 5      providing services in the above-captioned case on MOBURG
        REPORTING'S behalf will fully comply with all applicable
 6      rules and regulations governing the provision of court
        reporting services, including, where applicable,
 7      Washington Superior Court Rule 28(c)-(e) and WAC
        308-14-130(1).*
 8
                                                  11/30/23
 9      _____         _____
        Valerie L. Seaton                              Date
10      President
        Moburg Reporting
11

12         *28(c)  Disqualification for Interest.  No deposition
        shall be taken before a person who is a relative or
13      employee or attorney or counsel of any of the parties, or
        is a relative or employee of such attorney or counsel, or
14      is financially interested in the action.
        28(d)  Equal Terms Required.  Any arrangement concerning
15      court reporting services or fees in a case shall be
        offered to all parties on equal terms.  This rule applies
16      to any arrangement or agreement between the person before
        whom a deposition is taken or a court reporting firm,
17      consortium, or other organization providing a court
        reporter, and any party or any person arranging or paying
18      for court reporting services in the case, including any
        attorney, law firm, person or entity with a financial
19      interest in the outcome of the litigation, or person or
        entity paying for court reporting services in the case.
20      28(e)  Final Certification of the Transcript.  The court
        reporter reporting a deposition shall not certify the
21      deposition transcript until after he or she has reviewed
        the final version of the formatted transcript.  A court
22      reporting firm, consortium, or other organization
        transmitting a court reporter's certified transcript
23      shall not alter the format, layout, or content of the
        transcript after it has been certified.
24         *308-14-130(1)  Offer arrangements on a case
        concerning court reporting services or fees to all parties
25      on equal terms.
```

