UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                            :

THE SATANIC TEMPLE, INC.,                  :

                                      Plaintiff,           :    Case No. 1:22-cv-01343-MKV

v.

NEWSWEEK DIGITAL, LLC                     :

                                      Defendant.        :

------------------------------------------------------------------------ x


# DEFENDANT'S REPLY MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT


Cameron Stracher
Sara C. Tesoriero
CAMERON STRACHER, PLLC
51 Astor Place, 9th Floor
New York, NY 10003
Tel: 646.992.3850
Fax: 646.992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

I. THE SATANIC TEMPLE FAILS TO OVERCOME ITS BURDEN OF PROVING THAT THE ARTICLE STATEMENT IS SUBSTANTIALLY FALSE. .......................... 1

    A. Despite Plaintiff's Strained Construction, The Article Statement Is Not Substantially False ................................................................................................. 1

    B. The Admissible Evidence Demonstrates The Substantial Truth Of The Article Statement ................................................................................................................ 4

II. THE SATANIC TEMPLE FAILS TO DEMONSTRATE THAT NEWSWEEK ACTED WITH ACTUAL MALICE ............................................................................................... 6

    A. The Actual Malice Standard Applies. ..................................................................... 6

    B. Plaintiff Points To No Evidence That Newsweek Published The Article Statement With Actual Malice. .............................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Ben Hamida v. Gonzales*, 478 F.3d 734 (6th Cir. 2007)..................................................................3

*Biro v. Conde Nast*, 883 F. Supp. 2d 441 (S.D.N.Y. 2012).............................................................1

*Brimelow v. New York Times Co.*, 2021 WL 4901969 (2d Cir. Oct. 21, 2021).........................8, 10

*Buckley v. Littell*, 539 F.2d 882 (2d Cir. 1976).............................................................................10

*Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163 (2d Cir. 2000)..........................................1, 3

*Center for Med. Progress v. Planned Parenthood Fedn. of Am.,* 551 F. Supp. 3d 320 (S.D.N.Y. 2021)...............................................................................................................7

*Chaiken v. VV Pub. Corp.*, 119 F.3d 1018 (2d Cir. 1997)...............................................................8

*De Gregorio v. CBS, Inc.*, 473 N.Y.S.2d 922 (N.Y. Cnty. 1984).....................................................6

*Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019) .......................................7

*Goodman v. Bouzy*, 2023 WL 3296203 (S.D.N.Y. May 8, 2023), *report and recommendation adopted*, 2023 WL 4235851 (S.D.N.Y. June 28, 2023)...............................3

*Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657 (1989).............................................7

*Karpinski v. Union Leader Corp.*, 2019 WL 3203144 (D.N.H. Jul. 16, 2019) ..............................3

*Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92 (2d Cir. 2000)................................................6

*Leidig v. BuzzFeed, Inc.*, 371 F. Supp. 3d 134 (S.D.N.Y.), *aff'd*, 788 F. App'x 76 (2d Cir. 2019)...............................................................................................................1

*Loeb v. New Times Commc'ns Corp.*, 497 F. Supp. 85 (S.D.N.Y. 1980).......................................9

*McDougal v. Fox News Network, LLC*, 489 F. Supp. 3d 174 (S.D.N.Y. 2020) ...........................10

*Palin v. New York Times Co.,* 940 F.3d 804 (2d Cir. 2019) .........................................................10

*Prince v. Intercept*, 2023 WL 4492413 (S.D.N.Y. July 12, 2023) ..........................................8, 10

*Sweeney v. Prisoners' Legal Servs. of New York, Inc.*, 84 N.Y.2d 786 (N.Y. 1995) .....................9

*Tannerite Sports, LLC v. NBCUniversal News Grp*, 864 F.3d 236(2d Cir. 2017) .........................1

*Todd v. Lovecruft*, 2020 WL 60199 (N.D. Cal. Jan. 6, 2020).........................................................7

*Tzougrakis v. Cyveillance, Inc.*, 145 F.Supp.2d 325 (S.D.N.Y. 2001) ........................................... 8

**Statutes**

N.Y. CPLR § 76-a(1)(d) ................................................................................................................. 6

**Other Authorities**

Gavin Keene, Preserving VAWA's "Nonreport" Option, 93 Wash. L. Rev. 1089 (2018) ................................................................................................................................. 4

Sexual Abuse, American Psychological Association (2023), *available at* https://dictionary.apa.org/sexual-abuse .................................................................... 4

In its Opposition to Newsweek's Motion for Summary Judgment ("Opp."), The Satanic Temple advances a strained reading of the Article Statement, mischaracterizes the evidence elicited in discovery, and relies on inapplicable legal theories in an attempt to satisfy its burden of demonstrating by clear and convincing evidence that the Article Statement is both substantially false and was published by Newsweek with actual malice. Because The Satanic Temple falls woefully short in its efforts, however, Newsweek's motion for summary judgment should be granted and Plaintiff's claim should be dismissed with prejudice.

I. **THE SATANIC TEMPLE FAILS TO OVERCOME ITS BURDEN OF PROVING THAT THE ARTICLE STATEMENT IS SUBSTANTIALLY FALSE.**

A. **Despite Plaintiff's Strained Construction, The Article Statement Is Not Substantially False.**

Plaintiff admits that the Article Statement is about rumors heard by Jinx Strange after he left The Satanic Temple. *See, e.g.* Opp. 1. But it deliberately misreads the Statement as conveying the truth of the underlying rumors in an effort to prove them substantially false. The law, however, requires that the Article Statement be read in the context of the entire Article and given the meaning that would be understood by the average reader. *See Tannerite Sports, LLC v. NBCUniversal News Grp*, 864 F.3d 236, 243 (2d Cir. 2017) (In reviewing an allegedly defamatory statement "[t]he entire publication, as well as the circumstances of its issuance, must be considered in terms of its effect upon the ordinary reader."); *Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) ("Challenged statements are not to be read in isolation, but must be perused as the average reader would against the whole apparent scope and intent of the writing."); *Leidig v. BuzzFeed, Inc.*, 371 F. Supp. 3d 134, 143 (S.D.N.Y.), *aff'd*, 788 F. App'x 76 (2d Cir. 2019) (A court "must give the disputed language a fair reading in the context of the publication as a whole and construe it as the intended readership would.") (citation omitted); *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012) ("[A] court

1

should not render statements actionable by giving them a strained or artificial construction.") (quotations omitted). If the gist of the Article Statement read in that context is substantially true, then it cannot be libelous and Plaintiff's claim should be dismissed. *See* Defendant's Memorandum of Law in support of Motion for Summary Judgment ("Mem."), 14 (citing cases).

Here, the Article Statement does not accuse The Satanic Temple as an organization of "engag[ing] in sexual abuse and cover[ing] up the same," as Plaintiff contends.[1] Opp. 5. Rather, in context, the Article Statement recounts the experiences of Jinx Strange, a former member of The Satanic Temple, who "came to feel that TST 'appeared to be an inept, rudderless organization that had accidentally risen to prominence through something of a disingenuous prank,'" and who soon left the group, after which he heard about "Accounts of sexual abuse being covered up in ways that were more than anecdotal." Rule 56.1 Stmt. ¶¶ 33, 51. The Satanic Temple does not dispute that Strange indicated such allegations were one reason he was no longer involved with The Satanic Temple, nor can it, because Strange confirmed this fact at his deposition. *Id.* ¶ 35.

Moreover, even if interpreted more broadly to encompass other members' experiences with The Satanic Temple, the Article Statement only conveys that former members heard accounts of sexual abuse claims being covered up by The Satanic Temple, which The Satanic Temple cannot dispute. *See* Mem. 15–16. Plaintiff's attempt to distinguish *Goodman v. Bouzy* on this point because the Article also references "leaked materials" is nonsensical. Opp. 6–7. First, the "leaked materials" in the previous sentence of the Article refer to Strange's claims

---

[1] Plaintiff's contention that the Court has already ruled on this reading of the Article Statement as a matter of law, Opp. 7, overlooks the fact that the Court was only addressing Plaintiff's argument in the context of a motion to dismiss, where it was required to accept Plaintiff's factual assertions as true, and where it did not have the benefit of Defendant's argument on this point. *See* ECF 27.

2

about "leaders posing happily with alt-right media figures," not to "accounts of sexual abuse being covered up." Compl. Ex. 1. Second, reporting that Strange heard "accounts of sexual abuse" does no more to imply the existence of undisclosed facts than the statement in *Goodman* that the defendant was "aware of allegations that [plaintiff] had raped someone." *See Goodman v. Bouzy*, 2023 WL 3296203, at *10 (S.D.N.Y. May 8, 2023), *report and recommendation adopted*, 2023 WL 4235851 (S.D.N.Y. June 28, 2023).

Finally, there is no reasonable reading of the Article Statement that accuses The Satanic Temple, *itself*, of sexually abusing its members and covering it up. But even if the Article Statement could be construed as accusing The Satanic Temple of covering up allegations of sexual abuse *against some of its members*, Plaintiff cannot demonstrate that this allegation is substantially false. *See* Mem. 16–17. Plaintiff's attempt to prove falsity by narrowing the definition of "sexual abuse" misses the point. First, The Satanic Temple has identified at least one instance of sexual assault, which fits squarely within its definition, and does not deny that members accused The Satanic Temple of covering up the assault. Rule 56.1 Stmt. ¶¶ 84–85. Second, in assessing an allegedly defamatory statement, "the words are to be construed not with the close precision expected from lawyers and judges but as they would be read and understood by the public to which they are addressed." *Celle*, 209 F.3d at 177. Here, as courts have recognized, the average reader would not construe "sexual abuse" with the overly narrow and technical meaning Plaintiff imposes. *See Karpinski v. Union Leader Corp.*, 2019 WL 3203144, at *6 (D.N.H. Jul. 16, 2019) ("To an attorney, the difference between a violation of the California civil sexual assault statute and a state or federal claim of sexual harassment may seem obvious. But to an ordinary citizen of 'common and reasonable understanding,' those terms have a less definite, and more overlain, meaning."); *Ben Hamida v. Gonzales*, 478 F.3d

3

734, 739 n.7 (6th Cir. 2007) (rejecting claim that witness was inconsistent by first alleging sexual abuse and later testifying he was merely harassed because "he may have simply been confused by the difference between 'sexual abuse' and 'sexual harassment'"); *see also* Gavin Keene, Preserving VAWA's "Nonreport" Option, 93 Wash. L. Rev. 1089, 1093 & n.26 (2018) ("Public discourse, influenced by popular culture movements and media coverage, frequently conflates distinct forms of sexual misconduct.") (collecting sources).  Indeed, Sullivan, Johnson, and Strange all testified that they understood "sexual abuse" to include conduct such as "sexual harassment," "inappropriate sexual relationships," or "unwanted sexual advances."[2]  Rule 56.1 Stmt. ¶ 34; Defendant's Response to Plaintiff's Rule 56.1 Counter-Statement ("Resp. Cntr-Stmt."), ¶¶ 109–10.

Because the evidence shows that there have been multiple accounts of reports of sexual abuse – however defined – being covered up by The Satanic Temple, Plaintiff cannot show that the gist of the Article Statement is substantially false. *See* Mem. 16–17.

### B. The Admissible Evidence Demonstrates The Substantial Truth Of The Article Statement.

The admissible evidence demonstrates that The Satanic Temple cannot meet its burden of proving that the Article Statement is substantially false.  *See* Mem. 14–16.  First, Jinx Strange's testimony confirms that the Article Statement accurately reports his reasons for parting ways with The Satanic Temple.  Rule 56.1 Stmt. ¶ 35.  Second, Plaintiff cites no caselaw in support of its contention that evidence offered to show that a rumor exists, rather than offered to show the underlying truth of the rumor, is inadmissible, and does not distinguish

---

[2] *See also* Sexual Abuse, American Psychological Association (2023), *available at* https://dictionary.apa.org/sexual-abuse (defining "sexual abuse" as "any nonconsensual or exploitive sexual behavior or activity imposed on an individual without their consent.").

the cases cited by Newsweek to the contrary. *See* Opp. 7–9; *see also* Mem. 15 n. 4. Finally, Newsweek has demonstrated that there have been multiple accounts of reports of sexual abuse being covered up by The Satanic Temple, including testimony from Nathan Sullivan and accusations leveled by members of the San Jose and Austin Chapters, *see* Rule 56.1 Stmt. ¶¶ 75, 79–86, the latter of which were admitted by The Satanic Temple. *See* Mem. 15 n. 3 (citing F.R.E. 801(d)(2)).

In contrast, The Satanic Temple relies on claims that are unsupported by the cited evidence, *see, e.g.* Opp. 11 (citing Pl. Rule 56.1 Resp. ¶ 82) (citing an email that does not indicate the San Jose chapter head was removed), Opp. 12 (citing Pl. Rule 56.1 Resp. ¶ 75) (citing testimony from David Johnson that does not refute Nathan Sullivan's claims about why Sullivan was removed from the Seattle chapter), and hearsay, *see, e.g.* Opp. 11–12 (citing Pl. Rule 56.1 Resp. ¶ 88)(citing Stevens' testimony for the truth of the claim that the police declined to press charges regarding the Austin sexual assault claim), which are insufficient to demonstrate a genuine issue of material fact. The Satanic Temple's assertions that it had an informal process for reporting complaints prior to 2020 similarly falls short. *See* Opp. 13–14. The Satanic Temple expressly admitted that there were complaints prior 2020 that were not formally addressed, and Plaintiff's offered evidence does not show that for all complaints "the offending member was either forcibly removed or voluntarily left." *See* Resp. Cntr-Stmt. ¶ 114.

Moreover, the Declaration of Hollow Axis – a previous undisclosed witness – is further evidence in support of Newsweek's Motion. Axis indicates that he is a co-congregation head of The Satanic Temple Detroit Chapter, that he is "familiar with an accusation of sexual impropriety" against him arising from a party in 2019, but that the allegations are fabricated and the accuser is not reliable because of "mental health difficulties." *See* Declaration of Hollow

5

Axis, dated May 30, 2024, ¶¶ 2–3 (ECF 118). Neither Axis nor Plaintiff point to any evidence regarding whether or how the claims against Axis were addressed by The Satanic Temple. Rather, Axis's testimony is evidence of another incident in which a member of The Satanic Temple covered up a claim of sexual abuse by seeking to discredit the accuser. *See, e.g.* Rule 56.1 Stmt. ¶ 86 (alleged Austin Chapter victim and her friends who continued to raise the issue at Chapter meetings were removed from the Chapter); Declaration of Matt Kezyaha, dated May 31, 2024 Ex. 45 (ECF 117-3) ("At least [Enid Cooper] gave us what we would need to show how unstable she is if she does decide to go to the press."); Opp. 11 (referring to Enid Cooper as a "serial whiner"). Based on this evidence, The Satanic Temple cannot demonstrate that the Article Statement is substantially false, and Newsweek's motion should be granted.

## II. THE SATANIC TEMPLE FAILS TO DEMONSTRATE THAT NEWSWEEK ACTED WITH ACTUAL MALICE.

### A. The Actual Malice Standard Applies.

The Satanic Temple does not dispute that the actual malice standard applies to diversity actions such as this one under New York's anti-SLAPP statute. Instead, The Satanic Temple relies on the meritless argument that the Article Statement does not involve an issue of public interest. *See* Opp. 15–18. Contrary to Plaintiff's contention, however, the Article Statement undoubtedly involves a matter of public interest. Under the anti-SLAPP statute, the term "public interest" is to "be construed broadly and shall mean any subject other than a purely private matter." N.Y. CPLR § 76-a(1)(d); *see also Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 102 (2d Cir. 2000) ("In media cases, the scope of what is arguably within the sphere of public concern has been held to be extraordinarily broad with great deference paid to what the publisher deems to be of public interest."); *De Gregorio v. CBS, Inc.*, 473 N.Y.S.2d 922, 924 (N.Y. Cnty. 1984) ("The scope of the subject matter which may be considered of 'public

6

interest' or 'newsworthy' has been defined in most liberal and far-reaching terms . . . [and includes] even entertainment and amusement, concerning interesting phases of human activity in general.") (citation omitted).

In asserting that the Article only involves an issue of private concern, Plaintiff ignores the language of the statute, and points to irrelevant case law. The Article was not about private "marital difficulties." *See* Opp. 16. As Plaintiff admits, the Article was about a public dispute between The Satanic Temple and its former members, and the Article Statement involves rumors that accounts of sexual abuse were covered-up, which are clearly issues of public concern. *See Center for Med. Progress v. Planned Parenthood Fedn. of Am.,* 551 F. Supp. 3d 320, 332 (S.D.N.Y. 2021) (statements "made in connection with civil and criminal actions against" plaintiffs published on Twitter and Rewire News were issues of public interest under anti-SLAPP statute); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019) ("the public interest in sexual assault and discrimination is very high"); *Bonnell v. Lorenzo*, 241 F.3d 800, 812 (6th Cir. 2001) ("[I]t is well-settled that allegations of sexual harassment, . . . are matters of public concern."); *Todd v. Lovecruft*, 2020 WL 60199, at *13 (N.D. Cal. Jan. 6, 2020) ("[T]he public has an interest in identifying individuals who commit sexual abuse and accusations of abuse are matters of public concern."); Mem. 18 (citing cases recognizing public interest in allegations of sexual misconduct). Accordingly, because the Article Statement involves a matter of public interest, the actual malice standard applies.

    B.    **Plaintiff Points To No Evidence That Newsweek Published The Article Statement With Actual Malice.**

Plaintiff's reliance on Newsweek's Editorial Guidelines as the "yardstick" by which to measure actual malice is misplaced. *See* Opp. 18. As the Supreme Court has advised, even "an extreme departure from professional standards . . . cannot provide a sufficient basis for finding

7

actual malice." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 665 (1989); *see also Brimelow v. New York Times Co.*, 2021 WL 4901969, at *3 (2d Cir. Oct. 21, 2021) ("plaintiff must prove *more than* an extreme departure from professional standards . . . [to] provide a sufficient basis for finding actual malice") (emphasis in original); *Prince v. Intercept*, 2023 WL 4492413, at *10 (S.D.N.Y. July 12, 2023) (same). Plaintiff makes no effort to distinguish the cases recognizing this principle and cites no cases where a court found that showing a departure from editorial guidelines was sufficient to establish actual malice. *See* Opp. 18–25. Thus, because The Satanic Temple relies on the theory that Newsweek failed to follow its Editorial Guidelines in publishing the Article, it fails to show that Newsweek acted with actual malice as a matter of law.

Furthermore, Plaintiff's contention that only book publishers can avoid liability for allegedly defamatory statements by relying on the writer's reputation and experience is misguided. In *Chaiken v. VV Pub. Corp.*, the Second Circuit held that a newspaper publisher was not liable for an allegedly defamatory statement in one of its articles where it "relie[d] upon the integrity of a reputable author and ha[d] no serious reason to question the accuracy of the information provided by that author." 119 F.3d 1018, 1032 (2d Cir. 1997). The court noted that "Absent obvious reasons to doubt the truth of an article, a newspaper does not have the intolerable burden of rechecking every reporter's assertions and retracing every source before publication." *Id*; *see also Tzougrakis v. Cyveillance, Inc.*, 145 F.Supp.2d 325, 332 (S.D.N.Y. 2001) (defendant magazine was entitled to rely on "a trusted reporter's, representations without rechecking her assertions or retracing her sources"). The Satanic Temple cannot dispute that Newsweek relied on Duin's experience as a reporter and had no reason to doubt the accuracy of

8

the Article Statement. *See* Mem. 19–20. For this additional reason, The Satanic Temple cannot prove actual malice.

Even if Duin's state of mind could be imputed to Newsweek, none of the arguments raised by The Satanic Temple establish actual malice. Plaintiff's contention that Duin recklessly disregarded the truth by relying on "disgruntled former members" is without merit because she had no reason to believe they would provide false information. *See Loeb v. New Times Commc'ns Corp.*, 497 F. Supp. 85, 92–93 (S.D.N.Y. 1980) (authors' reliance on allegedly biased sources did not amount to reckless disregard for the truth where "there [was] no evidence that these sources, even if biased, would necessarily provide false information"). Indeed, Duin testified that she found all the sources who mentioned accounts of sexual abuse to be credible, based on her observation that they were "all true believers" when they joined The Satanic Temple, but left "not believing" in the organization based on what they observed. Rule 56.1 Stmt. ¶ 39.[3] Duin's decision not to ask Greaves about the Article Statement also does not amount to actual malice where, as here, she did not doubt the accuracy of the statement. *See Loeb*, 497 F. Supp. at 93 ("failure to verify statements with the plaintiff . . . do[es] not amount to reckless disregard of the truth").

Finally, Plaintiff's claim that Duin included the Article Statement as part of a "pre-determined" narrative also does not support a finding of actual malice. Allegations of an

---

[3] There is also no evidence that Duin "consciously avoided" the truth by not asking Strange to send her the substantiating evidence referred to in his email. *See* Opp. 21. In relying on *Sweeney v. Prisoners' Legal Servs. of New York, Inc.* Plaintiff failed to include the court's instruction that, "Absent some direct evidence that defendants . . . were aware that [the source's] complaint was probably false, they cannot be found to have harbored an intent to avoid the truth." 84 N.Y.2d 786, 793 (N.Y. 1995). Here, Plaintiff has not, and cannot, point to any evidence that Duin or Newsweek knew of that would indicate the Article Statement was false. If anything, Strange's offer to provide substantiating evidence further justifies Duin's belief that he was credible.

improper bias towards the plaintiff are not sufficient to demonstrate actual malice. *Brimelow*, 2021 WL 4901969 at *3; *see also Buckley v. Littell*, 539 F.2d 882, 889 (2d Cir. 1976) ("Repeatedly the Court has said that ill will toward the plaintiff or bad motive, indeed, hatred, spite or desire to injure, are not the kind of 'malice' that the *New York Times Co. v. Sullivan* test comprehends."). Rather, allegations of bias are relevant to a determination of actual malice "only in conjunction with an allegation that the speaker otherwise had knowledge of the falsity of [her] statements." *McDougal v. Fox News Network, LLC*, 489 F. Supp. 3d 174, 187 (S.D.N.Y. 2020) (citing *Palin v. New York Times Co.,* 940 F.3d 804, 814 (2d Cir. 2019)). Here, Plaintiff grasps at Duin's prior writings (none of which were about The Satanic Temple), and Cooper's skepticism over a purported Satanic Temple ritual, but still cannot identify any evidence that Duin or anyone at Newsweek entertained doubts as to the truth of the Article Statement.[4] *See, e.g. Prince*, 2023 WL 4492413, at *8 (plaintiff failed to allege actual malice where defendant's alleged "one sided" reporting on plaintiff had "no tendency to prove" the relevant statements were false). In short, Plaintiff has not identified any evidence that the Article Statement was published with actual malice, and therefore its defamation claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Newsweek respectfully requests that its motion for summary judgment be granted, and Plaintiff's Complaint dismissed with prejudice.

---

[4] Plaintiff incorrectly cites to the Rule 56.1 Statement associated with a different motion. Nevertheless, the articles referenced by Plaintiff were not about The Satanic Temple itself, but media critique pieces about how the Boston Globe's reported on the opening of The Satanic Temple's headquarters, and how different outlets reported on an incident of teen girls in Florida bringing knives to school. *See* Rule 56.1 Resp. ¶ 42 (ECF 113). Plaintiff also misrepresents Duin's article on satanism; the language regarding the role of sex within satanism is part of Duin's summary of the book the article is about, not an assertion of her own beliefs regarding satanic practices. *See id.* ¶ 39.

Dated: June 7, 2024                                     Respectfully submitted,

/s/*Cameron Stracher*
Cameron Stracher
Sara C. Tesoriero
CAMERON STRACHER, PLLC
51 Astor Place, 9th Floor
New York, NY 10003
Tel: 646.992.3850
Fax: 646.992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 7, 2024, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

/s/ <i>Sara C. Tesoriero</i><br>
Sara C. Tesoriero, Esq.