UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
:
THE SATANIC TEMPLE, INC.,  :
:
                              Plaintiff,  :   Case No. 1:22-cv-01343-MKV
v.   :
:
NEWSWEEK DIGITAL, LLC  :
:
                            Defendant.  :
:
:
------------------------------------------------------------------- x

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendant Newsweek Digital, LLC ("Defendant" or "Newsweek"), by and through undersigned counsel, respectfully submits this Response to Plaintiff's Counter-Statement of Undisputed Material Facts pursuant to Local Rule 56.1 in further support of Newsweek's Motion for Summary.

93. Through her role in editing this article for Newsweek, Nancy Cooper accused The Satanic Temple of falsely presenting its religious practices to the public despite having no understanding of the Temple. Cooper Depo at 157:6-13, Cooper19, Cooper37, Cooper48.

**RESPONSE:** Defendant objects to this statement because it is not material, or even relevant, to any claim or defense at issue in this litigation. *See* F. R. Civ. P. 56; L.R. 56.1(a).

Subject to this objection, Defendant admits that Cooper was not familiar with The Satanic Temple prior to hearing Duin's pitch for the Article, ECF 101-13 (Cooper Depo. 145:22–146:5), and that during the editing process, Cooper suggested adding "a phrase about the abortion suit" and indicated she believed it was "political theater" but otherwise denies the statements in Paragraph 93. ECF 105-22 (COOPER19–21).

94.     A third party made a police report about the Kiley / Scates accusation. Stevens Depo. 112:19-113:17.

**RESPONSE:**     Defendant objects to and denies the statements in Paragraph 94 because it is not material, or even relevant, to any claim or defense at issue in this litigation. *See* F. R. Civ. P. 56; L.R. 56.1(a). Defendant also objects to this statement because it is hearsay and not supported by any admissible evidence. F.R.E. 801(c); Fed. R. Civ. P. 56(c)(1)(A), 56(c)(2).

95.     The police report was made about the Kiley / Scates accusation one month after National Council encouraged Kiley to file a police report. Stevens Depo. 112:12-14.

**RESPONSE:**     Defendant objects to and denies the statements in Paragraph 95 because it is not material, or even relevant, to any claim or defense at issue in this litigation. *See* F. R. Civ. P. 56; L.R. 56.1(a). Defendant also objects to this statement because it is hearsay and not supported by any admissible evidence. F.R.E. 801(c); Fed. R. Civ. P. 56(c)(1)(A), 56(c)(2).

96.     After the police report, Scates voluntarily stepped down from his role in TST Austin leadership. Stevens Depo. 112:23-24.

**RESPONSE:**     Defendant admits the statements in Paragraph 96.

97.     Scates cooperated with the police. Stevens Depo. 113:9.

**RESPONSE:**     Defendant objects to and denies the statements in Paragraph 97 because it is not material, or even relevant, to any claim or defense at issue in this litigation. *See* F. R. Civ. P. 56; L.R. 56.1(a). Defendant also objects to this statement because it is hearsay and not supported by any admissible evidence. F.R.E. 801(c); Fed. R. Civ. P. 56(c)(1)(A), 56(c)(2).

98. National Council did not further investigate the Scates matter after police involvement because it is counterproductive to have two investigations going on at the same time. Stevens Depo. 113:6-14.

**RESPONSE:** Defendant admits that Stevens testified as to The Satanic Temple's belief that two investigations at the same time would be counterproductive and otherwise denies the allegations in Paragraph 98. ECF 101-2 (Stevens Depo. 113:6–14).

99. Everyone involved in the police investigation were removed because they were disrupting Chapter meetings. Stevens Depo. 114:16-19; 115:5-12.

**RESPONSE:** Defendant admits that The Satanic Temple's 30(b)(6) witness testified that the alleged victim and people who continued to raise the issue of the alleged assault at Chapter meeting were removed from the Austin Chapter, and otherwise denies the allegations in Paragraph 99. ECF 101-2 (Stevens Depo. 114:10–23, 115:5–12, 117:4–6, 117:12–20).

100. The police did not pursue a case against Scates. Stevens Depo. 115:15-18.

**RESPONSE:** Defendant objects to and denies the statements in Paragraph 100 because it is not material, or even relevant, to any claim or defense at issue in this litigation. *See* F. R. Civ. P. 56; L.R. 56.1(a). Defendant also objects to this statement because it is hearsay and not supported by any admissible evidence. F.R.E. 801(c); Fed. R. Civ. P. 56(c)(1)(A), 56(c)(2).

101. Enid Cooper's complaint was an interpersonal dispute which complaint accused various members of "being part of ANTIFA, sharing offensive memes, guilting people into giving money, and farting in someone's face." Stevens Depo. Ex. 3., at 3.

**RESPONSE:** Defendant objects to the statements in Paragraph 101 because, as offered by Plaintiff, it is hearsay and not supported by any admissible evidence. F.R.E. 801(c); Fed. R. Civ. P. 56(c)(1)(A), 56(c)(2).

Subject to this objection, Defendant denies that the statements in Paragraph 101 because Enid Cooper's complaint also alleged that a member of leadership made unwanted sexual advances towards her including "talk[ing] about his piercing on his penis, even going as far as looking for objects that were comparable in shape to his genitals." ECF 101-17 (Stracher Decl. Ex. 17 at 3).

102. Enid Cooper's complaint exonerates The Satanic Temple from any wrongdoing. Depo. Stevens. Ex. 9 (Decl. Kezhaya Ex. 45) ("The Temple itself is not the problem.").

**RESPONSE:** Defendant objects to the statements in Paragraph 102 because it is hearsay and not supported by any admissible evidence. F.R.E. 801(c); Fed. R. Civ. P. 56(c)(1)(A), 56(c)(2).

Subject to this objection, Defendant denies the statements in Paragraph 102 because Enid Cooper subsequently became frustrated with The Satanic Temple's response to her complaint. ECF 101-2 (Stevens Depo. 73:13–74:3).

103. Jex Blackmore was removed from The Satanic Temple because she "made a statement about encouraging people to the kill the president" in one of her rituals. Stevens Depo. 134:19-24; see also Greaves Depo. 66:8-17 (her threat to kill the President appears in Hail Satan?) and 66:22-67:6 (Greaves personally informed her that she had been removed).

**RESPONSE:** Defendant objects to the statements in Paragraph 103 because it is not material, or even relevant, to any claim or defense at issue in this litigation. *See* F. R. Civ. P. 56; L.R. 56.1(a).

Subject to this objection, Defendant admits that The Satanic Temple's 30(b)(6) witness testified that Jex Blackmore was removed from The Satanic Temple for the reasons stated in Paragraph 103 and otherwise denies the allegations in Paragraph 103.

3

104. Jex Blackmore lied about the circumstances of her removal. Stevens Depo. 135:8-12; see also Greaves Depo. 49:21-25; and Greaves Ex. 2 ("This past March, I left my position as spokesperson and member of The Satanic Temple").

**RESPONSE:** Defendant objects to the statements in Paragraph 104 because it is not material, or even relevant, to any claim or defense at issue in this litigation. *See* F. R. Civ. P. 56; L.R. 56.1(a).

Subject to this objection, Defendant admits that Jex Blackmore publicly represented that she left her position at The Satanic Temple, and otherwise denies the allegations in Paragraph 104. ECF 101-15 (Stracher Decl. Ex. 15 at 2).

105. Jinx Strange's email to Julia Duin does not include the words "leaked" or "materials." NEWSWEEK 016.

**RESPONSE:** Defendant objects to the statements in Paragraph 105 because it is not material, or even relevant, to any claim or defense at issue in this litigation. *See* F. R. Civ. P. 56; L.R. 56.1(a).

Subject to this objection, Defendant admits that the identified words do not appear in Strange's email to Duin, but further states that Strange indicated he had "information, receipts, screenshots, etc." in support of his claims in the email. ECF 101-10 (NEWSWEEK015).

106. Newsweek issued notice that it will rely on precisely six witnesses to address sexual abuse and cover-up. Newsweek's Revised Initial Disclosures (ECF No. 104-21), at 2.

**RESPONSE:** Defendant admits that it identified six individuals in its initial disclosures as likely to have discoverable information regarding allegations of sexual abuse within The Satanic Temple and the response, or lack thereof, to those claims, and otherwise denies the allegations in Paragraph 94. ECF 105-21 (Defendant's Revised Initial Disclosures, 2).

107. Those six people are: Jinx Strange, David Alan Johnson, Nathan Sullivan, Dr. Joseph Laycock, Lucien Greaves, and Matthew Kezhaya. Newsweek's Revised Initial Disclosures (ECF No. 104-21), at 2.

**RESPONSE:** Defendant admits that the six people listed in Paragraph 107 are identified in Defendant's Initial Disclosures and otherwise denies the allegations in Paragraph 95. ECF 105-21 (Defendant's Revised Initial Disclosures, 2).

108. Jinx Strange has no personal knowledge of sexual abuse or cover-up. Strange Depo. at 11:16-18 (ECF No. 110-6).

**RESPONSE:** Defendant denies the statements in Paragraph 108 because Strange testified regarding three instances of sexual abuse within The Satanic Temple that he had knowledge of, ECF 101-11 (Strange Depo. 25:1–16), and Strange also testified that he had observed behavior that he "would not consider to be ethical or responsible . . . in response to these sort of [sexual abuse] allegations" and that "lent more credibility to those claims" *id.* 14:13–18.

109. David Alan Johnson has no personal knowledge of sexual abuse or cover-up. Johnson Depo. at 18:3-14, 21:14-19, 13:4-16, 10:10-12 (ECF No. 110-4).

**RESPONSE:** Defendant denies the statements in Paragraph 109 because Johnson testified about three instances of allegations of sexual abuse he was aware of. ECF 101-8 (Johnson Depo. 10:23–11:13, 26:9–27:5). Defendant further states that Sullivan testified that he understood "sexual abuse" to include "inappropriate sexual relationships." ECF 110-4 (Johnson Depo. 7:24–8:23).

110. Nathan Sullivan has no personal knowledge of sexual abuse or cover-up. Sullivan Depo. at 10:14-22, 14:15-15:4, 15:15-24 (ECF No. 110-5).

**RESPONSE:** Defendant denies the statements in Paragraph 110 because Sullivan testified that "[his] expulsion from [The Satanic Temple] was a part of . . . covering up the ethics complaint where the [sexual] harassment was an underpinning factor," ECF 101-4 (Sullivan Depo. 16:3–8). Defendant further states that Johnson testified that he understood "sexual abuse" to include "sexual harassment." ECF 114-1 (Sullivan Depo. 6:21–7:21)

111.   Lucien Greaves has no personal knowledge of sexual abuse or cover-up. Greaves Decl. ¶ 4; see also Greaves Depo. 18:14-19:15 (ECF No. 110-3).

**RESPONSE:** Defendant denies the statements in Paragraph 111 because Greaves admitted that he was aware of an article written by former Satanic Temple member Jex Blackmore, in which she claims she "experienced harassment and abuse from members who have now left the organization" and admitted that The Satanic Temple did not conduct any investigation into Blackmore's claims. ECF 101-15; ECF 101-1 (Greaves Depo. 74:4–8).

112.   Dr. Joe Laycock has no personal knowledge of sexual abuse or cover-up. Laycock Decl. ¶¶ 6-7 (ECF No. 107).

**RESPONSE:** Defendant denies the statements in Paragraph 112 because Dr. Laycock's book about The Satanic Temple, *Speak of the Devil*, references Blackmore's article and states that, "[Blackmore] reported experiencing harassment and abuse while in [The Satanic Temple]." ECF 101-16 (NEWSWEEK191). Dr. Laycock's book also indicates that he interviewed Blackmore for his book. ECF 114-2 (NEWSWEEK121).

113.   Matthew Kezhaya has no personal knowledge of sexual abuse or cover-up. Kezhaya Decl. ¶ 6 (ECF No. 105)

**RESPONSE:** Defendant lacks sufficient knowledge to form a belief as to the truth of the statements in Paragraph 113 and therefore denies them.

114.    Every instance in which a claim of sexual harassment has been made known to The Satanic Temple's decisionmakers, the perpetrator of the misconduct has either voluntarily stepped down or was removed. Stevens Depo. at 50:24-51:5 and 86:10-17 (ECF No. 110-7).

**RESPONSE:**    Defendant denies the statements in Paragraph 114 because it is not supported by the cited testimony, *see* ECF 110-7 (Stevens Depo. 50:24–51:5 (testifying about the informal nature of handling complaints, not about the result of all known complaints), 86:10–17 (testifying regarding one example of an accused member stepping down)), and because Plaintiff has admitted there were complaints prior to 2020 that were not formally addressed, ECF 101-1 (Greaves Depo. 74:4–8).

Dated:   June 7, 2024                                   Respectfully submitted,


/s/*Cameron Stracher*
Cameron Stracher
Sara C. Tesoriero
CAMERON STRACHER, PLLC
51 Astor Place, 9th Floor
New York, NY 10003
Tel: 646.992.3850
Fax: 646.992.4241
cam@stracherlaw.com
sara@stracherlaw.com

*Attorneys for Defendant Newsweek Digital, LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that on June 7, 2024, I caused a true copy of the foregoing to be served on all counsel of record via ECF.

                                            /s/ *Sara C. Tesoriero*
                                            Sara C. Tesoriero, Esq.